| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>03/13/2023<br>JEFFREY P. COLWELL, CLERK |
|---|---|
| Plaintiff: David William Dacres Shaver<br>Vs. Defendant(s): Whittier Condominiums HOA<br>(City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address):<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**Complaint for Cause of Action : Replevin [Based on JDF 116](FRCP Rule 64 &/or CRCP 104)**

This is an action to recover possession of personal property and/or damages, within the demesne of this court. On 10/19/21, a fire occurred at the 'Whittier Place Condominiums' complex, located at 2301 Pearl Street, which damaged the building(s) and Condominium #39 containing Plaintiff's property. If recovery can't be affected at the Condominium, collection of replacements may be required elsewhere.

**Plaintiff** believes that this Court has jurisdiction over matters herein pursuant to FRCP Rule 64 or C.R.S. §13-6-104(1) due in part to personal property claimed having been valued above the limit of lesser courts, and that this Venue is the most proper, as this Court's authority encompasses physical personal properties which Plaintiff seeks to retrieve (which may potentially be interstate), identified in this complaint, and the (potential) Defendant(s) reside within it also. Further that acts which have prevented Plaintiff from recovering said property, or its value, occurred therein also. Moreover that the issues involve interpretations of the U.S. Constitution's 4th, 5th and 14th amendments (pursuant to 28 U.S.C.§1331). Plaintiff thus believes this the most appropriate avenue for Complaint.

**1)** A list + valuation of personal property claimed may be attached to this Action, marked "Exhibit A".

**2)** Plaintiff is the owner of the property claimed or is entitled to possession of the properties due to Plaintiff having legally acquired all such, storing said possessions and being the sole resident at this address for over 18 years now (and is willing to supply testimony under oath to that effect).

**3)** The Plaintiff's interest in such property is further evidenced by electronic and/or written instruments.

**4)** Copies of varying detail intended to be provided if after passage of the supplied "**Motion to Seal**"

**5)** Plaintiff believes his property is wrongfully being detained by the Defendant(s) against the Plaintiff's claim of right to possession, and with Plaintiff's attempts at 'self-help' or repossession denied.

**6)** The means by which the Defendant(s) came into possession of the property and the specific facts

constituting detention against the right of the Plaintiff(s) to possession are as follows: **'(State (♦) the source of your right to the property, (◊) how the Defendant(s) took possession, and (∇) why you believe the Defendant(s) is/are wrongfully detaining the property from you)':**

♦**A)** The vast majority of personal possessions therein were acquired by Plaintiff over his lifetime, and included such items as trophies won in 'Swim Team' or 'Boy Scouts' or childhood, considered irreplaceable.  Plaintiff has been the sole occupant of the Condominium for over 18 years, the property having originally been acquired by his Father (Marvin Dean Shaver, formerly Chief of Accounts Receivables of the **Federal Mineral Management Service**) in order to provide housing while Plaintiff was attending University; upon his Father's recent death in 11/2020, this was assimilated into a Trust, which he was told was supposed to be converted into a separate Trust in his name.

• Plaintiff and Trustee were recently involved in litigation primarily regarding the sale of the family residence [Ref: Jefferson County #21C417+21CV137 and Denver Probate: 2021PR030635], in which a Judge Ordered that possessions be removed from 246 Aspen Lane in Golden, which were moved to said Condominium. {Note: Somehow while Plaintiff was engaged in litigation with the **Tampa Florida** Trustee, 'Members Trust Company' in Colorado (represented by 'Holland and Hart LLP'), records show the Whittier HOA was reregistered to a **Florida** Co. w/**Tampa office** ('Sentry Property Management' owned by a 'James W. Hart' ), apparently coinciding w/court filing dates : reported to Detective Sarah Cantu, 11/9/2021+, WRT Case#21-10021} [see also Moye+ Affidavit].

♦**B)** A large additional quantity of Plaintiff's possessions were recently moved from long term storage from where he grew up at his ancestral residence, 246 Aspen Lane, to 2301 Pearl #39, as a result of [Court Order#1 of 2021.08.02 in Denver Probate C#2021PR030635]

♦**C)** Plaintiff was an owner of a Colorado LLC 'Astrobyte' which merged with an Oregon Corp ('Extensis) in 1/1998, for which he received 'merger consideration' in the form of stock.  [Instead of going public as originally claimed, the Oregon company merged with a series of entities, then effectively laundered its intellectual properties by selling them with the original Extensis name to a Japanese firm].  This Stock has not been saleable for anywhere near written representations

received as to its value (and Plaintiff's Attorneys who originated the merger agreement have not yet been willing to represent him in pursuit of the matter, claiming amongst their primary consideration that the opposition had a larger 'war chest').  Plaintiff and his family members have since been harassed for decades by agents of the Oregon Department of State Lands, who from his perspective appear to have effectively been attempting to extort him into what the merger agreement describes as an act to 'surrender his shares', effectively selling the stock to them for a lesser valuation than intended by the merger, nowhere near written representations of the value thereof received (which appear likely to be considered subject to confidentiality terms of the merger agreement).  Both the Merger Agreement (paper in loose-leaf binder, likely to be water damaged), and Stock (in fireproof safe) are at the 'Condominium'. Plaintiff requested an electronic copy from Plaintiff's Attorneys, and eventually received a copy (which may be provided in association with 'permissive joinder' motions of this complaint).  Without revealing information which may qualify as confidential, Astrobyte was generating 7 figures in revenues prior to the merger, thus Plaintiff thinks you should be able to infer that the valuation of the merger consideration was supposed to be considerably higher than that.  Plaintiff had been saving the stock as a ~'Collectors Item', along with other such stock certificates (and collectible stamps) in his fireproof safe, which, complete with provenance showing the value that this should have been worth, might likely alternatively someday be worth considerably more than the ~pittance that Oregon DSL has offered so far.  Plaintiff's mailing address is in a store otherwise specialising in 'Collectible's [Exh_C] http://www.collectons.com.

◊**D)**  Shortly after 3:30AM on the night of 10/19/21, Plaintiff was ordered to immediately leave the apartment by a relatively short female police officer banging incessantly on the door, and blocked from returning by a neighbor; although fire personnel and police in the days to follow indicated that residents would be allowed back in within days, this never happened, and Plaintiff has since received refusals in response to attempted repossessions.  Plaintiff would not have left in the way that he did (leaving even his wallet and cell phone behind) had he not been ordered to do so, as he had his own escape plan in place, including climbing harness and rope for orderly exit of the unit via the balcony with much more of his most valued possessions intact.

∇**E)** Plaintiff believes that the refusals to allow access to the condominium are in violation of U.S. law in a number of ways, as illustrated in the accompanying filings including "**BRIEF IN SUPPORT OF COMPLAINT/REPLEVIN OR MOTION FOR PRELIM INJUNCTION** ".

∇**F)** Due to the City's enforcement, including 'no trespassing' signs placed around the building (with the city attempting to press charges for infringement when Plaintiff attempted to visit, after having been given assurances that the HOA would not be (reference Boulder Metro **Report #:21-11210 Complaint #:G176765**), and reported support for imminent preparations to tear the complex down without allowing residents to recover their possessions, a 'Notice of Claim' has been pre-emptively filed (with 'CorVel', as requested on the bouldercolorado.gov web site) in order that they may be Joined if necessary also.

∇**G)** Plaintiff has had multiple conversations with the HOA, from within a week after the incident onwards, in which he expressed his opinions [Ex_F], and indicated a preference for recovery of his personal possessions. The HOA has by and large been unresponsive and obstructive to his efforts; when willing to give a response at all, they have indicated that their insurance was a major factor. Plaintiff has suggested means of recovery such as via rope access technicians (for which he even located training facilities in the area that residents might use), or via robotic means, to which the HOA has been unresponsive. Their insurance company eventually produced an 'engineering report' in which their own engineers expressed opposing (and self-contradictory!) opinions, apparently on the walkability of the internals of structures, which even appears to indicate that they felt that areas of the unit below were 'safe' but areas of Plaintiff's unit directly above weren't. [Ex_C]. No opinions on rope access were expressed, residents were not provided with video which was reportedly taken of the internals of some units, and only a single 'salvage' company was proffered, which charged exorbitant rates to recover from those units apparently deemed walkable. Plaintiff provided AD&D insurance policy which he offered to use during self-help, but the HOA refused to evaluate its suitability, claiming that he would have to purchase it first (& refused to pay for that). Plaintiff's Trustee also contacted HOA, who reportedly lied about providing opportunity to access.

**7)** To the best of the Plaintiff(s)' knowledge, information and belief, according to Colorado and

Boulder public records, the original* Defendant(s) have a residence and business address at:

<u>Whittier Condominiums HOA</u>          (City of Boulder has been sent 'Pre-emptive Notice of Claim*)
<u>President: Christine T Mollenkopf                                                                                         </u>
<u>3445 CASTLE PEAK AVE, SUPERIOR, CO                                                                           </u>

**8)** To the best of Plaintiff(s) knowledge, information and belief, surviving significant portions of the property at issue presently are located at the address: **<u>2301 Pearl Street, #39, Boulder, CO</u>**

**9)** Plaintiff(s) has made demand or request upon the Defendant(s) for return of the property or allowance for or facilitation of 'self-help' by Plaintiff or his Agents in retrieving Plaintiff's property. Plaintiff(s) has not received the property from the Defendant(s), nor approval(s) to retrieve it, despite such demand or request and continues to be deprived of the use and enjoyment of the property.

**10)** Plaintiff does not believe that the property at issue can be considered as having been taken for a tax assessment or a fine pursuant to statute; or seized under an execution against the property of the Plaintiff(s); or if so seized, it is by statute exempt from seizure.

**11)** Federal or Colorado rules or law such as CRCP 104 or CRCCP 404 or FRCP 64 indicate that the Plaintiff(s) is entitled to an order of this Court directing the Defendant(s) to restore the Plaintiff(s) possession of the property may be seen in "<u>Exhibit A + B</u>", and/or for judgment for the value of any irrecoverable thereof, if recovery or delivery cannot be made, and/or for any damages over detention of the property, and/or obstruction of Plaintiff's ability to use 'self-help' to repossess it himself or via agents.

**WHEREFORE,** Plaintiff(s) respectfully Prays for, and requests the following relief, God Willing:

☒ That the Court issue an Order to Show Cause directed to Defendant(s), if appropriate, to show cause why properties listed in the Action should not be obtained from Defendant(s) and delivered to Plaintiff;

☒ That the Court set a Show Cause Hearing within 14 days (i.e. as required by CRCP Rule 104(c) or CRCCP 404(c)), if appropriate, to make a preliminary determination concerning the right to possession of properties described in the Complaint;

☒ That the Court enter judgment for the Plaintiff(s) for the possession of the property listed in the Complaint or for the value thereof, in case delivery cannot be made, plus damages including for detention and for any property not returned or returned in damaged condition [**Writ of Assistance** Attached];

☒ That the Court award the Plaintiff(s) court costs, any attorney fees, and/or applicable quantum meruit.

☒ That the Court halt issuance of permits and/or issue Preliminary Injunction(s), as necessary, to pause any demolition of the containing building until such time as prioritised recovery has been affected.

☒ That the Court consider the attached **Motions,** i.e. for Permissive Joinder, with/for associated filings, if it is assured that 1) it is sufficiently appropriate to act on them as to not incur any attorney fee penalties upon Plaintiff, and 2) is capable of sufficiently addressing all significant issues which might otherwise incur 'Res Judicata' for further pursuit (and in doing so, allow amendment with/of those associated 'Causes of Action' & 'Pre-Pleading Memoranda' into more detailed ones in support of said Causes).

☒ Plaintiff prefers his personal property to be recovered (&| special damages in the amount of written representations of the Stock, especially if that's not recovered) &| judicially determined damages >=$5M

**WHEREFORE, Plaintiff** further Moves that, God Willing, this Court should issue any and all necessary order(s), i.e. for 'Replevin' and/or other Writs which may require Parties to immediately seize/facilitate or return possession of personal property to Plaintiff, and/or for any ~Injunction or other actions necessary to avoid destruction of its containing building until recovery of properties or damages have been affected, and/or to allow Plaintiff to use 'self-help' to recover possessions himself as also supported by accompanied Memoranda, and/or for any other appropriate support of those other Motions attached, and/or for such other and further relief as the Court may deem just and proper.

**Verified Complaint, City and County of Boulder, CO** : **BEFORE ME** personally appeared David W. Shaver, who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged herein are true and correct according to his own personal knowledge and belief.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.        [^See 28 U.S.C.§1746; 18 U.S.C.§1621^]

Notary Public: _____        My commission expires: 01/19/2026

Signature of 'Plaintiff': _____   (PRO SE)   Date: 3.13.2023

Address: 1750 30th St Suite A338, Boulder CO 80301        Phone: 303-351-4239

RIHAM ABUHAIBA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224002733
MY COMMISSION EXPIRES JANUARY 19, 2026

Page 6