| | |
|---|---|
| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
| Plaintiff:  David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>(City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address):<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

## BRIEF IN SUPPORT OF COMPLAINT/REPLEVIN OR MOTION FOR PRELIM INJUNCTION

### Standards for judgement on this issue appear to include FRCP Rule 64, CRCP Rule 104 &l 365

### STATEMENT OF FACTS:

Plaintiff believes that this brief relies upon the Verified Complaint, whose factual allegations & claim(s) demonstrate Plaintiff's entitlement to injunctive relief. Other filings may include supplemental info.

**INTRODUCTION TO ISSUES:**

Issues include whether the law, including Amendments to the U.S. Constitution, support replevin recovery of his personal property, and/or whether the law should allow for 'self-help' in repossession thereof, and/or whether a preliminary injunction should be temporarily provided to prevent the destruction of 2301 Pearl if it should prove necessary to prevent the destruction of Plaintiff's property:

Historically, under English foundations of common law, a creditor was permitted to use self-help to recover possession of a 'chattel' that was wrongfully detained, provided this could be accomplished without breaching the peace.' Blackstone's Commentaries on the Laws of England: "Recaption or reprisal is another species of remedy by the mere act of the party injured. This happens when any one hath deprived another of his property in goods or chattels personal, . . . in which case the owner of the goods . . . may lawfully claim and retake them wherever he happens to find them, so it be not in a riotous manner, or attended with a breach of the peace."]

[RULES]

**1)** Forcible Self-help was reportedly effectively the original recourse, before Glanville's "Tractatus de legibus et consuetudinibus regni Anglie" ~invented a more procedural approach to the law, including 'replevin' to recover one's property. Plaintiff's attempts at self-help repossession of his property have been repeatedly rebuffed; his suggestions of alternative methods (i.e. professional rope access techni-

cians, or robotic recovery) met only with silence, his requests for statutory or legal basis ignored.  What few excuses yet given, have largely had reference to insurance policies, rather than the letter or intent of any law.  The situation as it stands appears clearly not to be what the founders of the English legal system intended.  Even the 'Universal Commercial Code' of today (i.e. CRS 4-9-629,4-9-609(2)) shows clear basis for the intent of self-help retaking of one's own property, if you adopt the proper perspective (and some of Plaintiff's company's property, which he effectively lent to himself!, is on premises!).

**2)** According to the United States' Constitution: The 5th Amendment holds that "no person shall be ... deprived of life, liberty, or property, without due process of law .... ", and the 14th Amendment says "no state shall ... deprive any person of life, liberty, or property, without due process of law .... ". Colorado's constitution also contains a due process provision. Section 25 of Article II reads: "Due process of law. No person shall be deprived of life, liberty or property, without due process of law".  If the destruction of the property were allowed to occur before portions of this action were allowed to be decided on its merits, Plaintiff believes that would be a violation of due process.

**3)** Further: U.S. 4th Amendment rights. Under the 4th Amendment, seizures of property must be reasonable under the circumstances. In Segura v. United States, 468 U.S. 796 (1984), the Supreme Court clarified the interpretation of the 4th Amendment, holding that the rights of owners to access their own property can only be delayed for the amount of time necessary to obtain any necessary warrant(s) for investigation. In Chambers v Maroney, 39 U.S. 42 (1970), the Court held that the 4th Amendment's prohibition on unreasonable seizures applies to the seizure of property as well as to the seizure of persons. In U.S. v. Place, 462 U.S. 696 (1983), the Court held that seizures may become unreasonable because of their duration. In Nardone v United States, 308 U.S. 338 340 (1939), the Court held that indirectly enforcing a long-term illegal seizure of residents' property is "inconsistent with ethical standards and destructive of personal liberty."  Other applicable precedents appear to include: United States v. Jacobsen, 466 U.S. 109 (1984): In this case, the Supreme Court held that the 4th Amendment's prohibition on unreasonable searches and seizures applies to the seizure of tangible property, such as packages. Also, Soldal v. Cook County, 506 U.S. 56 (1992): In this case, the Supreme Court held that the 4th Amendment's prohibition on unreasonable seizures applies to the seizure of

mobile homes, & that seizure of a mobile home must be reasonable under the circumstances.

**4)** Colorado Revised Statutes section (i.e. CRS § 24-10-103) lends support for a Cause of Action for Civil Rights violations.  In this case, Plaintiff believes that his, and other residents, U.S. 4th Amendment rights their own property were infringed upon.  His attempts to peacefully use self-help to recover personal possessions were even met with force.  {Prec: 'Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics', 403 U.S. 388 (1971)}.  This case established that individuals have a right to bring a federal Civil Rights action for damages against officials who have violated their 4th Amendment rights.

**5)** Plaintiff has not yet received results from requested investigations, into HOA ownership/agent changes*, or chemical analyses of building construction components.  Plaintiff hereby formally requests (i.e. FRCP 33, 34, 36) Defendant(s) to provide such information. [*DNPC 21PR30635]

**6)** The argument in favor of a preliminary injunction is supported by C.R.C.P Rule 365, according to which injunctions may be granted in Colorado counties if after: "(c)(1) (a) it clearly appears from specific facts shown by affidavit or by the verified complaint or by testimony that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or the party's attorney can be heard in opposition, and (b) the plaintiff or the plaintiff's attorney certifies to the court in writing or on the record the efforts, if any, which have been made to give notice and the reasons supporting a claim that notice should not be required".  Further, Rathke v. MacFarlane (State of Colorado), 648 P.2d 648 (Supreme Court of Colorado, 1982) established six factors for evaluation of injunctions in Colorado, which Plaintiff believes have been met <see below>.

**7)** In United States v. James Daniel Good Real Property, 510 U.S. 43 (1993), the U.S. Supreme Court held that the government must provide an opportunity for a pre-seizure hearing for property that is ~ subject to forfeiture, to ensure that a resident's property rights are protected.

[APPLICATION]

Plaintiff is of the belief that immediate and irreparable injury, loss, or damage of the sorts outlined in the complaint may result to the Plaintiff if Defendant(s) are allowed to continue in their course of action. Plaintiff has supplied a verified action for replevin, and evidence, which it

believes should satisfy Rule 365's requirements for an injunction. We further believe that Plaintiff's complaint should succeed on the merits. Moreover, Plaintiff believes that the first four factors requested by the precedent of Rathke v. MacFarlane have been illustrated on the Motion for Preliminary Injunction; the fifth factor, that "the balance of the equities favors entering an injunction," can most likely be shown to be met in this case by comparing the potential loss of Plaintiff's property to that of the cost of delay (none of which Plaintiff believes should have been necessary if the City or HOA had facilitated recovery earlier). The sixth Rathke factor, "that the injunction will preserve the status quo pending a trial on the merits," would clearly have been easily met if the City or HOA had allowed access to the property as requested, months ago. Plaintiff's personal property is in jeopardy (which have received valuations in excess of the HOA's insurance limits alone), and assurances of full reimbursement , even of those items deemed 'replaceable' have not yet been satisfactorily provided by parties. Any samples for chemical testing of building materials should be acquired before demolition. Plaintiff believes that the apparent Civil Rights violations should also provide a basis for injunctive relief, and that issues such as these, and others outlined in the complaint, provide clear evidence of injustice that should be addressed before demolition may be allowed; further, that Defendant(s) are clearly attempting to obstruct Plaintiff's rights under U.S. law, including to due process, in deciding these matters.

[CONCLUSION]

For reasons including the foregoing, and relying upon the Verified Complaint, and any other materials presented, Plaintiff believes that this Court facilitate the approval of any other Motions of this Complaint supported hereby, should grant the Motion for a Preliminary Injunction if necessary, and/or order other actions as necessary to prevent destruction of the property without allowing Residents to rightfully recover their property, and/or support the granting of damages as relief.

[Plaintiff believes that time is of the essence in the Replevin Action of this Complaint, and thus has provided this initial brief with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver   (PRO SE)   Date: _____3.13.2023_____

Address: _1750 30th St Suite A338, Boulder CO 80301_   Phone: _303-351-4239_

| ☐District Court ☐Boulder County ☐Boulder Municipal Court | |
|---|---|
| ■Federal Court<br>Address:901 19th Street, Denver, CO 80294 | |
| Plaintiff:       David William Dacres Shaver<br>Vs. Defendant:   Whittier Condominiums HOA<br>               (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

## DECLARATION OF FACTS WITH REGARDS TO EVIDENCE

**PLAINTIFF** declares that he believes the following defines these provided pieces of evidence / exhibits:

**Exhibit A:** Is A list of Plaintiff's real property & approximated replacement values if known/replaceable.

**Exhibit B:** Is a Condo Recovery Map showing locations within, and priority order of repossession(s).

**Exhibit C:** Is a photograph of 'MailStation' showing co-existence with 'Collectons' collectibles shop.

**Exhibit D:** Images of 'merger consideration' stock certificates, from Plaintiff's fireproof safe / Unit 39.

[photo of reprints, as Oregon Department of State Lands refused to return electronic copies as provided]

**Exhibit E:** Condo's apparent current condition, showing exterior apparent likelihood of recoverability /

(NSWA), + showing contradictory walkability reports by engineering firm hired by HOA insurance Co.

**Exhibit F:** Original expressed preference to HOA for utilisation of self-help to recover possessions.

**Exhibit G:** 'Auto-Bio Graphical Resume' of experiences as currently attached to Plaintiff' s LinkedIn

profile (as effectively verified as accurate to their knowledge by ~86 current 'Connections'+Plaintiff).

**Exhibit H:** 'Hambrecht & Quist's current 'Wikipedia' page showing Apple & Adobe IPO involvement.

**Exhibit I:** 'Adobe 10-Q' report pages showing 'Adobe Ventures'+ investments in ImageX Corporation.

RIHAM ABUHAIBA<br>NOTARY PUBLIC<br>STATE OF COLORADO<br>NOTARY ID 20224002733<br>MY COMMISSION EXPIRES JANUARY 19, 2026

**Verified Affidavit, City and County of Boulder, CO** : **BEFORE ME** personally appeared David W. Shaver, who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged herein are true and correct according to his own personal knowledge and belief.

Notary Public: _____    My commission expires: 6/19/2026

Signature of 'Plaintiff': _____    (PRO SE)    Date: 3.13.2023

Address: _1750 30th St Suite A338, Boulder CO 80301_    Phone: _303-351-4239_

| | |
|---|---|
| ☐District Court ☐Boulder County ☐Boulder Municipal Court ■Federal Court<br>Address:901 19th Street, Denver, CO 80294 | |
| Plaintiff:           David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                     (City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

## MOTION FOR JUDICIAL REVIEW OF FORUM & JURISDICTION CLAUSES

**Whereas the Astrobyte⇔Extensis Agreement contains jurisdictional constraints, i.e. the 'Forum Clause':**

"10.5 Jurisdiction: Extensis Corp, Astrobyte LLC, and the Shareholders hereby irrevocably submit to the personal jurisdiction of the state courts of the State of Oregon and to the personal jurisdiction of the United States District Court in Portland, Oregon, and all courts from which an appeal may be taken, solely for the purpose of any suit, action, or other proceeding arising out of or based upon this Agreement, and hereby waive *to the extent not prohibited by law,* and agree not to assert, by way of motion, as a defence, or otherwise, in any such proceeding, any claim that it or they are not subject personally to the jurisdiction of the above-named courts for such proceedings." [from **Exhibit J**]

**Plaintiff** hereby requests **Judicial Review** of the validity of these clauses, and answering these points: Determination as to whether: **A)** They're in violation of the **14th Amendment** of the U.S. Constitution, guaranteeing an individual not be deprived of life, liberty, or property without "due process of law." (Particularly given that Plaintiff doesn't currently have significant contacts in the forum state to maintain a suit without offending traditional notions of fair play and substantial justice). **B)** Jurisdictional clauses are otherwise too restrictive, or if they do not meet the standard of reasonableness. **C)** There is a sufficient connection between Oregon and this case's claims in order to justify a lawsuit in Oregon under the circumstances. **D)** Found to be in violation of the principle of 'Forum Non Conveniens'. **E)** Whether the later purchase of Extensis by Japanese 'Celartem' violated the intent of the clauses. **F)** Later Supreme Court decisions (i.e. non-resident plaintiffs against non-resident owners) abrogated them.

**WHEREFORE, Plaintiff** Moves that if necessary due to failure to recover personal possessions (i.e. in order to facilitate replacement of Stock Certificates), or reasonable and just (i.e. to determine damages), this Court should perform a review of said Forum Clause, & for any other relief deemed just & proper.

Signature of 'Plaintiff': *David W Shaver* /s/David W Shaver    (PRO SE)    Date: ___3.13.2023___

Address:  1750 30th St Suite A338, Boulder CO 80301                        Phone:   303-351-4239

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court | |
|---|---|
| ■ Federal Court | |
| Address: 901 19th Street, Denver, CO 80294 | |
| Plaintiff:          David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                    (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

## MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL REVIEW OF JURISDICTION CLAUSES

This Complaint is 1st and Foremost due to a Replevin Cause of Action, requiring Colorado jurisdiction Plaintiff further believes that original intent of jurisdiction clauses is met by modern videoconferencing

**I.** Introduction : • The Astrobyte⇔Extensis Merger Agreement contains "Forum Clause"(s) that ~require any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts of the State of Oregon and the United States District Court in Portland, Oregon. The Plaintiff in this case is requesting judicial review of the validity of jurisdictional clauses, arguing that given circumstances, they may be in violation of the 14th Amendment of the U.S. Constitution, and/or too restrictive, and/or does not meet the standard of reasonableness, and/or violate the principle of Forum Non Conveniens. Plaintiff further notes that the intents of the original contract have been a) broken in multiple mergers with out of jurisdiction partners, and/or b) met by modern videoconferencing

**II.** The Forum Clause appears to be in violation of the 14th Amendment of the U.S. Constitution in this situation • The 14th Amendment of the U.S. Constitution guarantees that no individual shall be deprived of life, liberty, or property without "due process of law." • The Forum Clause in the Astrobyte⇔Extensis Merger Agreement requires the Plaintiff to submit to the personal jurisdiction of the state courts of Oregon and the United States District Court in Portland, Oregon, even though the Plaintiff does not currently have significant contacts in the forum state. • This requirement offends traditional notions of fair play and substantial justice, and therefore may violate the Plaintiff's right to due process of law in related matters, as guaranteed by the 14th Amendment of the U.S. Constitution.

**III.** The 'Forum Clause' in the Astrobyte⇔Extensis Merger Agreement may be too restrictive under the circumstances, and does not meet the standard of reasonableness herein.  It requires any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts

of Oregon and the United States District Court in Portland, Oregon, even if there is a more appropriate forum for the case. This requirement is excessively restrictive and does not take into account the convenience of the parties or the location of the witnesses and evidence.

**IV.** The Forum Clause violates the principle of Forum Non Conveniens in this case • The principle of Forum Non Conveniens holds that a court may decline jurisdiction over a case if the claim could be more appropriately heard in another forum. • The Forum Clause in the Astrobyte⇔Extensis Merger Agreement requires any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts of Oregon and the United States District Court in Portland, Oregon, even if there is a more appropriate forum for the case. • This requirement violates the principle of Forum Non Conveniens.

**V.** Case Precedents • There is a significant body of case law that supports the plaintiff's argument that the forum clause in the Astrobyte⇔Extensis Merger Agreement is inapplicable. • For example, in the case of International Shoe Co. v. Washington, 326 U.S. 310 (1945), the Supreme Court of the United States held that a state cannot exercise personal jurisdiction over a nonresident defendant unless the defendant has certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

• The plaintiff in this case does not currently have significant contacts with the State of Oregon, and the Japanese company Celartem, which later purchased Extensis, does not necessarily have personal jurisdiction in Oregon. • Therefore, the requirement that any suit, action, or other proceeding arising out of or based upon the agreement must be brought in the state courts of Oregon and the United States District Court in Portland, Oregon, would offend traditional notions of fair play and substantial justice.

• Similarly, in the case of Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), the Supreme Court of the United States held that a forum selection clause will be upheld unless it is "unreasonable" under the circumstances. In this case, the forum clause in the Astrobyte⇔Extensis Merger Agreement is overly restrictive and does not take into account the convenience of the parties or the location of the witnesses and evidence. Therefore, it would be considered "unreasonable" under the circumstances.

• In the case of Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981), the Supreme Court of the United

States held that a court may decline jurisdiction over a case if the claim could be more appropriately heard in another forum. In this case, the Forum Clause in the Astrobyte⇔Extensis Merger Agreement violates the principle of Forum Non Conveniens by requiring any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts of Oregon and the United States District Court in Portland, Oregon, even if there is a more appropriate forum for the case. Causes and property locations in this case require Colorado jurisdiction to resolve.

**VI.** Further U.S. Supreme Court decisions that have clarified the limits of personal jurisdiction over non-resident defendants in state courts:

1. Daimler AG v. Bauman, 571 U.S. 117 (2014): The Court held that a corporation's contacts with a state are not enough to establish general personal jurisdiction over the corporation in that state, unless the corporation is "at home" in the state.

2. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011): The Court held that a state court cannot exercise specific personal jurisdiction over a non-resident defendant unless the defendant's contacts with the state are related to the plaintiff's claim.

3. J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873 (2011): The Court held that a state court cannot exercise specific personal jurisdiction over a non-resident defendant unless the defendant has "purposefully directed" its activities at the state and the plaintiff's claim arises from those activities.

4. Bristol-Myers Squibb v. Superior Court (2017): This case clarified that a state court's exercise of specific personal jurisdiction over a non-resident defendant is constitutional only if there is a connection between the defendant and the forum state that is sufficient to make it fair and reasonable to require the defendant to litigate in that state.

**VII.** Conclusion

In light of these reasons, arguments and precedents, and particularly given the Colorado jurisdiction required by the current situation, Plaintiff respectfully requests that, if appropriate, the Court should grant the Motion for Judicial Review of the Astrobyte⇔Extensis Merger Agreement Jurisdiction Clauses & declare the clauses inapplicable, in interpreting the entirety.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)    Date: _____3.13.2023_____

Address: _1750 30th St Suite A338, Boulder CO 80301_            Phone: _303-351-4239_

| ☐District Court ☐Boulder County ☐Boulder Municipal Court | |
|---|---|
| ■Federal Court<br>Address:901 19th Street, Denver, CO 80294 | |
| Plaintiff:      David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>            (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

### MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (α-ALPHA)

Plaintiff believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if

in order to replace Astrobyte⇔Extensis Merger Consideration / Extensis & ImageX stock certificates,

[Exh:D] and/or acceptable expressed or implied valuation of the consideration thereof, and/or damages:

| | |
|---|---|
| Celarte(m)/Extensis Corporation 503-274-2020 :<br><br>1500 SW 1st Ave #680, Portland, OR, 97201<br><br>Toby Martin "CEO" (Historically Plaintiff negoti-<br><br>ated primarily with Craig Barnes, Randy Hill) | MoyeWhite (historically MGOVG) 303-292-2900,<br><br>1400 16th St., 6th Floor, Denver, Colorado 80202<br><br>Ed Naylor (original merger contract author),<br><br>Charles Luce, {Later: Billy Jones} : "Attorneys" |
| Image X Corporation 925-474-8100: 5990<br><br>Stoneridge Dr Pleasanton, CA, 94588<br><br>Glen Douglas "Owner, President & Chief<br><br>Executive Officer" | FedEx / Kinkos Corporation, 901-818-7500, 942<br><br>South Shady Grove Road, Memphis, TN, 38120<br><br>Clement Edward Klank III "Corporate Vice<br><br>President Securities/Corporate Law" |
| Oregon DSL 503-986-5200 : 775 Summer St. NE,<br><br>Suite 100, Salem, OR, 97301<br><br>Tobias Read : "Treasurer" | CreativePro.com 312-252-1292 : 14241 NE<br><br>Woodinville Duvall Rd 285, Woodinville, WA,<br><br>98072 : David Blatner : "President" |

Adobe Ventures, Inc : 345 Park Avenue, San Jose, CA, 95110 : Scott Belsky : 'President'

Quark (Software), Inc : 1225 17th Street, Suite 1200 Denver CO, 80202 : Martin Owen : 'CEO'

**WHEREFORE, Plaintiff** Moves that under the conditions given in the Complaint, and if after a review of

any associated Motions or other filings should reveal it to be appropriate, this Court should permissive-

ly Join any of the above parties and if so, preferably provide leave to amend the Complaint, to add

Causes for Legal Malpractice &| Promissory Estoppel &| Negligence/Infliction of Emotional Distress

&| Trade Secret Misappropriation &| Breach of Contract &| Fiduciary Duty &| Fraudulent Transfer

(by 'successor in interest'◆) &| Reformation, &| AntiTrust, & for any other relief deemed just & proper.

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver     (PRÓ SÉ)     Date: _____3.13.2023_____

Address: _1750 30th St Suite A338, Boulder CO 80301_          Phone: _303-351-4239_

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:            David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>            (City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

## PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (α-ALPHA)

Plaintiff includes this bank of Joinders and Memoranda in order that matters associated with Plaintiff's property which is threatened with destruction (which might otherwise be addressed at a later date in other jurisdictions if he is able to recover said property via Replevin), may be handled here if necessary.

Plaintiff was a relative computer 'prodigy' for his day: nearing the end of high school, he was invited to participate in a programming competition with competitors coming from 5 neighboring states, taking 2nd place by himself for teams of three. Plaintiff historically owned his own companies since ~1980 [Exh:G] (registered as Moebius Software Consulting and Software Forge), then started at Quark Inc., while attending university, in 1987. (While there, he developed the original 'XTensions' User Interface, upon which work many companies & products were based [i.e. Exh:J-p61]). After Quark's representations to him that engineers would share in their financial success failed to come to any significant fruition (i.e. even claims that engineers would receive a share of the proceeds during a contemplated sale to 'Claris'), he co-founded AstroByte LLC with 3 other ex-engineers. After discussions which indicated that this should result in an appropriate monetization of the experiences they'd had at Quark, Astrobyte agreed to merge with Extensis, signing in 1/1998. However, after moving to Oregon, months later it became quite clear that Extensis was not going public on schedule as they had claimed they would; Plaintiff was terminated$^{\Diamond}$ from the combined company ~within the year, and instead the company briefly changed its name to 'CreativePro.com$^{©}$, and solicited Plaintiff's support for a sale to ImageX by claiming that it would fulfill their monetization representations instead [Exh:K]. Plaintiff never intended to agree to any liquidation prior to reaching represented levels, and Plaintiff was facially barred from pursuing the matter legally due to numerous jurisdictional constraint clauses in the

merger agreement (and verbal legal claims by the attorneys who authored the contract(s)).  Plaintiff instead has kept the stock certificates, along with provenance, in the hopes that they might be worth more as a collectors item someday than the relative pittance currently said to be held by Oregon 'Department of State Lands'[+] (or that events might unfold which allowed for a successful enforcement of original intents).  Plaintiff hopes that his certificates will be recoverable from the 2301Pearl39 property, as otherwise from Plaintiff's perspective, a breach of contract due to the consideration's loss of potential in avenues of recoverability due to destruction of the security instruments could effectively occur in the present.  'Extensis' and other 'successors in interest'[♦]UCC§2-210 have inhabited the same address, shipping many of the same software products, and benefiting from inheritances from their merger with Astrobyte, including customer lists {Prec: <u>Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.</u>, No. 819CV00642JLSJDE, 2019 WL 2177262, at *5–8 (C.D. Cal. May 20, 2019) : DTSA, 18 U.S.C.§1839, granted prelim injunction to protect customer lists}, ever since; CRS§7-74-102(4), ORS§646.461(4).  Parties who may be included in any chain of 'successor in interest'[♦] inheritors to Astrobyte & Extensis merger values {Astrobyte⇔Extensis signing occurred 1/6/1998 (for equity, with a wide range of valuations having been provided in earlier months, including 'term sheet'[⊕] style discussions, and claims of an imminent IPO within several months) *<u>https://www.zdnet.com/article/exten -</u>* *<u>sis-and-astrobyte-plan-to-merge</u>*}{Extensis was renamed CreativePro.com[⊗] at a stockholders meeting in ~1999, at which Plaintiff cast the only vote against changing the name, the rationales given having appeared to Plaintiff as dubious & likely to muddy the waters and/or confuse the customers; rather than the I.P.O. they had originally promised, their acquisition by ImageX occurred 6/22/00, which Plaintiff had been persuaded to agree to via claims, even press releases, indicating that they would be ~meeting their original valuation claims for Extensis' IPO therein (the acquisition originally claimed to be for $87.1 million in stock and $9.9 million in cash) in the acquisition they indicated that obtaining access to Extensis' customer base was a primary reason *<u>https://www.nytimes.com/2000/03/21/business/company-</u>* *<u>news-imagexcom-to-buy-creativeprocom-software-rival.html</u>*} **[in much later research, Plaintiff was able to determine that ImageX was <u>also</u> funded by Adobe[@] Ventures, whom one of Extensis' Directors represented (as**

**well as Hambrecht & Quist)]** {Shortly thereafter, 9/9/2002, ImageX sold the Extensis assets to the Japanese Celartem Corporation (who appear to have formed a U.S. branch to facilitate), for a **much** lower valuation than any given to Astrobyte principals just a few years earlier ($9m in cash, plus potential $2m performance bonus) *https://whattheythink.com/news/15713-imagex-sell-extensis-celartem-technology-90-million* **with no explanation as to what happened to the originally additional claimed ~$90m value**}{ImageX⇒ Kinkos 5/2003 (claimed to be a '$16.5 million merger') *https://whattheythink.com/news/18829-kinkos-completes-imagex-acquisition-announces-printing*}{Kinkos⇒FedEx 12/31/2003 ($2.4 billion in cash plus assumption of debt)}{CreativePro.com⇒Publishing Secrets 5/2013}.

**[Adobe<sup>@</sup> Inc being Quark Inc's primary competitor at the time, who ~simultaneously hired away multiple Quark & Extensis Engineers, and Managers {Dave Stephens, Parviz Banki, James Jardee-Borquist, John Chaffee, Michael Ninness}, shown on LinkedIn.com], belying I.P.O. claims of Adobe Ventures' representative.**

{Actions of these potential Defendant(s), or their erstwhile representatives shown in Bank **(Δ-DELTA)** may also constitute attempts to monopolize the desktop publishing, creative, or other software markets, potentially infringing upon the Clayton Act, 15 U.S.C. § 15(a), i.e. by violations of the Sherman Act, 15 U.S.C. §1, 2 et seq}, which Plaintiff believes may warrant **Anti-Trust** causes of action(s) in response. ['Hambrecht & Quist', Extensis' financiers, were reportedly a financier of both Adobe and Apple, and should not have facilitated any monopolistic anti-competitive behavior].

[Among other grounds, 'continuing violations' doctrine should allows for recovery: "... accrual of a breach of contract cause of action commences upon the occurrence of the last breach or upon termination of the contract." {Prec: Allapattah Servs., Inc. v. Exxon Corp., 188 F.R.D. 667, 679 (S.D. Fla. 1999), aff'd, 333 F.3d 1248 (11th Cir. 2003), aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005); see also Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC, No. 12-20744-CIV, 2013 WL 12093810, at *3 (S.D. Fla. Apr. 29, 2013)}. Plaintiff contends that 'Extensis' and 'successors in interest'◆ to the **Astrobyte⇔Extensis Merger**, even those who have continued to do business at the same location to this day, continue to use property

such as customer lists, thus ~'continuing tort' doctrine applies.  Further, minions or ~collection agents of the Oregon Department of State Lands have continued ~harassment of Plaintiff and his family members for decades (some even reportedly claiming that he was dead) to the present.

⊕Moreover, 'Term-Sheet' style discussions of the merger's valuation, which Plaintiff has email evidence of {Prec: SIGA Technologies, Inc. v. PharmAthene, Inc..67 A.3d 330 (Del. 2013)}, have never yet been close to being met], which Plaintiff believes should qualify as a ~Breach or majority 'Failure of Consideration'.

The conduct of Plaintiff's attorneys, whose primary stated objections have been financial, appears highly questionable to him (i.e. refusing to defend or enforce the contract they had developed, which makes statements in parts like "...this Agreement is also binding upon my heirs and legal representatives...", which they don't seem to think includes themselves!?, even professing an unwillingness to provide any ongoing legal support whatsoever for Plaintiff's efforts to do the same) and further appears to indicate violations of the intents of CRPC 1.1, 1.3, 1.4, 1.7, 1.16+ (though an analysis of the full extent, or enforcement or penalisation thereof might require demonstrating 'collectibility'/'proof of infringement upon'/'breach of' the merger contract without their assistance anyhow).

Plaintiff believes that examination of the merger documents they developed should in and of itself clearly indicate failure(s) of the intent of consideration (which they made no mention of in defence discussions, nor the concepts of 'continuing tort' nor 'successor in interest'♦ either), as by comparison to representations, should not reasonably warrant such a contract of claimed ~infinite 'binding' duration. Plaintiff has never yet 'surrendered' his stock certificates as contemplated in [*Exh:J*] Article III, section 3.3 "Shareholder Rights", and it is unclear as to how even some sort of exercise of its section 3.5 "Lost Certificates", even if revalued and/or inflation compensated for, might somehow make Plaintiff whole under the circumstances.  Plaintiff believes that it is clear from the merger documents alone that he did not intend to agree to any 'transaction' in which an 'Extensis' or other entity inheriting binding obligations of ~infinite duration continued to exist, while further still retaining values inherited from him,

along with any compounding by forcing the ~cashing of any investment potential.

Before negotiating with Extensis, Astrobyte's stockholders had initial discussions with Quark Inc., to be acquired & develop something tentatively named 'WebXPress' , which were effectively rebuffed; Quark's owners did not appear to be all that interested in the technology or the internet yet (which was a word that wasn't even in the dictionary that was shipped with the QuarkXPress product at the time), though they did make a tentative offer to acquire Astrobyte LLC at ~around the year's gross revenues, which Plaintiff's books indicated was likely quite undervalued, particularly in comparison to the offers made by Extensis [Later owners of Quark apparently changed their minds, and Astrobyte's 'BeyondPress' technology has been effectively assimilated into their products, which practice apparently still continues in recent releases unto this day]

From Plaintiff's perspective, by continuing to use code in their products which was developed by Plaintiff (while effectively in breach of multiple representations of financial compensation which he had received, and/or in a state of 'ongoing torts') as well as assimilating the features of his independently developed products, Plaintiff believes that parties are violating the intents of the UTSA (which both Colorado and Oregon have adopted), which could effectively amount to misappropriation of trade secrets.  Likewise, the Federal 'Trade Secrets Act's 18 U.S.C.§§1831-1839. Further, the Colorado Consumer Protection Act CRS§6 prohibits unfair or deceptive trade practices.  Further, The Federal Digital Millennium Copyright Act (DMCA) provides legal protections for copyrighted works, including software code.  DMCA§§1201-1202 prohibits the circumvention of technological measures used to protect copyrighted works, such as software code, and provide other legal remedies for violations, including injunctive relief and damages. Plaintiff believes that the actions of multiple parties has effectively amounted to efforts at circumvention of the intents of intellectual property laws, and this Act...

[Hospital records may be obtained from Oregon supporting Emotional Distress Cause+√s]

[Plaintiff believes that time is of the essence in addressing the Replevin Cause of this complaint, and thus has provided this initial memorandum with the intention of amending via Rule 15 or as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: ____3.13.2023____

Address: _1750 30th St Suite A338, Boulder CO 80301_   Phone: __303-351-4239__

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court | |
| --- | --- |
| ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
| Plaintiff:                David William Dacres Shaver<br>Vs. Defendant(s):     Whittier Condominiums HOA<br>                          (City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

### MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (β–BETA)

Plaintiff believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if in order to determine damages or otherwise (i.e. due to forced removal of possessions in Colorado Jefferson County Case #21C417 {i..e 5.19.2021 #51 "Damages", #57, etc} or Denver Probate Case #2021PR30635 {07.30.2021 "ANSWER ..." inc. "5) Defence #5: Irreparable Harm(s), etc}):

| | |
| --- | --- |
| Brian A Shaver 'Personal Representative' : The Estate of Marvin D Shaver : (970) 690-3845<br>3839 Precision Dr, Unit B, Ft Collins, CO 80528 | Susan E. Dacres Shaver 'Mother & Ex-Wife of Marvin D Shaver' : Family : (720) 425-2539<br>306 Aspen Lane, Golden, CO 80401 |
| Dawn M Handler 'Trust Officer' and Members Trust Company : (720) 482-2501<br>501 S. Cherry St., Ste 440, Denver, CO 80246 | John Largent 'President' : Members Trust Company : (888) 727-9191<br>14055 Riveredge Dr, Suite 525, Tampa, FL 33637 |
| Rebecca Schroer 'Partner', Richard G. Kiely 'Attorney' : Holland & Hart LLP : (303) 295-8586<br>555 17th Street, Suite 3200, Denver, CO 80202 | Ephraim Hilliard 'Claim Director, North America Property Claims' : Chubb : (720) 660-1226<br>2155 W Pinnacle Peak Road, Phoenix, AZ 85027 |

WHEREFORE, Plaintiff Moves that if after review of the Complaint, and the above ~associated Case Filings, this Court should determine it to be appropriate, this Court may permissively Join any of the above parties and if so, preferably provide leave to allow amendment of the Complaint to add Causes for Negligence &/| Breach of Contract(s) | Trust &/| Fiduciary Duty &/| Surcharge &/| Legal Malpractice &| Conspiracy, if appropriate (if this will allow this Court to effectively fully determine matters {i.e. without obstructing the ability to file further actions which may otherwise be necessary}), maybe even Reopen/Consolidate/Appeal cases somehow if possible, and/or allow for Redemption of the family ancestral home, and for any other relief deemed just & proper.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: _____3.13.2023_____

Address: _1750 30th St Suite A338, Boulder CO 80301_          Phone: _303-351-4239_

| ☐ District Court  ☐ Boulder County  ☐ Boulder Municipal Court<br>☒ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:<br>Vs. Defendant(s): David William Dacres Shaver<br>Whittier Condominiums HOA<br>(City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

### PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (β–BETA)

Plaintiff includes this bank of Joinders and Memoranda in order that matters associated with Plaintiff's property which is threatened with destruction may be handled here if appropriate.

{See Also: Jefferson County Case#21C417 {i..e 5.19.2021 Complaint: #51 "Damages", #57, etc} or Denver Probate Case#2021PR30635 [DNPC] {i.e. 07.30.2021 "ANSWER ..." inc. "4) Defence #4: Failure to Join Indispensable Party: ...Respondent is in possession of stock certificates ... should be worth considerably more than the amount requested by Trustee"…"5) Defence #5: Irreparable Harm(s), ... a) Moving of Respondent's items in storage could lead to significant property loss or damage. ..."}.

In DNPC {1.17.2022, as shown in Exhibit 19 & Declaration, #14}, Plaintiff also recommended an investigation into why 'Sentry Property Management', with offices in Tampa Florida (reportedly owned by a 'James W Hart', etc) ~acquired the Whittier HOA, proximally along DNPC court filing dates.  John Largent 'President' of Members Trust Company, also in Tampa Florida, was copied.

The Federal CERCLA§107 and RCRA§7003, both appear to indicate that law of joint and several liability may apply to any applicable such environmental issues, as raised in those cases {i.e. Creosote EOL releases, reported Septic leaks}+Asbestos, and thus multiple parties may be affected. {Prec: U.S. v. Ottati & Goss, Inc., 630 F.Supp. 1361. (D.N.H. 1985). 11 42 U.S.C. ? 6922 (1988)}.  Other issues may infringe upon 15USC§80a{33,35?} | 9USC§4. Trustee's attorneys, 'Holland and Hart' also did not reveal conflicts of interest, while fighting ~tooth and nail to obstruct Plaintiff's efforts to recover 'Merger Consideration' in order to retain the family residence (nor willing to provide guarantees that it could be used even if recovered), and Plaintiff thinks that any recovery thereof may further support a cause of Trustee's joinder[…initial memorandum with the intention of amending later (Rule 15) | as allowed]

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver   (PRÓ SÉ)   Date: _____3.13.2023_____

Address: _1750 30th St Suite A338, Boulder CO 80301_   Phone: _303-351-4239_

| ☐ District Court  ☐ Boulder County  ☐ Boulder Municipal Court<br>■ Federal Court<br>Address: 901 19th Street , Denver, CO 80294 | |
|---|---|
| Plaintiff:                David William Dacres Shaver<br>Vs. Defendant(s):     Whittier Condominiums HOA<br>                              (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

### MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (γ-GAMMA)

Plaintiff believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if in order to determine damages which may have been contributed to by the City of Boulder or its Departments. [Reference: Boulder 11/9/21 **PD Report C#:21-10021§,** 12/21 **Report #:21-11210 Complaint #:G176765\***]. City of Boulder has been sent ~Claim Notice, but a reply has not yet been received (they were supplied, however, with filings inc. 4th amendment precedents as early as 12/21\*).

| | |
|---|---|
| Boulder Police Department 303-441-3333 : 1805 33rd St, Boulder, CO 80301 : Sarah Cantu : "Detective" **§ and/or** Brandon Brisco : "Officer" \* | Boulder Colorado Fire & Rescue 303-441-3350 : 1777 Broadway, Boulder, CO 80302 Michael Calderazzo : "Boulder Fire Chief" (cc §) |
| Boulder Municipal Court 303-441-3350 : 1777 Broadway, Boulder, CO 80302 Chris Reynolds : "Boulder City Prosecutor" | Charles Taylor Engineering Tech. Services 303.425.7272 : 5926 McIntyre Street, Golden, CO 80401 Tammy Wainright:'Operations Support Mgr' |
| Sentry Property Management 407-788-6700 : 2180 W State Rd 434 St 5000, Longwood Fl James Hart : 'Owner' | Bradley Pomp : 'President' | American Family Mutual Insurance Company : (608) 249-2111 : 6000 American Pkwy., Madison, Wisconsin 53783 **:** William B. Westrate : 'CEO' |
| CorVel Corporation : 1180 Iron Point Rd., Suite 300 : Folsom, CA 95630 : Michael Combs : 'CEO' | |

**WHEREFORE , Plaintiff** Moves that if after review of the Complaint, and the above ~associated Case Filing(s)/report(s), this Court should determine it to be appropriate, this Court may permissively Join any of the above parties, preferably provide leave to allow amendment of the Complaint to add Causes for Intentional Interference With Property Rights, and/or  Interference With Right of Way and/or Right of Common, and/or Violation of Civil Rights, & for any other relief deemed just & proper.

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver     (PRÓ SÉ)     Date: ___3.13.2023___

Address:  1750 30th St Suite A338, Boulder CO 80301 _____     Phone: ___303-351-4239___

| | |
|---|---|
| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>☐ ■ Federal Court<br>Address:<u>901 19th Street</u>, <u>Denver, CO 80294</u> | |
| Plaintiff:        David William Dacres Shaver<br>Vs. Defendant(s):    Whittier Condominiums HOA<br>            (City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

### PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (γ-GAMMA)

Plaintiff believes that his U.S. 4th Amendment property rights should be respected and he should be allowed to use "self-help" to recover his irreplaceable personal possessions from the partially fire-damaged condominium, particularly given that he is an engineer and thinks the structure sufficiently safe enough, having had some rope climbing experience, with the risk/reward being what it is, and given the circumstances by which he was deprived of the use and enjoyment of his possessions. Plaintiff has offered to utilise AD&D insurance, and would be quite willing to accept appropriate safety precautions also : Plaintiff believes that there should be no legal justification preventing him from accessing his own property, and that the government's actions constitutes an unjust taking under the 5th Amendment.

• In addition to discussions with Boulder Police and Fire and Rescue personnel at the scene of the fire, the night thereof, (in which they claimed that residents would be allowed back in within a day) Plaintiff the next day spoke with Detective Sarah Cantu at their headquarters the next morning, in which conversation she opined that it would be two days • Within the next week or so Plaintiff met with HOA and Fire and Rescue and personnel at the fenced off scene (even provided one with a map), who were unwilling to assist, claiming that the police department was obstructing access; members of the HOA and City both later claimed that their insurance policies were a primary obstacle • It was recommended that Plaintiff attend HOA meetings, in which he expressed his opinion that other potential recovery methods should be available, including rope access technicians (potential training available locally for residents) - Boulder even being home to a dedicated climbing school, robotic recovery, etc.

### +See [BRIEF IN SUPPORT OF REPLEVIN OR MOTION FOR PRELIM. INJUNCTION]

[Plaintiff believes that time is of the essence in the Replevin Action of this Complaint, and thus has provided this initial memorandum with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver    (PRÓ SÉ)    Date: ___3.13.2023___

Address: __1750 30th St Suite A338, Boulder CO 80301_____    Phone: __303-351-4239__

| | |
|---|---|
| ☐District Court ☐Boulder County ☐Boulder Municipal Court ■Federal Court<br>Address:901 19th Street, Denver, CO 80294 | |
| Plaintiff:       David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>          (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

### MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (Δ-DELTA)

Plaintiff believes that permissive Joinder under FRCP Rule 20 may possibly be appropriate in this Complaint, for those historical founders, and/or majority shareholders, and/or officers of the entities dealt with, if perhaps it should somehow be shown that they may be jointly or severally liable for their decisions or actions or the results thereof.  Current addresses have not yet been entirely determined; Last known/reported apparent cities of home residence shown below each group.

Tim ? Gill {was: 'Vice President of Research & Development' and Founder, Quark Inc.}

Farhad ('Fred') Ebrahimi {was: 'President', Quark Inc.}

Denver, Colorado

Ralph Gustav Risch {was: 'Manager' of Astrobyte LLC + 'Director' of AEL, etc}

Brian Robert Bucknam {was: 'Manager' of Astrobyte LLC + 'Director' of AEL, etc}

Craig Wallace Barnes {was: 'President' of Extensis Corp.}

Randy Clark Hill {was: 'Vice President' of Extensis Corp.}

Doug Downs {was: 'Chief Financial Officer' of Extensis Corp.}

Lee James  {was: 'Director' of Extensis Corp.}

Portland, Oregon

Standish O'Grady {was: 'Director', (via 'Adobe Ventures' & Hambrecht & Quist?) of Extensis Corp.}

Nevada

WHEREFORE, **Plaintiff** Moves that if after review of the Complaint, and associated Motions or other, this Court should determine it to be appropriate, this Court may permissively Join any of the above parties, preferably potentially allow amendment of the Complaint to add Causes listed in Joinder Bank:(α-ALPHA) &| Conversion &| Conspiracy &| Fraud & for any other relief deemed just & proper.

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver     (PRÓ SÉ)     Date: _____3.13.2023___

Address: _ 1750 30th St Suite A338, Boulder CO 80301_____     Phone: ___303-351-4239___

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:              David William Dacres Shaver Vs. Defendant(s):   Whittier Condominiums HOA                      (City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address) David William Dacres Shaver 1750 30th St Suite A338, Boulder CO 80301 Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

### PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (Δ-DELTA)

Plaintiff includes this bank of Joinders and Memoranda in order that matters associated with Plaintiff's

property which is threatened with destruction (which might otherwise be addressed at a later date in

other jurisdictions if he is able to recover said property via Replevin), may be handled here if necessary.

These individuals have been included given that Majority Shareholders / Owners / Officers may have

Joint and Several liability in some circumstances for the decisions they participated in

Potentially applicable precedents:

• A corporate officer may be held individually liable for conversion (WRT shares of stock, including

unauthorised alterations of stock conditions) "if he participated in, or had knowledge of and assented

to, the wrongful conduct." {Prec: Sandor Petroleum Corp. v. Williams No. 3418, Texas 1959};

• Directors/officers can be held negligent in accepting a buyout price per share without sufficient

inquiry or advice on the adequacy of the price {Prec: Smith v. Van Gorkom, 488 A.2d 858 (Del. 1985);

• Business partners owe more than a general sense of honor among one another; rather, they owe "the

punctilio of honor most sensitive." {Prec Meinhard v. Salmon, 164 N.W. 545 (N.Y. 1928)}.

• Manipulating multiple shell corporations to give the illusion that a company was fulfilling its promise

to go public when instead it may have been a ruse calculated to eliminate competition might qualify as

a 'sham to perpetuate a fraud' {Prec: Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986)}

• Parties may also be 'successors in interest', by virtue of inheriting values obtained via relationships.

[Plaintiff believes that time is of the essence in the Replevin Action of this Complaint, and thus has

provided this initial memorandum with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _David W Shaver_ /s/David W Shaver    (PRÓ SÉ)    Date: _____3.13.2023_____

Address:  1750 30th St Suite A338, Boulder CO 80301          Phone:    303-351-4239

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:          David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>                   (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (Federal Rule 65 or CO Rule 365)**

WHEREAS Plaintiff has been informed of imminent anticipatory destruction of Plaintiff's personal property at 2301Pearl39. Defendant(s) have notified Plaintiff of their intent to demolish the real property in which his personal property has been stored, and an apparent unwillingness to even provide statutory basis for refusals to allow Plaintiff to retrieve and/or repossess his own personal property from it first.

**AS SUPPORTED BY THE COMPLAINT, FACTUAL ALLEGATIONS, & ATTACHED FILINGS:**

**Plaintiff believes that:** A) Plaintiff's threatened harm may be irreparable, and considerably outweighs any of Defendants' theorized reasonably possible harm (indeed, Plaintiff has received valuations of even those replaceable items in his personal property which indicate that any potential losses which may be suffered by Defendant(s) are considerably outweighed by the financial cost which may otherwise be incurred). B) Money damages would not be able to restore Plaintiff's potential foreseeable losses in these regards. C) Plaintiff's threatened harm should considerably outweigh any of Defendants' theorized reasonably possible harm (indeed, Defendants' claimed potential losses are considerably outweighed by the financial costs that they would have saved by instead following Plaintiff's recommendations). D) Plaintiff is not aware of any substantial public interest that would be contravened by such an injunction. (Defendants have been given plenty of opportunity to allow for access without any delays at all). E) Plaintiff believes that he should have a substantial likelihood of success in this action.

WHEREFORE, Plaintiff moves that this Honorable Court should issue an Order for a Preliminary Injunction on 2301Pearl39, preventing any further destruction of property or chattels in storage, in order that Plaintiff's personal property might be repossessed via replevin or self-help before any demolition, and/or for any other relief that this Court deems just and proper.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)    Date: _____3.13.2023_____

Address:  1750 30th St Suite A338, Boulder CO 80301            Phone:   303-351-4239

| ☐District Court ☐Boulder County ☐Boulder Municipal Court<br>☒Federal Court<br>Address:<u>901 19th Street, Denver, CO 80294</u> | |
|---|---|
| Plaintiff:           David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                    (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**Pre-Pleading Memoranda of Law in support of Motion For Permissive Joinder of Attorneys**

**Whereas** Plaintiff has encountered difficulties which he considers excessive in obtaining the cooperation of the attorneys who developed the Astrobyte->Extensis Merger documents.  After informing 'Ed Naylor' that his documents were inaccessible in his apartment, his firm eventually supplied Plaintiff with an electronic copy of said document (though they refused to use the professionals at a nearby Kinkos to scan the document, instead belatedly supplying one scanned in-house with many pages at varying angles [Exh_J]).  A distilled affidavit of interactions with them may be filed if attorney-client privilege issues can be sufficiently protected.  Although they have been informed that their behavior appears likely to be in conflict with CRPC, they do not seem to care.  Examination of the merger documents shows that at the very end of the process, after the merger was signed, they ~slip-streamed a 'Form of Opinion' letter [Exh_J-p67 available sealed], signed only by themselves, which makes statements which appears to opine that they don't consider themselves to generally guarantee the quality of their work, or at the very end, even be required to adhere to CRPC at all.

Plaintiff posed a Question on the matter to AI (several modifications), receiving the following response:

**Question:** If a legal firm 'Moye+' were to develop a (relatively expensive) contract for 'AstroLLC' (an Colorado LLC with three owners) to perform a merger with 'ExtCorp', and it turned out after the contract had been signed that one owner did not receive the financial consideration bargained for (with the other two owners willing to accept much less, largely due to each being married, one with children), would it be legal and/or ethical for 'Moye+' to refuse to defend or enforce the merger contract for the injured owner upon 'ExtCorp' or assigns, while claiming as justification:

1. 'Moye+' also did not think legal action was reasonable because the injured owner did not have

said merger consideration available for a large enough 'war chest' to defeat the opposition, to cover the ongoing expenses of 'Moye+' in such a legal battle (though written representations by officers of 'ExtCorp' of what the value of the financial consideration should have been, would be much more than enough to cover any projected costs, and 'Moye+' had been very well paid to develop the merger contract).

2. 'Moye+' effectively did not think that the contract which they had designed for the merger of 'AstroLLC' and 'ExtCorp' turned out to be enforceable under the conditions (though they had not warned of such conditions before signing).

3. Since all owners did not receive identical outcomes, 'Moye+' considered that to constitute a conflict of interest : thus the injured owner should seek alternate representation.

Moreover, if 'Moye+' were to refuse further representation (stating as sole grounds that they consider the matter closed), what legal basis might they have for that, and would they be allowed to refuse questions from replacement representation about or on interpretations of their contract (with legal basis as to why)?, and what could or should the injured owner do about it?

**Answer:** In the context of Colorado and U.S. law, it would not be legal or ethical for a legal firm like Moye+ to refuse to defend or enforce the merger contract for the injured owner of AstroLLC upon ExtCorp or assigns, using the justifications you provided.

The Colorado Rules of Professional Conduct (CRPC), which govern the ethical conduct of attorneys in the state, set out the standards of conduct for lawyers. Rule 1.3 of CRPC requires lawyers to represent clients competently and diligently. Rule 1.7 of CRPC sets out the rules for lawyers to avoid conflicts of interest. Rule 1.16 of CRPC governs the termination of representation.

Justification 1: A legal firm like Moye+ would not be able to refuse to defend or enforce the contract on the grounds that the injured owner does not have the financial resources for a "war chest" to cover the ongoing expenses of the legal battle. This would be in violation of Rule 1.3 of CRPC, which requires lawyers to represent clients competently and diligently. Also, the fact that the written representations by officers of ExtCorp of what the value of the financial consideration should have been, would

be much more than enough to cover any projected costs, and Moye+ had been very well paid to develop the merger contract. This would further strengthen the injured owner's case, and the firm would have a duty to represent the client.

Justification 2: A legal firm like Moye+ would not be able to refuse to defend or enforce the contract on the grounds that the contract they had designed for the merger of AstroLLC and ExtCorp turned out to be unenforceable under the conditions. If the firm believed that the contract was not enforceable or if there were any defects in the contract, they have a duty to inform the client before the contract was signed. Waiting until after the contract was signed would be a violation of Rule 1.3 of CRPC.

Justification 3: A legal firm like Moye+ would not be able to refuse to defend or enforce the contract on the grounds that all the owners did not receive identical outcomes. This would be in violation of Rule 1.7 of CRPC, which sets out the rules for lawyers to avoid conflicts of interest.

If Moye+ were to refuse further representation, they would have to do so in compliance with Rule 1.16 of CRPC, which governs the termination of representation. In this case, they would have to give the injured owner reasonable notice of the termination and return any unearned fee.

Regarding your question about Moye+ refusing to answer questions from replacement representation about or on interpretations of their contract, the firm would have an ethical obligation to cooperate with the replacement representation and to provide them with any relevant information or documents that they need to take over the representation of the injured owner. If the firm refused to cooperate, it would be in violation of Rule 1.4 of CRPC, which requires lawyers to keep clients reasonably informed about the status of their matter and promptly comply with reasonable requests for information.

If Moye+ were to refuse to defend or enforce the merger contract, or refuse to cooperate with replacement representation, the injured owner would have several options. They could file a complaint with the Colorado Office of Attorney Regulation Counsel. They could also seek a court order requiring Moye+ to comply with their obligations under the CRPC and the CRCP. They could also consider

seeking damages for any losses they incurred as a result of Moye+'s refusal to defend or enforce the contract.

---

### AFTERMATH:

When Plaintiff later went back to Moye+Partners, when the fire damage threatened the merger documents and the stock received for the 'merger consideration', he pointed out to them that their previous excuses appeared largely to be obviated by the current situation, and yet they still refused to defend even the physical property embodying the 'merger consideration' (and Plaintiff believes that their newly stated excuse, a refusal to handle situations that may involve the Police or City, is not acceptable as a law firm), they further even refused to develop an NDA, for hire, based on the merger documents.

Moreover, from logic, Plaintiff believes that either Moye+Partners

**(A)** Were insufficiently competent at developing the merger contract to begin with (and charged too much), if indeed it is effectively unenforceable, **AND/OR**

**(B)** Have been negligent in providing counseling or support for, or any options to pursue collection, if the merger consideration at originally represented levels is indeed collectible.

---

**Examination of Legal Precedents & Common Law Torts in support the Plaintiff's claims include:**

**1.  Breach of Contract** - Restatement (Second) of Contracts § 241

**Circumstances which provide a demonstration that this Failure Is Material:**

(a) Plaintiff hasn't received his reasonably expected benefits, for a company generating $ millions;

(b) Compensation for Plaintiff's injury for the loss of his company has not been adequate.

(c) Those parties failing to perform have not yet forfeited anything;

(d) The parties failing to perform are unlikely to cure his failure without judicial intervention.

(e) Parties failing to perform don't comport with standards of good faith and fair dealing / CRPC

---

**2   Negligent Misrepresentation** - Restatement (Second) of Torts § 552

(a) Moye+Partners had a pecuniary interest in the sale of Astrobyte to Extensis, as otherwise they

would not have been hired or paid well for a merger contract, Astrobyte's owners, in good faith, had a justifiable reliance upon their counsel; Moye+Partners failed to exercise reasonable care or competence in development of the contract, if indeed it is unenforceable or the consideration is uncollectible.

(b) (i) Unless the merger consideration is somehow collectible, Plaintiff, as an owner of Astrobyte, has suffered a loss of his company and it's yearly revenues (ii) Plaintiff relied upon Moye+Partners to develop a contract that should have extended proper influence to also cover and defend probabilities involved with 'successors in interest'.

**3    Negligence** - <u>Restatement (Second) of Torts § 282</u>

**The Four elements required to establish a 'prima facie' case of negligence:**

a) CRPC indicates that attorneys have a legal duty, that Moye+Partners owe(s/d) to Plaintiff.

b) Moye+Partners have breached that duty by their failures to defend, enforce, or represent.

c) Plaintiff hasn't been justly compensated for selling his company, and suffered emotional distress.

d) The 'proximate cause' of Plaintiff's injuries is Moye+Partner's breach, and/or deficient contract.

**Determination of Breach Formula** (<u>Judge Learned Hand in United States v. Carroll Towing</u>):

Moye+Partner's '<u>burden of taking precautions</u>', in crafting a merger contract which would have been more defensible or enforceable under the conditions, and/or which took into account the possibility that owners might be treated differently, would have been relatively minimal. The <u>probability of a loss</u>, particularly with an unenforceable contract, was relatively high. The <u>potential gravity of a loss</u> under the conditions was also high, both emotionally and financially. Thus there should be <u>liability</u>.

**WHEREAS, Plaintiff** requests that this Court take this Memoranda into consideration for support of Plaintiff's **Motion For Permissive Joinder [Bank (α-ALPHA)] (i.e. of Attorneys over Conduct)**, and/or if appropriate to determine any damages, and/or refer any issues to Tribunal, and/or for any other relief deemed proper and just.

Signature of 'Plaintiff': _David W. Shaver_ /s/David W Shaver   (PRO SE)   Date: ____3.13.2023____

Address: _1750 30th St Suite A338, Boulder CO 80301_____   Phone: __303-351-4239__

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>☒ Federal Court<br>Address: <u>901 19th Street, Denver, CO 80294</u> | |
|---|---|
| Plaintiff:            David William Dacres Shaver<br>Vs. Defendant(s):    Whittier Condominiums HOA<br>                         (City of Boulder has been sent Notice) | **Δ COURT USE ONLY Δ** |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

### Motion to Perform Site Inspection (i.e. FRCP Rule 34)

Whereas Plaintiff has recommended multiple parties (insurance agents and 'Charles Taylor') to perform analyses such as chemical testing on the substances used to coat the deck flooring on the catwalks and lower area between condominiums in the Whittier Condominium complex, but no parties have as yet admitted to having tested this.  Testing of the paint chosen to coat the outer buildings might be valuable too.

Parties have indicated that insurance policies have been heavily influencing their choice of actions. Sources indicate that 'additive flame retardants' or 'intumescent coatings' are supposed to be added to polyurea coatings (i.e. in order to prevent them, in such wood coated surface situations, from turning into a giant candle when overheated, as they appear to have done in the Whittier Condominiums' fire).

Without such testing, it is difficult to know how the system of government we live in, or construction regulations, might be improved to reduce the likelihood such events from recurring in the future.

• "polyurea ... will burn when exposed to direct flame"    https://versaflex.com/support/faq/

• The effect of intumescent coating and additive flame retardants "intumescent coat is very effective in imparting flame retardancy to the samples": https://onlinelibrary.wiley.com/doi/abs/10.1002/pat.1963

WHEREFORE **Plaintiff** moves that this Court should enter any necessary orders to ensure (perhaps even compel) a site inspection which includes said chemical+ analyses, & for any other appropriate relief.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)   Date: ___3.13.2023___

Address:  _1750 30th St Suite A338, Boulder CO 80301_          Phone:  __303-351-4239__

| ☐ District Court  ☐ Boulder County  ☐ Boulder Municipal Court  ■ Federal Court  Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:                David William Dacres Shaver  Vs. Defendant(s):   Whittier Condominiums HOA  (City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)  David William Dacres Shaver  1750 30th St Suite A338, Boulder CO 80301  Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

### WRIT OF ASSISTANCE

### BY ORDER OF THIS COURT TO ANY LAW ENFORCEMENT WITHIN ITS JURISDICTION

You are directed to take possession of that which is salvageable, in the priority order given, of the personal property cited in the Judgment and Order for Possession or the Prejudgment Order for Possession After Hearing in a peaceful and orderly manner and to retain such property in custody until expiration of the time for filing of an undertaking for redelivery and for exception to the sufficiency of the bond or surety, unless Court orders a stay of delivery (i.e. CRCP 104(I), CRCCP 404, FRCP 64).

(1). If this cannot be accomplished, you are ordered to use to effectuate said Order such force or expertise (i.e. rope access technicians or Plaintiff assistance) as may be reasonably necessary to recover said property.  If the personal property or any part thereof is in a building or enclosure, you are directed to demand its delivery, announcing your identity, purpose, and the authority under which you act. If it is not voluntarily delivered, you shall cause the building or enclosure to be broken open in such a manner as you reasonably believe will cause the least damage to the building or enclosure, and take the personal property into your possession.  If necessary, you are directed to call to your aid the powers of your county, to aid in execution and enforcement of the accompanying Judgment and Order for Possession or Prejudgment Order for Possession After Hearing issued by this Court in the referenced matter.

You shall, without delay, serve upon Defendant(s) a copy of the Order for Possession and written undertaking by delivering the same to Defendant(s) personally, if Defendant(s) can be found or Defendant(s) agent for whose possession the property is taken; or, if neither can be found, by leaving them at the usual place of abode either with some person of suitable age and discretion; or if neither has any known place of abode, by mailing them to the last known address of either.

Signature of 'Clerk/Deputy Clerk':_____     Date: _____

Address: _____     Phone: _____