| | |
|---|---|
| ☐District Court ☐Boulder County ☐Boulder Municipal Court<br>■Federal Court<br>Address: 901 19th Street, Denver, CO 80294<br><br>Plaintiff:          David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                  (City of Boulder has been sent Notice) | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>03/13/2023<br>JEFFREY P. COLWELL, CLERK<br><br>Δ COURT USE ONLY Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address):<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**BRIEF IN SUPPORT OF COMPLAINT/REPLEVIN OR MOTION FOR PRELIM INJUNCTION**

**Standards for judgement on this issue appear to include FRCP Rule 64, CRCP Rule 104 &| 365**

**STATEMENT OF FACTS:**

Plaintiff believes that this brief relies upon the Verified Complaint, whose factual allegations & claim(s) demonstrate Plaintiff's entitlement to injunctive relief.  Other filings may include supplemental info.

**INTRODUCTION TO ISSUES:**

   Issues include whether the law, including Amendments to the U.S. Constitution, support replevin recovery of his personal property, and/or whether the law should allow for 'self-help'in repossession thereof, and/or whether a preliminary injunction should be temporarily provided to prevent the destruction of 2301 Pearl if it should prove necessary to prevent the destruction of Plaintiff's property:

   Historically, under English foundations of common law, a creditor was permitted to use self-help to recover possession of a 'chattel' that was wrongfully detained, provided this could be accomplished without breaching the peace.'  Blackstone's Commentaries on the Laws of England: "Recaption or reprisal is another species of remedy by the mere act of the party injured. This happens when any one hath deprived another of his property in goods or chattels personal, . . . in which case the owner of the goods . . . may lawfully claim and retake them wherever he happens to find them, so it be not in a riotous manner, or attended with a breach of the peace."]

[RULES]

   **1)** Forcible Self-help was reportedly effectively the original recourse, before Glanville's "Tractatus de legibus et consuetudinibus regni Anglie" ~invented a more procedural approach to the law, including 'replevin' to recover one's property.  Plaintiff's attempts at self-help repossession of his property have been repeatedly rebuffed; his suggestions of alternative methods (i.e. professional rope access techni-

cians, or robotic recovery) met only with silence, his requests for statutory or legal basis ignored.  What few excuses yet given, have largely had reference to insurance policies, rather than the letter or intent of any law.  The situation as it stands appears clearly not to be what the founders of the English legal system intended.  Even the 'Universal Commercial Code' of today (i.e. CRS 4-9-629,4-9-609(2)) shows clear basis for the intent of self-help retaking of one's own property, if you adopt the proper perspective (and some of Plaintiff's company's property, which he effectively lent to himself!, is on premises!).

    **2)** According to the United States' Constitution: The <u>5th Amendment</u> holds that "no person shall be ... deprived of life, liberty, or property, without due process of law .... ", and the <u>14th Amendment</u> says "no state shall ... deprive any person of life, liberty, or property, without due process of law .... ".  Colorado's constitution also contains a due process provision. Section 25 of Article II reads: "Due process of law. No person shall be deprived of life, liberty or property, without due process of law".  If the destruction of the property were allowed to occur before portions of this action were allowed to be decided on its merits, Plaintiff believes that would be a violation of due process.

    **3)** Further: U.S. <u>4th Amendment</u> rights. Under the <u>4th Amendment</u>, seizures of property must be reasonable under the circumstances. In <u>Segura v. United States, 468 U.S. 796 (1984)</u>, the Supreme Court clarified the interpretation of the <u>4th Amendment</u>, holding that the rights of owners to access their own property can only be delayed for the amount of time necessary to obtain any necessary warrant(s) for investigation. In <u>Chambers v Maroney, 39 U.S. 42 (1970)</u>, the Court held that the <u>4th Amendment's</u> prohibition on unreasonable seizures applies to the seizure of property as well as to the seizure of persons. In <u>U.S. v. Place, 462 U.S. 696 (1983)</u>, the Court held that seizures may become unreasonable because of their duration. In <u>Nardone v United States, 308 U.S. 338 340 (1939)</u>, the Court held that indirectly enforcing a long-term illegal seizure of residents' property is "inconsistent with ethical standards and destructive of personal liberty."  Other applicable precedents appear to include: <u>United States v. Jacobsen, 466 U.S. 109 (1984)</u>: In this case, the Supreme Court held that the <u>4th Amendment's</u> prohibition on unreasonable searches and seizures applies to the seizure of tangible property, such as packages. Also, <u>Soldal v. Cook County, 506 U.S. 56 (1992)</u>: In this case, the Supreme Court held that the <u>4th Amendment's</u> prohibition on unreasonable seizures applies to the seizure of

mobile homes, & that seizure of a mobile home must be reasonable under the circumstances.

**4)** Colorado Revised Statutes section (i.e. CRS § 24-10-103) lends support for a Cause of Action for Civil Rights violations. In this case, Plaintiff believes that his, and other residents, U.S. <u>4th Amendment</u> rights their own property were infringed upon. His attempts to peacefully use self-help to recover personal possessions were even met with force. {Prec: <u>'Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics'</u>, 403 U.S. 388 (1971)}. This case established that individuals have a right to bring a federal Civil Rights action for damages against officials who have violated their <u>4th Amendment</u> rights.

**5)** Plaintiff has not yet received results from requested investigations, into HOA ownership/agent changes*, or chemical analyses of building construction components. Plaintiff hereby formally requests (i.e. FRCP 33, 34, 36) Defendant(s) to provide such information. [*DNPC 21PR30635]

**6)** The argument in favor of a preliminary injunction is supported by C.R.C.P Rule 365, according to which injunctions may be granted in Colorado counties if after: "(c)(1) (a) it clearly appears from specific facts shown by affidavit or by the verified complaint or by testimony that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or the party's attorney can be heard in opposition, and (b) the plaintiff or the plaintiff's attorney certifies to the court in writing or on the record the efforts, if any, which have been made to give notice and the reasons supporting a claim that notice should not be required". Further, <u>Rathke v. MacFarlane (State of Colorado), 648 P.2d 648 (Supreme Court of Colorado, 1982)</u> established six factors for evaluation of injunctions in Colorado, which Plaintiff believes have been met <see below>.

**7)** In <u>United States v. James Daniel Good Real Property,</u> 510 U.S. 43 (1993), the U.S. Supreme Court held that the government must provide an opportunity for a pre-seizure hearing for property that is ~ subject to forfeiture, to ensure that a resident's property rights are protected.

[APPLICATION]

    Plaintiff is of the belief that immediate and irreparable injury, loss, or damage of the sorts outlined in the complaint may result to the Plaintiff if Defendant(s) are allowed to continue in their course of action. Plaintiff has supplied a verified action for replevin, and evidence, which it

believes should satisfy Rule 365's requirements for an injunction. We further believe that Plaintiff's complaint should succeed on the merits. Moreover, Plaintiff believes that the first four factors requested by the precedent of Rathke v. MacFarlane have been illustrated on the Motion for Preliminary Injunction; the fifth factor, that "the balance of the equities favors entering an injunction," can most likely be shown to be met in this case by comparing the potential loss of Plaintiff's property to that of the cost of delay (none of which Plaintiff believes should have been necessary if the City or HOA had facilitated recovery earlier). The sixth Rathke factor, "that the injunction will preserve the status quo pending a trial on the merits," would clearly have been easily met if the City or HOA had allowed access to the property as requested, months ago. Plaintiff's personal property is in jeopardy (which have received valuations in excess of the HOA's insurance limits alone), and assurances of full reimbursement , even of those items deemed 'replaceable' have not yet been satisfactorily provided by parties.  Any samples for chemical testing of building materials should be acquired before demolition.  Plaintiff believes that the apparent Civil Rights violations should also provide a basis for injunctive relief, and that issues such as these, and others outlined in the complaint, provide clear evidence of injustice that should be addressed before demolition may be allowed; further, that Defendant(s) are clearly attempting to obstruct Plaintiff's rights under U.S. law, including to due process, in deciding these matters.

[CONCLUSION]

For reasons including the foregoing, and relying upon the Verified Complaint, and any other materials presented, Plaintiff believes that this Court facilitate the approval of any other Motions of this Complaint supported hereby, should grant the Motion for a Preliminary Injunction if necessary, and/or order other actions as necessary to prevent destruction of the property without allowing Residents to rightfully recover their property, and/or support the granting of damages as relief.

[Plaintiff believes that time is of the essence in the Replevin Action of this Complaint, and thus has provided this initial brief with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)    Date: ___3.13.2023___

Address: __1750 30th St Suite A338, Boulder CO 80301_____    Phone: __303-351-4239_