| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294<br><br>Plaintiff:          David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>                   (City of Boulder has been sent Notice) | **FILED**<br>**UNITED STATES DISTRICT COURT**<br>**DENVER, COLORADO**<br>03/13/2023<br>**JEFFREY P. COLWELL, CLERK**<br><br>Δ COURT USE ONLY Δ |
|---|---|
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239  eMail:davidwshaver@yahoo.com | Case Number: |

## MOTION FOR JUDICIAL REVIEW OF FORUM & JURISDICTION CLAUSES

**Whereas the Astrobyte⇔Extensis Agreement contains jurisdictional constraints, i.e. the 'Forum Clause':**

"10.5 Jurisdiction: Extensis Corp, Astrobyte LLC, and the Shareholders hereby irrevocably submit to the personal jurisdiction of the state courts of the State of Oregon and to the personal jurisdiction of the United States District Court in Portland, Oregon, and all courts from which an appeal may be taken, solely for the purpose of any suit, action, or other proceeding arising out of or based upon this Agreement, and hereby waive *to the extent not prohibited by law*, and agree not to assert, by way of motion, as a defence, or otherwise, in any such proceeding, any claim that it or they are not subject personally to the jurisdiction of the above-named courts for such proceedings." [from **Exhibit J**]

**Plaintiff** hereby requests **Judicial Review** of the validity of these clauses, and answering these points: Determination as to whether: **A)** They're in violation of the **14th Amendment** of the U.S. Constitution, guaranteeing an individual not be deprived of life, liberty, or property without "due process of law." (Particularly given that Plaintiff doesn't currently have significant contacts in the forum state to maintain a suit without offending traditional notions of fair play and substantial justice). **B)** Jurisdictional clauses are otherwise too restrictive, or if they do not meet the standard of reasonableness. **C)** There is a sufficient connection between Oregon and this case's claims in order to justify a lawsuit in Oregon under the circumstances. **D)** Found to be in violation of the principle of 'Forum Non Conveniens'. **E)** Whether the later purchase of Extensis by Japanese 'Celartem' violated the intent of the clauses. **F)** Later Supreme Court decisions (i.e. non-resident plaintiffs against non-resident owners) abrogated them.

**WHEREFORE, Plaintiff** Moves that if necessary due to failure to recover personal possessions (i.e. in order to facilitate replacement of Stock Certificates), or reasonable and just (i.e. to determine damages), this Court should perform a review of said Forum Clause, & for any other relief deemed just & proper.

Signature of 'Plaintiff': _/s/ David W Shaver_   /s/David W Shaver   (PRO SE)   Date: _3.13.2023_

Address: _1750 30th St Suite A338, Boulder CO 80301_          Phone: _303-351-4239_

| ☐District Court ☐Boulder County ☐Boulder Municipal Court ■Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:　　　　　　David William Dacres Shaver<br>Vs. Defendant(s):　　Whittier Condominiums HOA<br>　　　　　　　　　　(City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se'Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL REVIEW OF JURISDICTION CLAUSES**

This Complaint is 1st and Foremost due to a Replevin Cause of Action, requiring Colorado jurisdiction

Plaintiff further believes that original intent of jurisdiction clauses is met by modern videoconferencing

　**I.** Introduction : • The Astrobyte⇔Extensis Merger Agreement contains "Forum Clause"(s) that ~require any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts of the State of Oregon and the United States District Court in Portland, Oregon. The Plaintiff in this case is requesting judicial review of the validity of jurisdictional clauses, arguing that given circumstances, they may be in violation of the 14th Amendment of the U.S. Constitution, and/or too restrictive, and/or does not meet the standard of reasonableness, and/or violate the principle of Forum Non Conveniens. Plaintiff further notes that the intents of the original contract have been a) broken in multiple mergers with out of jurisdiction partners, and/or b) met by modern videoconferencing

　**II.** The Forum Clause appears to be in violation of the 14th Amendment of the U.S. Constitution in this situation • The 14th Amendment of the U.S. Constitution guarantees that no individual shall be deprived of life, liberty, or property without "due process of law." • The Forum Clause in the Astrobyte⇔Extensis Merger Agreement requires the Plaintiff to submit to the personal jurisdiction of the state courts of Oregon and the United States District Court in Portland, Oregon, even though the Plaintiff does not currently have significant contacts in the forum state. • This requirement offends traditional notions of fair play and substantial justice, and therefore may violate the Plaintiff's right to due process of law in related matters, as guaranteed by the 14th Amendment of the U.S. Constitution.

　**III.** The 'Forum Clause' in the Astrobyte⇔Extensis Merger Agreement may be too restrictive under the circumstances, and does not meet the standard of reasonableness herein.  It requires any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts

of Oregon and the United States District Court in Portland, Oregon, even if there is a more appropriate forum for the case. This requirement is excessively restrictive and does not take into account the convenience of the parties or the location of the witnesses and evidence.

**IV.** The Forum Clause violates the principle of Forum Non Conveniens in this case • The principle of Forum Non Conveniens holds that a court may decline jurisdiction over a case if the claim could be more appropriately heard in another forum. • The Forum Clause in the Astrobyte⇔Extensis Merger Agreement requires any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts of Oregon and the United States District Court in Portland, Oregon, even if there is a more appropriate forum for the case. • This requirement violates the principle of Forum Non Conveniens.

**V.** Case Precedents • There is a significant body of case law that supports the plaintiff's argument that the forum clause in the Astrobyte⇔Extensis Merger Agreement is inapplicable. • For example, in the case of International Shoe Co. v. Washington, 326 U.S. 310 (1945), the Supreme Court of the United States held that a state cannot exercise personal jurisdiction over a nonresident defendant unless the defendant has certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

• The plaintiff in this case does not currently have significant contacts with the State of Oregon, and the Japanese company Celartem, which later purchased Extensis, does not necessarily have personal jurisdiction in Oregon. • Therefore, the requirement that any suit, action, or other proceeding arising out of or based upon the agreement must be brought in the state courts of Oregon and the United States District Court in Portland, Oregon, would offend traditional notions of fair play and substantial justice.

• Similarly, in the case of Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), the Supreme Court of the United States held that a forum selection clause will be upheld unless it is "unreasonable" under the circumstances. In this case, the forum clause in the Astrobyte⇔Extensis Merger Agreement is overly restrictive and does not take into account the convenience of the parties or the location of the witnesses and evidence. Therefore, it would be considered "unreasonable" under the circumstances.

• In the case of Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981), the Supreme Court of the United

States held that a court may decline jurisdiction over a case if the claim could be more appropriately heard in another forum. In this case, the Forum Clause in the Astrobyte⇔Extensis Merger Agreement violates the principle of Forum Non Conveniens by requiring any suit, action, or other proceeding arising out of or based upon the agreement to be brought in the state courts of Oregon and the United States District Court in Portland, Oregon, even if there is a more appropriate forum for the case. Causes and property locations in this case require Colorado jurisdiction to resolve.

**VI.** Further U.S. Supreme Court decisions that have clarified the limits of personal jurisdiction over non-resident defendants in state courts:

1. Daimler AG v. Bauman, 571 U.S. 117 (2014): The Court held that a corporation's contacts with a state are not enough to establish general personal jurisdiction over the corporation in that state, unless the corporation is "at home" in the state.

2. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011): The Court held that a state court cannot exercise specific personal jurisdiction over a non-resident defendant unless the defendant's contacts with the state are related to the plaintiff's claim.

3. J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873 (2011): The Court held that a state court cannot exercise specific personal jurisdiction over a non-resident defendant unless the defendant has "purposefully directed" its activities at the state and the plaintiff's claim arises from those activities.

4. Bristol-Myers Squibb v. Superior Court (2017): This case clarified that a state court's exercise of specific personal jurisdiction over a non-resident defendant is constitutional only if there is a connection between the defendant and the forum state that is sufficient to make it fair and reasonable to require the defendant to litigate in that state.

**VII.** Conclusion

In light of these reasons, arguments and precedents, and particularly given the Colorado jurisdiction required by the current situation, Plaintiff respectfully requests that, if appropriate, the Court should grant the Motion for Judicial Review of the Astrobyte⇔Extensis Merger Agreement Jurisdiction Clauses & declare the clauses inapplicable, in interpreting the entirety.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)   Date: ____3.13.2023____

Address: __1750 30th St Suite A338, Boulder CO 80301__   Phone: __303-351-4239__