| | |
|---|---|
| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>☒ Federal Court<br>Address: 901 19th Street, Denver, CO 80294<br><br>Plaintiff:                David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                        (City of Boulder has been sent Notice) | FILED<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br>03/13/2023<br>JEFFREY P. COLWELL, CLERK<br><br>Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

**MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (α-ALPHA)**

Plaintiff believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if in order to replace Astrobyte⇔Extensis Merger Consideration / Extensis & ImageX stock certificates, [Exh:D] and/or acceptable expressed or implied valuation of the consideration thereof, and/or damages:

| | |
|---|---|
| Celarte(m)/Extensis Corporation 503-274-2020 : 1500 SW 1st Ave #680, Portland, OR, 97201 Toby Martin "CEO" (Historically Plaintiff negotiated primarily with Craig Barnes, Randy Hill) | MoyeWhite (historically MGOVG) 303-292-2900, 1400 16th St., 6th Floor, Denver, Colorado 80202 Ed Naylor (original merger contract author), Charles Luce, {Later: Billy Jones} : "Attorneys" |
| Image X Corporation 925-474-8100: 5990 Stoneridge Dr Pleasanton, CA, 94588 Glen Douglas "Owner, President & Chief Executive Officer" | FedEx / Kinkos Corporation, 901-818-7500, 942 South Shady Grove Road, Memphis, TN, 38120 Clement Edward Klank III "Corporate Vice President Securities/Corporate Law" |
| Oregon DSL 503-986-5200 : 775 Summer St. NE, Suite 100, Salem, OR, 97301 Tobias Read : "Treasurer" | CreativePro.com 312-252-1292 : 14241 NE Woodinville Duvall Rd 285, Woodinville, WA, 98072 : David Blatner : "President" |

Adobe Ventures, Inc : 345 Park Avenue, San Jose, CA, 95110 : Scott Belsky : 'President'
Quark (Software), Inc : 1225 17th Street, Suite 1200 Denver CO, 80202 : Martin Owen : 'CEO'

**WHEREFORE, Plaintiff** Moves that under the conditions given in the Complaint, and if after a review of any associated Motions or other filings should reveal it to be appropriate, this Court should permissively Join any of the above parties and if so, preferably provide leave to amend the Complaint, to add Causes for Legal Malpractice &/| Promissory Estoppel &/| Negligence/Infliction of Emotional Distress &/| Trade Secret Misappropriation &/| Breach of Contract &| Fiduciary Duty &/| Fraudulent Transfer (by 'successor in interest'◆) &| Reformation, &| AntiTrust, & for any other relief deemed just & proper.

Signature of 'Plaintiff': _[signature]_ /s/David W Shaver    (PRÓ SÉ)    Date:    3.13.2023

Address:   1750 30th St Suite A338, Boulder CO 80301                    Phone:   303-351-4239

| | |
|---|---|
| ☐District Court  ☐Boulder County  ☐Boulder Municipal Court<br>                                                          ■Federal Court<br>Address: <u>901 19th Street, Denver, CO 80294</u> | |
| Plaintiff:              David William Dacres Shaver<br>Vs. Defendant(s):    Whittier Condominiums HOA<br>                      (City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239  eMail:davidwshaver@yahoo.com | Case Number: |

**PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (α-ALPHA)**

Plaintiff includes this bank of Joinders and Memoranda in order that matters associated with Plaintiff's property which is threatened with destruction (which might otherwise be addressed at a later date in other jurisdictions if he is able to recover said property via Replevin), may be handled here if necessary.

Plaintiff was a relative computer 'prodigy' for his day: nearing the end of high school, he was invited to participate in a programming competition with competitors coming from 5 neighboring states, taking 2nd place by himself for teams of three. Plaintiff historically owned his own companies since ~1980 [<u>Exh:G</u>] (registered as Moebius Software Consulting and Software Forge), then started at Quark Inc., while attending university, in 1987. (While there, he developed the original 'XTensions' User Interface, upon which work many companies & products were based [i.e. <u>Exh:J-p61</u>]). After Quark's representations to him that engineers would share in their financial success failed to come to any significant fruition (i.e. even claims that engineers would receive a share of the proceeds during a contemplated sale to 'Claris'), he co-founded AstroByte LLC with 3 other ex-engineers. After discussions which indicated that this should result in an appropriate monetization of the experiences they'd had at Quark, Astrobyte agreed to merge with Extensis, signing in 1/1998. However, after moving to Oregon, months later it became quite clear that Extensis was not going public on schedule as they had claimed they would; Plaintiff was terminated◊ from the combined company ~within the year, and instead the company briefly changed its name to 'CreativePro.com©', and solicited Plaintiff's support for a sale to ImageX by claiming that it would fulfill their monetization representations instead [<u>Exh:K</u>]. Plaintiff never intended to agree to any liquidation prior to reaching represented levels, and Plaintiff was facially barred from pursuing the matter legally due to numerous jurisdictional constraint clauses in the

Page 1

merger agreement (and verbal legal claims by the attorneys who authored the contract(s)).  Plaintiff instead has kept the stock certificates, along with provenance, in the hopes that they might be worth more as a collectors item someday than the relative pittance currently said to be held by Oregon 'Department of State Lands'[+] (or that events might unfold which allowed for a successful enforcement of original intents).  Plaintiff hopes that his certificates will be recoverable from the 2301Pearl39 property, as otherwise from Plaintiff's perspective, a breach of contract due to the consideration's loss of potential in avenues of recoverability due to destruction of the security instruments could effectively occur in the present.  'Extensis' and other 'successors in interest'[♦]UCC§2-210 have inhabited the same address, shipping many of the same software products, and benefiting from inheritances from their merger with Astrobyte, including customer lists {Prec: Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc., No. 819CV00642JLSJDE, 2019 WL 2177262, at *5–8 (C.D. Cal. May 20, 2019) : DTSA, 18 U.S.C.§1839, granted prelim injunction to protect customer lists}, ever since; CRS§7-74-102(4), ORS§646.461(4).  Parties who may be included in any chain of 'successor in interest'[♦] inheritors to Astrobyte & Extensis merger values {Astrobyte⇔Extensis signing occurred 1/6/1998 (for equity, with a wide range of valuations having been provided in earlier months, including 'term sheet'[⊕] style discussions, and claims of an imminent IPO within several months) https://www.zdnet.com/article/extensis-and-astrobyte-plan-to-merge}{Extensis was renamed CreativePro.com[⊗] at a stockholders meeting in ~1999, at which Plaintiff cast the only vote against changing the name, the rationales given having appeared to Plaintiff as dubious & likely to muddy the waters and/or confuse the customers; rather than the I.P.O. they had originally promised, their acquisition by ImageX occurred 6/22/00, which Plaintiff had been persuaded to agree to via claims, even press releases, indicating that they would be ~meeting their original valuation claims for Extensis' IPO therein (the acquisition originally claimed to be for $87.1 million in stock and $9.9 million in cash) in the acquisition they indicated that obtaining access to Extensis' customer base was a primary reason https://www.nytimes.com/2000/03/21/business/company-news-imagexcom-to-buy-creativeprocom-software-rival.html} **[in much later research, Plaintiff was able to determine that ImageX was also funded by Adobe[@] Ventures, whom one of Extensis' Directors represented (as**

**well as Hambrecht & Quist**)] {Shortly thereafter, 9/9/2002, ImageX sold the Extensis assets to the Japanese Celartem Corporation (who appear to have formed a U.S. branch to facilitate), for a **much** lower valuation than any given to Astrobyte principals just a few years earlier ($9m in cash, plus potential $2m performance bonus) https://whattheythink.com/news/15713-imagex-sell-extensis-celartem-technology-90-million **with no explanation as to what happened to the originally additional claimed ~$90m value**}{ImageX⇒ Kinkos 5/2003 (claimed to be a '$16.5 million merger') https://whattheythink.com/news/18829-kinkos-completes-imagex-acquisition-announces-printing}{Kinkos⇒FedEx 12/31/2003 ($2.4 billion in cash plus assumption of debt)}{CreativePro.com⇒Publishing Secrets 5/2013}.

[**Adobe**@ **Inc being Quark Inc's primary competitor at the time, who ~simultaneously hired away multiple Quark & Extensis Engineers, and Managers {Dave Stephens, Parviz Banki, James Jardee-Borquist, John Chaffee, Michael Ninness}, shown on LinkedIn.com], belying I.P.O. claims of Adobe Ventures' representative.**

{Actions of these potential Defendant(s), or their erstwhile representatives shown in Bank (**Δ-DELTA**) may also constitute attempts to monopolize the desktop publishing, creative, or other software markets, potentially infringing upon the Clayton Act, 15 U.S.C. § 15(a), i.e. by violations of the Sherman Act, 15 U.S.C. §1, 2 et seq}, which Plaintiff believes may warrant **Anti-Trust** causes of action(s) in response. ['Hambrecht & Quist', Extensis' financiers, were reportedly a financier of both Adobe and Apple, and should not have facilitated any monopolistic anti-competitive behavior].

[Among other grounds, 'continuing violations' doctrine should allows for recovery: "... accrual of a breach of contract cause of action commences upon the occurrence of the last breach or upon termination of the contract." {Prec: Allapattah Servs., Inc. v. Exxon Corp., 188 F.R.D. 667, 679 (S.D. Fla. 1999), aff'd, 333 F.3d 1248 (11th Cir. 2003), aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005); see also Roberta L. Marcus, Inc. v. New Cingular Wireless PCS, LLC, No. 12-20744-CIV, 2013 WL 12093810, at *3 (S.D. Fla. Apr. 29, 2013)}. Plaintiff contends that 'Extensis' and 'successors in interest'♦ to the **Astrobyte⇔Extensis Merger**, even those who have continued to do business at the same location to this day, continue to use property

such as customer lists, thus ~'continuing tort' doctrine applies.  Further, minions or ~collection agents of the Oregon Department of State Lands have continued ~harassment of Plaintiff and his family members for decades (some even reportedly claiming that he was dead) to the present.

⊕Moreover, 'Term-Sheet' style discussions of the merger's valuation, which Plaintiff has email evidence of {Prec: SIGA Technologies, Inc. v. PharmAthene, Inc..67 A.3d 330 (Del. 2013)}, have never yet been close to being met], which Plaintiff believes should qualify as a ~Breach or majority 'Failure of Consideration'.

The conduct of Plaintiff's attorneys, whose primary stated objections have been financial, appears highly questionable to him (i.e. refusing to defend or enforce the contract they had developed, which makes statements in parts like "...this Agreement is also binding upon my heirs and legal representatives...", which they don't seem to think includes themselves!?, even professing an unwillingness to provide any ongoing legal support whatsoever for Plaintiff's efforts to do the same) and further appears to indicate violations of the intents of CRPC 1.1, 1.3, 1.4, 1.7, 1.16+ (though an analysis of the full extent, or enforcement or penalisation thereof might require demonstrating 'collectibility'/'proof of infringement upon'/'breach of' the merger contract without their assistance anyhow).

Plaintiff believes that examination of the merger documents they developed should in and of itself clearly indicate failure(s) of the intent of consideration (which they made no mention of in defence discussions, nor the concepts of 'continuing tort' nor 'successor in interest'♦ either), as by comparison to representations, should not reasonably warrant such a contract of claimed ~infinite 'binding' duration. Plaintiff has never yet 'surrendered' his stock certificates as contemplated in [*Exh:J*] Article III, section 3.3 "Shareholder Rights", and it is unclear as to how even some sort of exercise of its section 3.5 "Lost Certificates", even if revalued and/or inflation compensated for, might somehow make Plaintiff whole under the circumstances.  Plaintiff believes that it is clear from the merger documents alone that he did not intend to agree to any 'transaction' in which an 'Extensis' or other entity inheriting binding obligations of ~infinite duration continued to exist, while further still retaining values inherited from him,

along with any compounding by forcing the ~cashing of any investment potential.

 Before negotiating with Extensis, Astrobyte's stockholders had initial discussions with Quark Inc., to be acquired & develop something tentatively named 'WebXPress' , which were effectively rebuffed; Quark's owners did not appear to be all that interested in the technology or the internet yet (which was a word that wasn't even in the dictionary that was shipped with the QuarkXPress product at the time), though they did make a tentative offer to acquire Astrobyte LLC at ~around the year's gross revenues, which Plaintiff's books indicated was likely quite undervalued, particularly in comparison to the offers made by Extensis [Later owners of Quark apparently changed their minds, and Astrobyte's 'BeyondPress' technology has been effectively assimilated into their products, which practice apparently still continues in recent releases unto this day]

 From Plaintiff's perspective, by continuing to use code in their products which was developed by Plaintiff (while effectively in breach of multiple representations of financial compensation which he had received, and/or in a state of 'ongoing torts') as well as assimilating the features of his independently developed products, Plaintiff believes that parties are violating the intents of the UTSA (which both Colorado and Oregon have adopted), which could effectively amount to misappropriation of trade secrets.  Likewise, the Federal 'Trade Secrets Act's 18 U.S.C.§§1831-1839. Further, the Colorado Consumer Protection Act CRS§6 prohibits unfair or deceptive trade practices.  Further, The Federal Digital Millennium Copyright Act (DMCA) provides legal protections for copyrighted works, including software code.  DMCA§§1201-1202 prohibits the circumvention of technological measures used to protect copyrighted works, such as software code, and provide other legal remedies for violations, including injunctive relief and damages. Plaintiff believes that the actions of multiple parties has effectively amounted to efforts at circumvention of the intents of intellectual property laws, and this Act...

 [Hospital records may be obtained from Oregon supporting Emotional Distress Cause+◊s]

[Plaintiff believes that time is of the essence in addressing the Replevin Cause of this complaint, and thus has provided this initial memorandum with the intention of amending via Rule 15 or as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)    Date: ____3.13.2023____

Address:  _1750 30th St Suite A338, Boulder CO 80301_    Phone:  _303-351-4239_

| | |
|---|---|
| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>■ Federal Court<br>Address: <u>901 19th Street, Denver, CO 80294</u> | |
| Plaintiff:   David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>(City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

**MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (β–BETA)**

Plaintiff believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if in order to determine damages or otherwise (i.e. due to forced removal of possessions in Colorado Jefferson County Case #21C417 {i..e 5.19.2021 #51 "Damages", #57, etc} or Denver Probate Case #2021PR30635 {07.30.2021 "ANSWER ..." inc. "5) Defence #5: Irreparable Harm(s), etc}):

| | |
|---|---|
| Brian A Shaver 'Personal Representative' : <u>The Estate of Marvin D Shaver</u> : (970) 690-3845<br>3839 Precision Dr, Unit B, Ft Collins, CO 80528 | Susan E. Dacres Shaver 'Mother & Ex-Wife of Marvin D Shaver' : <u>Family</u> : (720) 425-2539<br>306 Aspen Lane, Golden, CO 80401 |
| Dawn M Handler 'Trust Officer' and <u>Members Trust Company</u> : (720) 482-2501<br>501 S. Cherry St., Ste 440, Denver, CO 80246 | John Largent 'President' : <u>Members Trust Company</u> : (888) 727-9191<br>14055 Riveredge Dr, Suite 525, Tampa, FL 33637 |
| Rebecca Schroer 'Partner', Richard G. Kiely 'Attorney' : <u>Holland & Hart LLP</u> : (303) 295-8586<br>555 17th Street, Suite 3200, Denver, CO 80202 | Ephraim Hilliard 'Claim Director, North America Property Claims' : <u>Chubb</u> : (720) 660-1226<br>2155 W Pinnacle Peak Road, Phoenix, AZ 85027 |

**WHEREFORE, Plaintiff** Moves that if after review of the Complaint, and the above ~associated Case Filings, this Court should determine it to be appropriate, this Court may permissively Join any of the above parties and if so, preferably provide leave to allow amendment of the Complaint to add Causes for Negligence &/| Breach of Contract(s) | Trust &/| Fiduciary Duty &/| Surcharge &/| Legal Malpractice &| Conspiracy, if appropriate (if this will allow this Court to effectively fully determine matters {i.e. without obstructing the ability to file further actions which may otherwise be necessary}), maybe even Reopen/Consolidate/Appeal cases somehow if possible, and/or allow for Redemption of the family ancestral home, and for any other relief deemed just & proper.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: ___3.13.2023___

Address:  __1750 30th St Suite A338, Boulder CO 80301__   Phone: __303-351-4239__

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff: David William Dacres Shaver<br>Vs. Defendant(s): Whittier Condominiums HOA<br>(City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

**PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (β–BETA)**

Plaintiff includes this bank of Joinders and Memoranda in order that matters associated with Plaintiff's property which is threatened with destruction may be handled here if appropriate.

{See Also: Jefferson County Case#21C417 {i..e 5.19.2021 Complaint: #51 "Damages", #57, etc} or Denver Probate Case#2021PR30635 [DNPC] {i.e. 07.30.2021 "ANSWER ..." inc. "4) Defence #4: Failure to Join Indispensable Party: ...Respondent is in possession of stock certificates ... should be worth considerably more than the amount requested by Trustee"…"5) Defence #5: Irreparable Harm(s), ... a) Moving of Respondent's items in storage could lead to significant property loss or damage. ..."}.

In DNPC {1.17.2022, as shown in Exhibit 19 & Declaration, #14}, Plaintiff also recommended an investigation into why 'Sentry Property Management', with offices in Tampa Florida (reportedly owned by a 'James W Hart', etc) ~acquired the Whittier HOA, proximally along DNPC court filing dates. John Largent 'President' of Members Trust Company, also in Tampa Florida, was copied.

The Federal CERCLA§107 and RCRA§7003, both appear to indicate that law of joint and several liability may apply to any applicable such environmental issues, as raised in those cases {i.e. Creosote EOL releases, reported Septic leaks}+Asbestos, and thus multiple parties may be affected. {Prec: U.S. v. Ottati & Goss, Inc., 630 F.Supp. 1361. (D.N.H. 1985). 11 42 U.S.C. ? 6922 (1988)}. Other issues may infringe upon 15USC§80a{33,35?} | 9USC§4. Trustee's attorneys, 'Holland and Hart' also did not reveal conflicts of interest, while fighting ~tooth and nail to obstruct Plaintiff's efforts to recover 'Merger Consideration' in order to retain the family residence (nor willing to provide guarantees that it could be used even if recovered), and Plaintiff thinks that any recovery thereof may further support a cause of Trustee's joinder[...initial memorandum with the intention of amending later (Rule 15) | as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: ___3.13.2023___

Address: _1750 30th St Suite A338, Boulder CO 80301_          Phone: _303-351-4239_

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ☒ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff: David William Dacres Shaver<br>Vs. Defendant(s): Whittier Condominiums HOA<br>(City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (γ-GAMMA)**

Plaintiff believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if in order to determine damages which may have been contributed to by the City of Boulder or its Departments. [Reference: Boulder 11/9/21 **PD Report C#:21-10021§,** 12/21 **Report #:21-11210 Complaint #:G176765*].** City of Boulder has been sent ~Claim Notice, but a reply has not yet been received (they were supplied, however, with filings inc. 4th amendment precedents as early as 12/21*).

| Boulder Police Department 303-441-3333 : 1805 33rd St, Boulder, CO 80301 : Sarah Cantu : "Detective" **§ and/or** Brandon Brisco : "Officer" * | Boulder Colorado Fire & Rescue 303-441-3350 : 1777 Broadway, Boulder, CO 80302 Michael Calderazzo : "Boulder Fire Chief" (cc **§**) |
|---|---|
| Boulder Municipal Court 303-441-3350 : 1777 Broadway, Boulder, CO 80302 Chris Reynolds : "Boulder City Prosecutor" | Charles Taylor Engineering Tech. Services 303.425.7272 : 5926 McIntyre Street, Golden, CO 80401 Tammy Wainright: 'Operations Support Mgr' |
| Sentry Property Management 407-788-6700 : 2180 W State Rd 434 St 5000, Longwood Fl James Hart : 'Owner' | Bradley Pomp : 'President' | American Family Mutual Insurance Company : (608) 249-2111 : 6000 American Pkwy., Madison, Wisconsin 53783 **:** William B. Westrate : 'CEO' |
| CorVel Corporation : 1180 Iron Point Rd., Suite 300 : Folsom, CA 95630 : Michael Combs : 'CEO' ||

**WHEREFORE, Plaintiff** Moves that if after review of the Complaint, and the above ~associated Case Filing(s)/report(s), this Court should determine it to be appropriate, this Court may permissively Join any of the above parties, preferably provide leave to allow amendment of the Complaint to add Causes for Intentional Interference With Property Rights, and/or Interference With Right of Way and/or Right of Common, and/or Violation of Civil Rights, & for any other relief deemed just & proper.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: 3.13.2023

Address: 1750 30th St Suite A338, Boulder CO 80301   Phone: 303-351-4239

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ☒ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:            David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>                        (City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

**PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (γ-GAMMA)**

 Plaintiff believes that his U.S. 4th Amendment property rights should be respected and he should be allowed to use "self-help" to recover his irreplaceable personal possessions from the partially fire-damaged condominium, particularly given that he is an engineer and thinks the structure sufficiently safe enough, having had some rope climbing experience, with the risk/reward being what it is, and given the circumstances by which he was deprived of the use and enjoyment of his possessions. Plaintiff has offered to utilise AD&D insurance, and would be quite willing to accept appropriate safety precautions also : Plaintiff believes that there should be no legal justification preventing him from accessing his own property, and that the government's actions constitutes an unjust taking under the 5th Amendment.

 • In addition to discussions with Boulder Police and Fire and Rescue personnel at the scene of the fire, the night thereof, (in which they claimed that residents would be allowed back in within a day) Plaintiff the next day spoke with Detective Sarah Cantu at their headquarters the next morning, in which conversation she opined that it would be two days • Within the next week or so Plaintiff met with HOA and Fire and Rescue and personnel at the fenced off scene (even provided one with a map), who were unwilling to assist, claiming that the police department was obstructing access; members of the HOA and City both later claimed that their insurance policies were a primary obstacle • It was recommended that Plaintiff attend HOA meetings, in which he expressed his opinion that other potential recovery methods should be available, including rope access technicians (potential training available locally for residents) - Boulder even being home to a dedicated climbing school, robotic recovery, etc.

**+See [BRIEF IN SUPPORT OF REPLEVIN OR MOTION FOR PRELIM. INJUNCTION]**

[Plaintiff believes that time is of the essence in the Replevin Action of this Complaint, and thus has provided this initial memorandum with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)    Date: _3.13.2023_

Address: _1750 30th St Suite A338, Boulder CO 80301_        Phone: _303-351-4239_

| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
|---|---|
| Plaintiff:         David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                  (City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**MOTION FOR PERMISSIVE JOINDER OF THIRD PARTIES IF APPROPRIATE (Δ-DELTA)**

Plaintiff believes that permissive Joinder under FRCP Rule 20 may possibly be appropriate in this Complaint, for those historical founders, and/or majority shareholders, and/or officers of the entities dealt with, if perhaps it should somehow be shown that they may be jointly or severally liable for their decisions or actions or the results thereof. Current addresses have not yet been entirely determined; Last known/reported apparent cities of home residence shown below each group.

Tim ? Gill {was: 'Vice President of Research & Development' and Founder, Quark Inc.}

Farhad ('Fred') Ebrahimi {was: 'President', Quark Inc.}

Denver, Colorado

Ralph Gustav Risch {was: 'Manager' of Astrobyte LLC + 'Director' of AEL, etc}

Brian Robert Bucknam {was: 'Manager' of Astrobyte LLC + 'Director' of AEL, etc}

Craig Wallace Barnes {was: 'President' of Extensis Corp.}

Randy Clark Hill {was: 'Vice President' of Extensis Corp.}

Doug Downs {was: 'Chief Financial Officer' of Extensis Corp.}

Lee James {was: 'Director' of Extensis Corp.}

Portland, Oregon

Standish O'Grady {was: 'Director', (via 'Adobe Ventures' & Hambrecht & Quist?) of Extensis Corp.}

Nevada

**WHEREFORE, Plaintiff** Moves that if after review of the Complaint, and associated Motions or other, this Court should determine it to be appropriate, this Court may permissively Join any of the above parties, preferably potentially allow amendment of the Complaint to add Causes listed in Joinder Bank:(α-ALPHA) &| Conversion &| Conspiracy &| Fraud & for any other relief deemed just & proper.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: ___3.13.2023___

Address:  _1750 30th St Suite A338, Boulder CO 80301_           Phone: ___303-351-4239___

| | |
|---|---|
| ☐ District Court  ☐ Boulder County  ☐ Boulder Municipal Court<br>■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | |
| Plaintiff:         David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                  (City of Boulder has been sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail: davidwshaver@yahoo.com | Case Number: |

**PRE-PLEADING MEMORANDA IN SUPPORT OF MOTION FOR JOINDERS (Δ-DELTA)**

Plaintiff includes this bank of Joinders and Memoranda in order that matters associated with Plaintiff's property which is threatened with destruction (which might otherwise be addressed at a later date in other jurisdictions if he is able to recover said property via Replevin), may be handled here if necessary.

These individuals have been included given that Majority Shareholders / Owners / Officers may have Joint and Several liability in some circumstances for the decisions they participated in

Potentially applicable precedents:

• A corporate officer may be held individually liable for conversion (WRT shares of stock, including unauthorised alterations of stock conditions) "if he participated in, or had knowledge of and assented to, the wrongful conduct." {Prec: Sandor Petroleum Corp. v. Williams No. 3418, Texas 1959};

• Directors/officers can be held negligent in accepting a buyout price per share without sufficient inquiry or advice on the adequacy of the price {Prec: Smith v. Van Gorkom, 488 A.2d 858 (Del. 1985);

• Business partners owe more than a general sense of honor among one another; rather, they owe "the punctilio of honor most sensitive." {Prec Meinhard v. Salmon, 164 N.W. 545 (N.Y. 1928)}.

• Manipulating multiple shell corporations to give the illusion that a company was fulfilling its promise to go public when instead it may have been a ruse calculated to eliminate competition might qualify as a 'sham to perpetuate a fraud' {Prec: Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986)}

• Parties may also be 'successors in interest', by virtue of inheriting values obtained via relationships.

[Plaintiff believes that time is of the essence in the Replevin Action of this Complaint, and thus has provided this initial memorandum with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRÓ SÉ)   Date: ____3.13.2023____

Address:  1750 30th St Suite A338, Boulder CO 80301                    Phone:   303-351-4239