| | |
|---|---|
| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | **FILED**<br>**UNITED STATES DISTRICT COURT**<br>**DENVER, COLORADO**<br>03/13/2023<br>**JEFFREY P. COLWELL, CLERK** |
| Plaintiff:        David William Dacres Shaver<br>Vs. Defendant(s):   Whittier Condominiums HOA<br>                  (City of Boulder has been sent Notice) | Δ **COURT USE ONLY** Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number: |

**Pre-Pleading Memoranda of Law in support of Motion For Permissive Joinder of Attorneys**

   **Whereas** Plaintiff has encountered difficulties which he considers excessive in obtaining the cooperation of the attorneys who developed the Astrobyte->Extensis Merger documents. After informing 'Ed Naylor' that his documents were inaccessible in his apartment, his firm eventually supplied Plaintiff with an electronic copy of said document (though they refused to use the professionals at a nearby Kinkos to scan the document, instead belatedly supplying one scanned in-house with many pages at varying angles [Exh_J]). A distilled affidavit of interactions with them may be filed if attorney-client privilege issues can be sufficiently protected. Although they have been informed that their behavior appears likely to be in conflict with CRPC, they do not seem to care. Examination of the merger documents shows that at the very end of the process, after the merger was signed, they ~slip-streamed a 'Form of Opinion' letter [Exh_J-p67 available sealed], signed only by themselves, which makes statements which appears to opine that they don't consider themselves to generally guarantee the quality of their work, or at the very end, even be required to adhere to CRPC at all.

Plaintiff posed a Question on the matter to AI (several modifications), receiving the following response:
**Question:** If a legal firm 'Moye+' were to develop a (relatively expensive) contract for 'AstroLLC' (an Colorado LLC with three owners) to perform a merger with 'ExtCorp', and it turned out after the contract had been signed that one owner did not receive the financial consideration bargained for (with the other two owners willing to accept much less, largely due to each being married, one with children), would it be legal and/or ethical for 'Moye+' to refuse to defend or enforce the merger contract for the injured owner upon 'ExtCorp' or assigns, while claiming as justification:

   1. 'Moye+' also did not think legal action was reasonable because the injured owner did not have

said merger consideration available for a large enough 'war chest' to defeat the opposition, to cover the ongoing expenses of 'Moye+' in such a legal battle (though written representations by officers of 'ExtCorp' of what the value of the financial consideration should have been, would be much more than enough to cover any projected costs, and 'Moye+' had been very well paid to develop the merger contract).

 2. 'Moye+' effectively did not think that the contract which they had designed for the merger of 'AstroLLC' and 'ExtCorp' turned out to be enforceable under the conditions (though they had not warned of such conditions before signing).

 3. Since all owners did not receive identical outcomes, 'Moye+' considered that to constitute a conflict of interest : thus the injured owner should seek alternate representation.

 Moreover, if 'Moye+' were to refuse further representation (stating as sole grounds that they consider the matter closed), what legal basis might they have for that, and would they be allowed to refuse questions from replacement representation about or on interpretations of their contract (with legal basis as to why)?, and what could or should the injured owner do about it?

**Answer:** In the context of Colorado and U.S. law, it would not be legal or ethical for a legal firm like Moye+ to refuse to defend or enforce the merger contract for the injured owner of AstroLLC upon ExtCorp or assigns, using the justifications you provided.

 The Colorado Rules of Professional Conduct (CRPC), which govern the ethical conduct of attorneys in the state, set out the standards of conduct for lawyers. Rule 1.3 of CRPC requires lawyers to represent clients competently and diligently. Rule 1.7 of CRPC sets out the rules for lawyers to avoid conflicts of interest. Rule 1.16 of CRPC governs the termination of representation.

 <u>Justification 1</u>: A legal firm like Moye+ would not be able to refuse to defend or enforce the contract on the grounds that the injured owner does not have the financial resources for a "war chest" to cover the ongoing expenses of the legal battle. This would be in violation of Rule 1.3 of CRPC, which requires lawyers to represent clients competently and diligently. Also, the fact that the written representations by officers of ExtCorp of what the value of the financial consideration should have been, would

be much more than enough to cover any projected costs, and Moye+ had been very well paid to develop the merger contract. This would further strengthen the injured owner's case, and the firm would have a duty to represent the client.

Justification 2: A legal firm like Moye+ would not be able to refuse to defend or enforce the contract on the grounds that the contract they had designed for the merger of AstroLLC and ExtCorp turned out to be unenforceable under the conditions. If the firm believed that the contract was not enforceable or if there were any defects in the contract, they have a duty to inform the client before the contract was signed. Waiting until after the contract was signed would be a violation of Rule 1.3 of CRPC.

Justification 3: A legal firm like Moye+ would not be able to refuse to defend or enforce the contract on the grounds that all the owners did not receive identical outcomes. This would be in violation of Rule 1.7 of CRPC, which sets out the rules for lawyers to avoid conflicts of interest.

If Moye+ were to refuse further representation, they would have to do so in compliance with Rule 1.16 of CRPC, which governs the termination of representation. In this case, they would have to give the injured owner reasonable notice of the termination and return any unearned fee.

Regarding your question about Moye+ refusing to answer questions from replacement representation about or on interpretations of their contract, the firm would have an ethical obligation to cooperate with the replacement representation and to provide them with any relevant information or documents that they need to take over the representation of the injured owner. If the firm refused to cooperate, it would be in violation of Rule 1.4 of CRPC, which requires lawyers to keep clients reasonably informed about the status of their matter and promptly comply with reasonable requests for information.

If Moye+ were to refuse to defend or enforce the merger contract, or refuse to cooperate with replacement representation, the injured owner would have several options. They could file a complaint with the Colorado Office of Attorney Regulation Counsel. They could also seek a court order requiring Moye+ to comply with their obligations under the CRPC and the CRCP. They could also consider

seeking damages for any losses they incurred as a result of Moye+'s refusal to defend or enforce the contract.

## AFTERMATH:

When Plaintiff later went back to Moye+Partners, when the fire damage threatened the merger documents and the stock received for the 'merger consideration', he pointed out to them that their previous excuses appeared largely to be obviated by the current situation, and yet they still refused to defend even the physical property embodying the 'merger consideration' (and Plaintiff believes that their newly stated excuse, a refusal to handle situations that may involve the Police or City, is not acceptable as a law firm), they further even refused to develop an NDA, for hire, based on the merger documents.

Moreover, from logic, Plaintiff believes that either Moye+Partners

**(A)** Were insufficiently competent at developing the merger contract to begin with (and charged too much), if indeed it is effectively unenforceable, **AND/OR**

**(B)** Have been negligent in providing counseling or support for, or any options to pursue collection, if the merger consideration at originally represented levels is indeed collectible.

**Examination of Legal Precedents & Common Law Torts in support the Plaintiff's claims include:**

1. **Breach of Contract** - Restatement (Second) of Contracts § 241

   **Circumstances which provide a demonstration that this Failure Is Material:**

   (a) Plaintiff hasn't received his reasonably expected benefits, for a company generating $ millions;

   (b) Compensation for Plaintiff's injury for the loss of his company has not been adequate.

   (c) Those parties failing to perform have not yet forfeited anything;

   (d) The parties failing to perform are unlikely to cure his failure without judicial intervention.

   (e) Parties failing to perform don't comport with standards of good faith and fair dealing / CRPC

2  **Negligent Misrepresentation** - Restatement (Second) of Torts § 552

   (a) Moye+Partners had a pecuniary interest in the sale of Astrobyte to Extensis, as otherwise they

would not have been hired or paid well for a merger contract, Astrobyte's owners, in good faith, had a justifiable reliance upon their counsel; Moye+Partners failed to exercise reasonable care or competence in development of the contract, if indeed it is unenforceable or the consideration is uncollectible.

(b) (i) Unless the merger consideration is somehow collectible, Plaintiff, as an owner of Astrobyte, has suffered a loss of his company and it's yearly revenues (ii) Plaintiff relied upon Moye+Partners to develop a contract that should have extended proper influence to also cover and defend probabilities involved with 'successors in interest'.

**3   Negligence** - Restatement (Second) of Torts § 282

**The Four elements required to establish a 'prima facie' case of negligence:**

a) CRPC indicates that attorneys have a legal duty, that Moye+Partners owe(s/d) to Plaintiff.

b) Moye+Partners have breached that duty by their failures to defend, enforce, or represent.

c) Plaintiff hasn't been justly compensated for selling his company, and suffered emotional distress.

d) The 'proximate cause' of Plaintiff's injuries is Moye+Partner's breach, and/or deficient contract.

**Determination of Breach Formula** (Judge Learned Hand in United States v. Carroll Towing):

Moye+Partner's 'burden of taking precautions', in crafting a merger contract which would have been more defensible or enforceable under the conditions, and/or which took into account the possibility that owners might be treated differently, would have been relatively minimal. The probability of a loss, particularly with an unenforceable contract, was relatively high. The potential gravity of a loss under the conditions was also high, both emotionally and financially. Thus there should be liability.

WHEREAS, **Plaintiff** requests that this Court take this Memoranda into consideration for support of Plaintiff's **Motion For Permissive Joinder [Bank ($\alpha$-ALPHA)] (i.e. of Attorneys over Conduct)**, and/or if appropriate to determine any damages, and/or refer any issues to Tribunal, and/or for any other relief deemed proper and just.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)   Date: _3.13.2023_

Address: _1750 30th St Suite A338, Boulder CO 80301_   Phone: _303-351-4239_