**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00645-NYW

DAVID WILLIAM DACRES SHAVER,

    Plaintiff,

v.

WHITTIER CONDOMINIUMS HOA,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court *sua sponte*. Upon review of Plaintiff's "Complaint for Cause of Action : Replevin [Based on JDF 116] (FRCP Rule 64 &/or CRCP 104)" (the "Complaint") [Doc. 1], the Court is not satisfied that Plaintiff has established this Court's subject matter jurisdiction.

A district court has an independent obligation to satisfy itself of its own jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Plaintiff states that this Court has jurisdiction over this case "pursuant to FRCP 64 or C.R.S. § 13-6-104(1) due in part to personal property claimed having been valued above the limit of lesser courts." [Doc. 1 at 1].[1] He also states that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 because "the issues involve interpretations of U.S. Constitution's 4th, 5th, and 14th amendments." [*Id.*].[2]

"Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotation omitted); *see also Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("A case arises under federal law if [the] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). It "takes more than a federal element to open the 'arising under' door" of § 1331. *Empire Healthchoice Assurance, Inc. v McVeigh*, 547 U.S. 677, 701 (2006). "[T]he Court must analyze the complaint to determine whether it is based on federal law." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1237 (D. Colo. 2021). But in so doing, the Court ignores mere conclusory allegations of jurisdiction. *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

---

[1] Because Plaintiff proceeds pro se, the Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

[2] Plaintiff does not assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. *See generally* [Doc. 1].

The Complaint states that "[t]his is an action to recover possession of personal property and/or damages." [Doc. 1 at 1]. It further alleges that on October 19, 2021, a fire occurred at the Whittier Place Condominiums complex and caused damaged Condominium #39, which contains Plaintiff's property. [*Id.*]. Plaintiff alleges that Defendant is wrongfully detaining his personal property "against the Plaintiff's claim of right to possession," [*id.*], and that Defendant has been "unresponsive and obstructive" in Plaintiff's efforts to re-obtain his property. [*Id.* at 4]. Plaintiff claims that "the refusals to allow [him] access to the condominium are in violation of U.S. law in a number of ways." [*Id.*]. Plaintiff seeks the following relief: (1) a Court order directing Defendant to show cause why Plaintiff's property should not be obtained from Defendant and delivered to Plaintiff; (2) that the Court set a show-cause hearing "to make a preliminary determination concerning the right to possession of properties described in the Complaint"; (3) judgment in his favor "for the possession of the property," and (4) costs and attorney's fees. [*Id.* at 5–6].

Upon review of the Complaint, the Court cannot conclude that the allegations are sufficient to establish the Court's jurisdiction under 28 U.S.C. § 1331. Notably, Plaintiff does not plainly or plausibly allege that Defendants violated any federal law, *see generally* [*id.*], and a number of courts have concluded that replevin actions do not, on their face, present a basis for federal question jurisdiction. *See, e.g.*, *Stieber v. Rafnar*, No. C09-0676-JCC, 2009 WL 10676363, at *3 n.3 (W.D. Wash. June 26, 2009); *Clark v. Ford Motor Credit Co., LLC*, No. 13-cv-4242, 2013 WL 5524104, at *1 (E.D.N.Y. Oct. 4, 2013); *Wells Fargo Bank, N.A. v. C.J.B. Holding & Tr. Co., LLC*, No. 2:17-cv-1446, 2017 WL 4541375, at *2 (D.S.C. Oct. 10, 2017). And Rule 64 of the Federal Rules of Civil Procedure does not "extend no limit the subject matter jurisdiction of the United States district courts." *S.E.C. v. Antar*, 120 F. Supp. 2d 431, 439 (D.N.J. 2000), *aff'd*, 44 F. App'x 548 (3d Cir. 2002).

3

While Plaintiff directs the Court to a "Brief in Support of Complaint/Replevin or Motion for Prelim [sic] Injunction," *see* [Doc. 9], which asserts that, *inter alia*, "Plaintiff believes that his . . . U.S. 4th Amendment rights [to his] own property were infringed upon," [*id.* at 3], Plaintiff does not allege that Defendant is a government actor, and it does not appear plainly on the face of the Complaint that it is. *See United States v. Smythe*, 84 F.3d 1240, 1242 (10th Cir. 1996) ("The Fourth Amendment protects citizens from unreasonable searches and seizures by government actors. However, Fourth Amendment protection against unreasonable searches and seizures <u>is wholly inapplicable to a search or seizure</u>, even an unreasonable one, <u>effected by a private individual</u> not acting as an agent of the Government or with the participation or knowledge of any governmental official.") (emphasis added). And although Plaintiff states that the issues in this case "involve" interpretation of the Fourth, Fifth, and Fourteenth Amendments, *see* [Doc. 1 at 1], this is insufficient to establish federal subject matter jurisdiction in this case. *See Haywood v. Kansas*, No. 21-2329-JWB, 2022 WL 4743215, at *3 (D. Kan. Oct. 3, 2022) ("[B]road assertions and conclusory references to federal laws are not sufficient to create subject-matter jurisdiction over this lawsuit."); *Blume v. Los Angeles Superior Cts.*, 731 F. App'x 829, 830 (10th Cir. 2018) ("[U]ndeveloped assertions," such as listing federal laws or constitutional provisions, "are insufficient to establish a colorable claim arising under federal law.").

However, although "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014), state law claims that raise a substantial question of federal law may be sufficient to establish federal question jurisdiction. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "To invoke this so-called 'substantial question' branch of federal question jurisdiction," the party invoking a federal court's

4

jurisdiction must establish that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Becker*, 770 F.3d at 947 (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)).  This "substantial question" branch of cases has "narrow boundaries," *id.*, and encompasses only a "<u>special and small</u> category" of cases.  *Gunn*, 568 U.S. at 258 (emphasis added).  Plaintiff does not address any of these factors in his Complaint or Brief in Support, *see* [Doc. 1; Doc. 9], and the Court cannot construct arguments on Plaintiff's behalf.  *Hall*, 935 F.3d at 1110; *Lebahn v. Owens*, 813 F.3d 1300, 1308 (10th Cir. 2016).

In sum, the allegations in the Complaint are presently insufficient for the Court to conclude that it has subject matter jurisdiction over this case.  Accordingly, it is **ORDERED** that:

(1)    Plaintiff shall **SHOW CAUSE**, in writing, on or before **March 31, 2023**, why this case should not be dismissed without prejudice for lack of federal subject matter jurisdiction; and

(2)    A copy of this Order shall be sent to:

>   David William Dacres Shaver
>   1750 30th Street
>   #A338
>   Boulder, CO 80301

DATED: March 14, 2023                             BY THE COURT:

_____
Nina Y. Wang
United States District Judge