| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court<br>☒ Federal Court<br>Address: 901 19th Street, Denver, CO 80294<br><br>Plaintiff:           David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA<br>                   (City of Boulder has been sent Notice) | **FILED**<br>**UNITED STATES DISTRICT COURT**<br>**DENVER, COLORADO**<br>03/31/2023<br>**JEFFREY P. COLWELL, CLERK**<br><br>Δ COURT USE ONLY Δ |
|---|---|
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number:<br><br>**23-cv-00645-NYW** |

**[V1.49] Response to Judicial Order to Show Cause {of Federal Jurisdiction} of 3/14 [Doc#16]**

Plaintiff, in response to this Court's 'Order to Show Cause' WRT Jurisdiction of 3/14, submits the following response demonstrating why he believes this Court should have subject matter jurisdiction over this case. Although analys(e)s of the Order of 3/14 appear(s) to indicate that the precedents contained therein are actually likely largely supportive of the original filings ~ as written, Plaintiff provides the following additional precedents and statutory basis to further support his original filings. Plaintiff appreciates the opportunity to respond, at least preemptively to motions to Dismiss on similar grounds. Plaintiff intended his filings comprise a ~'least cost spanning tree' of a ~nexus of arguments & issues.

**Subject Matter Jurisdiction:**

Subject matter jurisdiction is generally traditionally established when the following conditions are met:

**1. Injury or Impending Harm**: A Plaintiff or witness has suffered an injury, or there is a "certainly impending" threat of future harm (Precedent: Clapper v. Amnesty Int'l, USA, 568 U.S. 398, 410 (2013)).

**2. Legal Basis for the Claim**: The claim presented is grounded in either statutory or common law.

**3. Personal Jurisdiction**: The court possesses personal jurisdiction over the parties involved in the case.

   Plaintiff believes that these conditions should have all been, or can be, satisfied, and that his Court should thus be able to properly exercise its authority to adjudicate the legal issues presented in the case.

**Substantial Federal Question(s) and Forum Convenience, Comprehensive Resolution, Joinders:**

Plaintiff believes that this case does raise substantial federal question(s) under the test which the Order mentioned, set forth in {Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg, 545 U.S. 308, 312 (2005)}, as well as the test in {Gunn v. Minton 568 U.S. 251 (2013)}, as resolution should involve the interpretation and application of federal constitutional rights, with likely systemic impact. Specifically, Plaintiff believes Defendant(s)' actions in wrongfully detaining Plaintiff's property implicate the 4th, 5th, and 14th Amendments of the United States Constitution. Plaintiff also believes that:

**1. Necessarily Raised**:  Plaintiff's claim of wrongful detention of property implicates federal constitutional rights, which must be considered to resolve causes. The denials of access to Plaintiff's property raises concerns under the 4th Amendment's protection against unreasonable seizures, the 5th Amendment's due process guarantee, and the 14th Amendment's equal protection clause. These constitutional issues are <u>central</u> & <u>essential</u> to portions of claims & can't be avoided in legal resolution.

**2. Actually Disputed**: The federal constitutional issues presented in this case are actually disputed, as Plaintiff believes that initial Defendants' & Joinables' actions have violated U.S. constitutional rights, These disputes require resolving in just legal determination of Plaintiff's causes & requested relief(s).

**3. Substantial**: Federal constitutional issues in this case are substantial and implicate important federal interests. The interpretation and application of the 4th, 5th, and 14th Amendments in cases involving the wrongful detention of property implicate the balance between individual rights and the interests of property owners, which should be matters of significant federal concern (& to the whole system).

**4. Capable of Resolution in Federal Court**: Resolution of claims in federal court should not disrupt the federal-state balance approved by Congress. Federal courts regularly adjudicate cases involving the interpretation and application of federal constitutional rights, and this case should present no unique challenges that would warrant a departure from that practice.

---

In defense of federal subject matter jurisdiction in the associated Joinders, Plaintiff's 'nucleus' of claims involve multiple parties from different states, potentially implicating diversity♦ jurisdiction under 28 U.S.C.§1332. Furthermore, Plaintiff raises various federal questions, such as potential violations of the Sherman Act, the Clayton Act, the Defend Trade Secrets Act (DTSA), and the Digital Millennium Copyright Act (DMCA), which can provide federal jurisdiction under 28 U.S.C.§1331. Plaintiff's situation requires a <u>unified forum</u> to <u>economically</u> and <u>fairly</u> legally handle the complexities of his case, which involves multiple parties and a series of transactions over an extended period. Handling these matters in separate state courts, even if possible, might likely lead to <u>inconsistent judgments</u> and hinder Plaintiff's ability to obtain optimal remedies.  A federal court, with its ability to address both federal and state law claims, can provide a more <u>comprehensive resolution</u> for Plaintiff, ensuring that his rights are protected and justice legally served. [It is also recommended that this Court look into "DOJ Preps Antitrust Suit to Block Adobe's $20 Billion Figma Deal" :announced 2.23.2023].

**I. Additional Supporting Precedents:**

**(a)** {Smith v. Kansas City Title & Trust Co., 255 U.S. 180 (1921)} The Court found federal question jurisdiction where the Plaintiff's state-law claim required an interpretation of federal law.

**(b)** {Gomez-Perez v. Potter, 553 U.S. 474 (2008)} The Court held that federal question jurisdiction could be invoked when a federal statute confers a right that is an essential element of state-law claims.

**(c)** {Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1 (1983)} The Court considered factors such as the presence of a substantial federal issue, the need for a uniform interpretation of federal law, and the effect on the federal-state balance in determining federal question jurisdiction.

**(d)** {Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012)} This decision illustrates that federal question jurisdiction can exist even when a federal statute does not explicitly provide for a private right of action in federal court, so long as a substantial federal issue is present.

**(e)** {Holman v. Laulo-Rowe Agency, 994 F.2d 666 (9th Cir. 1993)} The Court found federal question jurisdiction when a state-law claim implicated significant federal issues, even though the Plaintiff did not specifically plead a federal cause of action.

**(f)** {Oneida Indian Nation of New York v. County of Oneida, 414 U.S. 661 (1974)} This decision demonstrates that a case can arise under federal law when a claim implicates significant federal issues and requires resolution of a substantial question of federal law.

**(g)** {Mathews v. Eldridge, 424 U.S. 319 (1976)} This case established the balancing test for determining what process is due under the 5th Amendment's guarantee of due process. The test weighs the private interest affected, the risk of erroneous deprivation, and the government's interest. This precedent supports Plaintiff's contention that denials of access to his personal property implicates the 5th Amendment's due process guarantee.

**II. Extra Statutory & Doctrinal & Other Basis:**

**(a)** 42 U.S.C.§1983 - This statute provides a remedy for individuals whose constitutional rights have been violated by entities acting under 'color of state law', which Plaintiff's allegations demonstrate .

**(b)** {Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)} [Also cited in original 'Brief']- In this case, the Supreme Court held that a cause of action could be implied directly under the U.S. Constitution for violations of constitutional rights by federal officials, and otherwise illustrates general

potential for federal jurisdiction in cases involving constitutional violations.

**(c)** Defendant(s)+ also have referenced environmental laws amongst excuses for obstructions. To the extent that their actions have been colored or otherwise directed by governmental requirements (i.e. R.C.R.A. or CERCLA), this too could contribute to jurisdiction.

**(d)** Also, **joint and several liability** at the federal level could benefit this case, as it should ensure that all parties responsible for the issues are held accountable. This principle has been established in cases such as {United States v. Bestfoods, 524 U.S. 51 (1998)}, in which the Supreme Court held that under CERCLA, a party who is found liable for cleanup costs at a contaminated site may be held jointly and severally liable with other potentially responsible parties, regardless of their degree of fault.

**(e)** The doctrine of 'Rooker-Feldman' indicates that actions which are originally brought at a state level, may not be able to be elevated to a federal level later, thus federal issues should be handled here first. {Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)} [Plaintiff believes that issues raised in this federal court action are issues that lower courts have not yet addressed]

**(f)** Finally, sources of jurisdiction may be bolstered by a 'Declaratory Judgment' via 28 U.S.C.§ 2201.

**(g)** Ref: Cooper & Nielson's "Complete Diversity & Closing ... Federal Courts" on minimal diversity♦

**(h)** Ref: Plaintiff's cousin Glanville's "*Tractatus De Legibus et Consuetudinibus Angliae*" on Replevin.

### III. Federal Jurisdiction Based on Preemption (or Complete Preemption):

Plaintiff contends that federal jurisdiction may also be proper based on the doctrine of federal preemption. The Supremacy Clause of the United States Constitution mandates that federal law preempts state law when there is a direct conflict between the two, or when federal law occupies a field so comprehensively that it leaves no room for state regulation. {Arizona v. U.S., 567 U.S.387,399 (2012)}.

In the present case, Plaintiff believes that constitutional issues raised in his Replevin claim implicate areas where federal law should preempt state law. Specifically, Plaintiff argues that his claim involves property rights and due process protections said to be guaranteed by the U.S. Constitution's 4th and 5th Amendments, which are federal law. Plaintiff further argues that these federal rights should preempt (perhaps even completely) any conflicting state law claims or defenses raised by Defendant(s).

This argument is supported by several precedents where federal preemption was found to provide a basis for federal subject matter jurisdiction. In {Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S.

546 (2005)}, the Supreme Court held that federal question jurisdiction existed where a Plaintiffs' state-law class-action claims were completely preempted by federal law. Similarly, in the 'test' precedent which your Order cited {Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)}, the Court found that federal jurisdiction existed where a state-law quiet title action raised a substantial federal question regarding the meaning of a federal statute.  In such cases, federal jurisdiction may be appropriate even if Plaintiff's complaint doesn't explicitly raise federal question; i.e.: {Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)}{Metropolitan Life Insurance Co. v. Taylor, 481 U.S. 58 (1987)}

[Recommended contemplation: the 'Supremacy' and 'Commerce' Clauses in the U.S. Constitution].

**IV. Inferable Information (which may include any via recommended 'artful pleading doctrine's):**

Plaintiff contends that the Court should have been able to infer substantial federal question from the facts and allegations, which include wrongful detention of property (which implicates property rights and due process protections guaranteed by the Constitution), governmental actors and/or involvement, HOA acting under 'color of state law' (and/or federal environmental laws), and violations of the 4th, 5th, and 14th Amendments. These satisfy the well-pleaded complaint rule.  Additionally, Defendant(s)'s {including those provided via Permissive Joinders} actions can be seen as infringements or violations of rights under 42 U.S.C.§1983. Determination of Plaintiff's personal property value, or replacing stock certificates, or Joinder of other Defendants, potentially necessitating interstate action, further may support potential alternate | additional diversity jurisdiction via 28 U.S.C.§1332♦(**Wherefore Plaintiff moves that any should be Joined if necessary**). Plaintiff's formal computer engineering education, requiring certification in multiple forms of logic, bolsters logical defensive arguments presented.

 [**Note:** {Grable...vs...Darue} reportedly originally brought in State court & Federal question ~inferred]

**V. Potential Penalties for Judges burdening Parties w/Basic | Unnecessary Research:**

**(a)** The 'Founding Fathers' of the U.S.A. justified their ~forcible adaptation and subsequent imposition of the English System of Law in part by adopting a perspective in which 'Liberty' was effectively at the opposite side of the spectrum of 'Taxation'; thus one might expect that 'Justice' should be also.

**(b)** Judges may face penalties for unduly burdening plaintiffs, i.e. with basic research, or failing to consider relevant case law, as in {Liteky v. United States, 510 U.S. 540 (1994)}, where the Supreme Court held that a judge's conduct during the course of judicial proceedings can be a basis for recusal if it

demonstrates favoritism or antagonism or impatience or disregard. In apparently (re)acting ~Day 1, before Plaintiff's original filings were even fully made available (with larger ones still not having been DL/d by Clerk), and likely without having taken the time to read associated cases, Plaintiff believes that this Judge's 'Order to Show Cause' has likely displayed impatience and some disregard, which may further qualify for Recusal in this case. Ref: 28 U.S.C.§455(a).

**Additional Supporting Precedents for Recusal:**

**(i)** {Berger v. United States, 255 U.S. 22 (1921)}: In this case, the Supreme Court held that even the appearance of bias on the part of a judge or unfairness can be sufficient grounds for recusal.

**(ii)** In {re Murchison, 349 U.S. 133 (1955)}: ... emphasised that judges should recuse themselves when their impartiality might reasonably be questioned, to maintain public confidence in the judiciary.

**VI. Brandeis' 'Court of Last Resort' Doctrine and Heretofore Unresolveable Aspects of the Case:**

Plaintiff thinks that Brandeis' 'Court of Last Resort' doctrine, which suggests that certain cases should be decided by the highest court when lower courts have been unable to resolve the dispute, should apply to this case. As previously mentioned, some issues presented in this case have already proved unresolveable at, or result from county &| probate &| city municipal levels. Given the complex and intricate nature of the legal issues and the constitutional rights involved, it is appropriate to consider the applicability of the 'Court of Last Resort' doctrine in the context of the current proceeding.

By invoking the 'Court of Last Resort' doctrine, Plaintiff seeks to demonstrate the necessity of a higher-level judicial intervention to resolve the case effectively. Aspects of this case, which other courts absolutely refused to even address, underscore the importance of ensuring matters are heard by a court with the authority, expertise, and experience necessary to adjudicate the complex issues at hand.

**VII. Background (Filing of this Complaint & Formal Education Support):**

**(a)** Plaintiff has been made aware that ~several filings were apparently missing from those he had originally sent to the Clerk on 3/13, which were initially accepted for uploading. Subsequent communication with the Clerk's office led to requests for changes in document format, contrary to 'pacer' recommendations, and eventually reverting to the original submission, and provided no stamped summons or rationale. The Clerk has also not yet rectified filing date records to reflect the initial submission date.

**(b)** In the selection of a presiding Judge, Plaintiff initially requested a Judge who was not a 'Magistrate

Judge' (due to concerns raised on internet forums about their reputed record of **bias** against 'Pro Se' litigants in the 10th Circuit) and preferred a male Judge, as the three other Judges in related proceedings have all been female. The original Clerk, 'Mike' {middle name?}, expressed no objection to this request. However, after payment was requested & received, instead, Plaintiff was assigned a Judge who appears to effectively (or at least recently) meet neither criteria.

**(c)** Plaintiff has a background in Computer Engineering, a field in which the principles of efficiency and succinctness are highly valued. Requiring Plaintiff to write defenses of jurisdiction even longer than the original body of the Complaint itself, via an Order nearly its size, contradicts these principles; entire books could be written about these subjects, yet such ought not to be necessary to proceed here.

[These discrepancies have raised Plaintiff's concerns about the fairness, trustworthiness, and transparency of the filing, judicial assignment, jurisdiction evaluation, and overall 'Justice' processes]

**WHEREFORE IN CONCLUSION:** Plaintiff believes that his claims ~satisfy {Grable/Gunn} test(s), & that the federal issues raised are necessarily a part of Plaintiff's Replevin & other action(s), as Plaintiff can't obtain relief here w/o establishing that Defendant(s)' actions violated Plaintiff's constitutional rights. Further, that these issues are actually disputed, as evidenced by Defendant(s)' continued obstruction &| denial(s) of any wrongdoing, &| refusals to cooperate. That federal questions raised are substantial, as they involve the interpretation of constitutional provisions and their application to the specific facts of causes of this case. Finally, that resolution of these issues in federal court shouldn't disrupt federal-state balance, as federal courts are well-equipped to handle claims involving constitutional questions.

Plaintiff believes that he has provided significant precedents and statutory basi(e)s for this Court's jurisdiction over this case, and facts & allegations in the Complaint raise substantial Federal questions. Further he feels that he has demonstrated that doctrines such as 'Court of Last Resort' support jurisdiction; also. Plaintiff respectfully requests and moves that, God Willing, the current Judge should consider ~Vacating the Order (alternatively, Plaintiff requests leave to amend the Complaint to address remaining necessary concerns) &| Recusing herself from this case in favor of a Judge with over 15 years of experience, possessing a broad range of expertise, and particularly adept at "De Novo" interpretation of multiple associated cases, &| for any other relief deemed appropriate &| just &| necessary.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)   Date: __3.31.2023__

Address: _1750 30th St Suite A338, Boulder CO 80301_   Phone: _303-351-4239_