IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00645-NYW

DAVID WILLIAM DACRES SHAVER,

    Plaintiff,

v.

WHITTIER CONDOMINIUMS HOA,

    Defendant.

---

## ORDER

---

This matter comes before the Court on Plaintiff's "Response to Judicial Order to Show Cause {of Federal Jurisdiction} of 3/14" [Doc. 24]. For the reasons set forth below, the Court concludes that Plaintiff David William Dacres Shaver ("Plaintiff" or "Mr. Shaver") has not met his burden of establishing this Court's subject matter jurisdiction over this case. Accordingly, it is **ORDERED** that Plaintiff's "Complaint for Cause of Action : Replevin [Based on JDF 116] (FRCP Rule 64 &/or CRCP 104)" (the "Complaint") [Doc. 1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction. It is further **ORDERED** that Plaintiff is **GRANTED LEAVE** to file an amended complaint within **21 days** of the date of this Order <u>that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure</u>.

## BACKGROUND

Mr. Shaver initiated this civil action on March 13, 2023 against Defendant Whittier Condominiums HOA ("Defendant"). *See* [Doc. 1]. The Complaint states that "[t]his is an action to recover possession of personal property and/or damages." [*Id.* at 1]. Plaintiff alleges that on

October 19, 2021, a fire occurred at the Whittier Place Condominiums complex and caused damages to Condominium #39, which contains Plaintiff's property. [*Id.*]. Plaintiff alleges that Defendant is wrongfully detaining his personal property "against the Plaintiff's claim of right to possession," [*id.*], and that Defendant has been "unresponsive and obstructive" in Plaintiff's efforts to re-obtain his property. [*Id.* at 4]. Plaintiff claims that "the refusals to allow [him] access to the condominium are in violation of U.S. law in a number of ways." [*Id.*]. The Complaint seeks the following relief: (1) a Court order directing Defendant to show cause why Plaintiff's property should not be obtained from Defendant and delivered to Plaintiff; (2) that the Court set a show-cause hearing "to make a preliminary determination concerning the right to possession of properties described in the Complaint"; (3) judgment in his favor "for the possession of the property"; and (4) costs and attorney's fees. [*Id.* at 5–6].

On March 14, 2023, this Court entered an Order to Show Cause directing Plaintiff to show cause why his case should not be dismissed without prejudice for lack of subject matter jurisdiction. *See* [Doc. 16]. The Court noted that the Complaint does not clearly allege any violation of federal law or other basis for federal jurisdiction. [*Id.* at 2 n.2 (noting that Plaintiff did not invoke diversity jurisdiction), 3]. And while the Court acknowledged that other filings in this case suggested that Plaintiff believes his constitutional rights have been violated, *see, e.g.*, [Doc. 9 at 3], the Court noted that "Plaintiff does not allege that Defendant is a government actor, and it does not appear plainly on the face of the Complaint that it is." [Doc. 16 at 4].

The Court also acknowledged, however, that state law claims raising a substantial question of federal law may be sufficient to establish federal question jurisdiction. [*Id.*]. But because Mr. Shaver had not addressed any of the relevant considerations in his filings, the Court could not conclude that the substantial question doctrine applies in this case. [*Id.* at 5]. For these reasons,

the Court directed Plaintiff to show cause, on or before March 31, 2023, why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. [*Id.*]. Plaintiff filed his Response on March 31, 2023. *See* [Doc. 24]. The Court addresses Plaintiff's arguments below.

## LEGAL STANDARDS

### I.   Subject Matter Jurisdiction

A district court has an independent obligation to satisfy itself of its own jurisdiction. *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). Accordingly, a court "may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). A court should not proceed in a case unless it has first assured itself that jurisdiction exists. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

28 U.S.C. § 1331 provides that federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For statutory purposes, a case can 'arise under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration marks omitted). "Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quotation and brackets omitted); *see also Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("A case arises under federal law if [the] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (citation and internal quotations omitted)). It "takes more

3

than a federal element to open the 'arising under' door" of § 1331. *Empire Healthchoice Assurance, Inc. v McVeigh*, 547 U.S. 677, 701 (2006). "[T]he Court must analyze the complaint to determine whether it is based on federal law." *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1237 (D. Colo. 2021). But in so doing, the Court ignores mere conclusory allegations of jurisdiction. *Penteco Corp. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

Second, even where a claim is based in state law, the Supreme Court "ha[s] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn*, 668 U.S. at 258 (quoting *Empire Healthchoice*, 547 U.S. at 690). Specifically, state law claims that raise a substantial question of federal law may be sufficient to establish federal question jurisdiction. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "To invoke this so-called 'substantial question' branch of federal question jurisdiction," the party invoking a federal court's jurisdiction must establish that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Gunn*, 568 U.S. at 258).

**II.    Pro Se Parties**

In applying the above principles, the Court is mindful that Mr. Shaver proceeds pro se, and the Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

4

**ANALYSIS**

Mr. Shaver raises a number of arguments in his Response to the Court's Order to Show Cause. First, he argues that his case fits within the "substantial question" doctrine, which suggests that his claims arise under state law. [Doc. 24 at 1–2]. According to Plaintiff, "the Court should have been able to infer [a] substantial federal question from the facts and allegations, which include wrongful detention of property (which implicates property rights and due process protections guaranteed by the Constitution), governmental actors and/or involvement, HOA acting under 'color of state law' (and/or federal environmental laws), and violations of the 4th, 5th, and 14th Amendments." [*Id.* at 5]. However, he goes on to argue that he "raises various federal questions" in his Complaint. [*Id.* at 2, 3–4]. The Court first identifies the Parties to this action before turning to Plaintiff's various jurisdictional arguments.

**I.   The Parties to this Case**

Simultaneously with the filing of his Complaint, Mr. Shaver filed a number of motions in this case. *See* [Doc. 2; Doc. 10; Doc. 11; Doc. 12; Doc. 14]. And on March 15, 2023, Plaintiff filed an Amended Motion for Permissive Joinder of 3rdP [sic] if Appropriate (the "Motion for Joinder"). [Doc. 19]. In the Motion for Joinder, Plaintiff states that he "believes that permissive Joinder under FRCP Rule 20 may be appropriate in this Complaint, if in [sic] order to determine damages which may have been contributed to by the City of Boulder or its Departments." [*Id.* at 1]. The Motion for Joinder then lists a number of governmental and private entities and individual persons, without explanation, including the Boulder Police Department; "Boulder Colorado Fire & Rescue"; the Boulder Municipal Court; Charles Taylor Engineering Tech. Services; Sentry

Property Management; American Family Mutual Insurance Company; Mollenkopf Property Mgt, LLC; and CorVel Corporation. [*Id.*]. The Motion for Joinder states that

> Plaintiff Moves that if after review of the Complaint, and the above []associated Case Filing(s)/report(s), this Court should determine it to be appropriate, this Court may permissively Join any of the above parties, preferably provide leave to allow amendment of the Complaint to add Causes for Intentional Interference With Property Rights, and/or Interference With Right of Way and/or Right of Common [sic], and/or Violation of Civil Rights, & for any other relief deemed just & proper.

[*Id.*].

However, the entities or individuals listed in the Motion for Joinder are not current parties to this case. Although Mr. Shaver suggests that there are numerous Defendants in this action, "including those provided via Permissive Joinders," [Doc. 24 at 5], the Federal Rules require that all defendants be named in the caption of the complaint. *See* Fed. R. Civ. P. 10(a). The only Defendant named in the Complaint's caption is Whittier Condominiums HOA. *See* [Doc. 1 at 1]. Furthermore, to the extent Plaintiff attempts to add additional Defendants to this case through his Motion for Joinder, the Court cannot proceed in this litigation or rule on any of Plaintiff's motions without first satisfying itself of the Court's subject matter jurisdiction over the case. *Cunningham*, 427 F.3d at 1245. Indeed, subject matter jurisdiction "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). Accordingly, insofar as Mr. Shaver attempts to rely on the "Joinables' actions" in his Response to the Order to Show Cause to establish subject matter jurisdiction, [Doc. 24 at 2], he cannot do so, and the Court's subject matter jurisdiction analysis is limited to the named Defendant and any claims asserted against that entity.

 II.   **Subject Matter Jurisdiction**

    A.   **Diversity Jurisdiction**

First, although Plaintiff asserts in the Complaint that the Court has federal question jurisdiction, he argues in his Response that his "'nucleus' of claims involve multiple parties from different states, potentially implicating diversity jurisdiction under 28 U.S.C § 1332." [*Id.*]. Section 1332 states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). As explained above, the only named Defendant in this matter is Whittier Condominiums HOA. *See* [Doc. 1 at 1]. Mr. Shaver does not allege in his Complaint what type of entity Defendant is, e.g., whether Defendant is a corporation or an unincorporated association. This information is essential to the Court's jurisdictional analysis because while a corporation is a citizen of both its state of incorporation and its principal place of business, 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated entity is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015); *see also Sullivan v. Eaglestone Ranch Homeowners Ass'n*, No. 17-8067, 2018 WL 1224386, at *1 (10th Cir. Mar. 5, 2018) (finding that an HOA was an unincorporated association). Whether Defendant is a corporation or an unincorporated association, Plaintiff's allegations are insufficient to establish Defendant's state of citizenship because Plaintiff has not alleged Defendant's principal place of business or state of incorporation or, in the alternative, affirmatively identified all of Defendant's members. Accordingly, the allegations are insufficient to establish complete diversity of citizenship in this case for purposes of § 1332. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.").

### B.     Various Federal Statutes

Mr. Shaver next contends that the Court has federal question jurisdiction over this case because he "raises various federal questions, such as potential violations of the Sherman Act, the Clayton Act, the Defend Trade Secrets Act (DTSA), and the Digital Millennium Copyright Act (DMCA), which can provide federal jurisdiction under 28 U.S.C. § 1331." [Doc. 24 at 2]. The Complaint does not assert claims under any of these federal statutes nor mention any of these statutes. *See generally* [Doc. 1]. Indeed, the words "copyright" and "trade secret" do not appear in the Complaint. [*Id.*]. Nor does the Complaint allege facts, taken as true, that would allow a factfinder to conclude that any of these federal statutes has been violated. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even though a pro se plaintiff's pleading is entitled to a liberal construction, the mere use of federal law labels is insufficient to invoke federal question jurisdiction. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1025 (10th Cir. 2012) (holding pro se litigant's "reference in the complaint to four different sources of federal law" was insufficient to establish federal question jurisdiction). As mentioned above, a claim "'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden*, 556 U.S. at 60 (quotation and brackets omitted). The Complaint does not show that Plaintiff's case arises under any of these statutes; accordingly, Plaintiff's invocation of these statutes in his Response is insufficient to establish federal subject matter jurisdiction.

Similarly, the Court is respectfully unpersuaded by Plaintiff's argument that "Defendants(s)+ [sic] also have referenced environmental laws amongst excuses for obstructions" and "[t]o the extent that their actions have been colored or otherwise directed by governmental requirements (i.e. R.C.R.A. [(the Resource Conservation and Recovery Act)] or CERCLA [(the Comprehensive Environmental Response, Compensation, and Liability Act)]), this too could

8

contribute to jurisdiction." [Doc. 24 at 4]. An "assertion by a defendant of a defense based on federal law" is not sufficient "to confer federal jurisdiction." *Firstenberg*, 696 F.3d at 1025. In addition, Defendant has not filed an Answer or otherwise responded to the Complaint to date; indeed, it is not clear that the Defendant has been properly served or has waived service at this juncture. *See* Fed. R. Civ. P. 4(c); *see also* [Doc. 23]. In any case, Plaintiff cannot rely on any anticipated defenses of Defendant to establish subject matter jurisdiction. *See Nicodemus*, 440 F.3d at 1232 ("The well-pleaded complaint rule . . . means that federal-question jurisdiction may not be predicated on a defense that raises federal issues.").

    **C.**    **42 U.S.C. § 1983**

Plaintiff next asserts that this Court has federal jurisdiction based on 42 U.S.C. § 1983 because "[t]his statute provides a remedy for individuals whose constitutional rights have been violated by entities acting under 'color of state law[,]' which Plaintiff's allegations demonstrate." [Doc. 24 at 3]. Plaintiff directs the Court to no specific allegations in his Complaint that sufficiently allege that Defendant has acted under color of state law. *See* [*id.*]. Having reviewed the Complaint, the Court concludes that there are no allegations that Defendant acted under color of state law, let alone supporting factual allegations plausibly supporting any such assertion. Because Mr. Shaver does not assert claims against any state actors or allege that Defendant has acted under color of state law, he cannot rely on § 1983 as a basis for federal jurisdiction.

    **D.**    ***Bivens***

Mr. Shaver contends that *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), "illustrates general potential for federal jurisdiction in cases involving constitutional violations." [Doc. 24 at 3–4]. As acknowledged by Plaintiff, *see* [*id.*], in *Bivens*, "the Supreme Court recognized an implied cause of action <u>against federal actors</u> in their individual capacities for

deprivation of Fourth Amendment rights." *Punchard v. U.S. Bureau of Land Mgmt.*, 180 F. App'x 817, 819 (10th Cir. 2006) (emphasis added). Plaintiff, who does not allege that Defendant is a federal actor, has not asserted a *Bivens* cause of action. *See generally* [Doc. 1]. Thus, this is not a basis for federal jurisdiction under § 1331.

### E. The *Rooker-Feldman* Doctrine

Next, Plaintiff asserts that "[t]he doctrine of 'Rooker-Feldman' indicates that actions which are originally brought at a state level, may not be . . . elevated to a federal level later, thus federal issues should be handled here first." [Doc. 24 at 4]. The *Rooker-Feldman* doctrine is an abstention doctrine that "precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010). It is not a source of federal subject matter jurisdiction.

### F. The Declaratory Judgment Act

Mr. Shaver also argues that "sources of jurisdiction may be bolstered by a 'Declaratory Judgment' via 28 U.S.C. § 2201." [Doc. 24 at 4]. To the extent this statement can be construed as an argument that this Court has subject matter jurisdiction over this case pursuant to the Declaratory Judgment Act, it is well settled that the Declaratory Judgment Act "does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) (citations omitted). Accordingly, setting aside the fact that Plaintiff appears to request only injunctive and monetary relief in his Complaint—not a declaratory judgment, *see* [Doc. 1 at 5–6]—the Declaratory Judgment Act does not operate to confer jurisdiction in this case.

### G. Preemption

Plaintiff "contends that federal jurisdiction may also be proper based on the doctrine of federal preemption." [Doc. 24 at 4]. He states that he "believes that constitutional issues raised in his Replevin claim implicate areas where federal law should preempt state law," for example, because "his claim involves property rights and due process protections said to be guaranteed by the U.S. Constitution's 4th and 5th Amendments, which are federal law." [*Id.*]. Again, Plaintiff has sued only a private entity in this case and has not asserted any cognizable claims under the United States Constitution. Insofar as Plaintiff suggests that his state-law claims raise a substantial federal question, this argument is addressed below.

### H. Substantial Federal Question

Finally, the Court turns to Plaintiff's argument that his case raises a substantial federal question. [Doc. 24 at 5]. As mentioned above, the party invoking a federal court's jurisdiction based on the substantial question doctrine must establish that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Becker*, 770 F.3d at 947. This "substantial question" branch of cases has "narrow boundaries." *Id.*; *see also Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) ("[T]his branch of arising-under jurisdiction is a slim one."). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Becker*, 770 F.3d at 947. And "if a claim does not present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases,' but rather is 'fact-bound and situation-specific,' then federal question jurisdiction will generally be inappropriate." *Id.* at 947–48 (quoting *Empire Healthchoice*, 547 U.S. at 700–01) (ellipses omitted).

11

Plaintiff argues that his "claim of wrongful detention of property implicates federal constitutional rights, which must be considered to resolve causes," such that a federal issue is "necessarily raised" in this case. [Doc. 24 at 4]. A federal question is "necessarily raised" only if it is a "necessary element of one of the well-pleaded state claims" or whether it is "'really' one of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983). This is not the case here. It appears that Plaintiff has sued a non-governmental Defendant for replevin. "Replevin is a possessory action in which a claimant seeks to recover both possession of personal property that has been wrongfully taken or detained and damages for its unlawful detention." *City & Cnty. of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 763 (Colo. 1992). A replevin plaintiff must demonstrate (1) that the plaintiff is the owner of the property claimed; and (2) that the property is being detained by the defendant against the plaintiff's claim of right to possession. *Id.*; *see also* Colo. R. Civ. P. 104(b)(1)–(2). Thus, a replevin action against a private actor concerns rights of ownership and possession, not constitutional rights concerning the governmental seizure of property. Moreover, and importantly, the allegations in the Complaint suggest that this case "does not present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous cases, but rather is fact-bound and situation-specific." *Becker*, 770 F.3d at 947–48 (citation, internal quotations, and ellipses omitted). In this type of case, "federal question jurisdiction [is] generally . . . inappropriate." *Id.* at 948.

The Court must exercise "prudence and restraint" in conducting the substantial-question analysis. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Mr. Shaver has not demonstrated that a federal question is an essential element of his claim(s), let alone a substantial

one.  This case is therefore not within the "special and small category of cases" in which a federal court may exercise jurisdiction over a state-law claim.  *Gunn*, 568 U.S. at 258.

In sum, Plaintiff has not met his burden to establish subject matter jurisdiction in this case. In addition, given Plaintiff's exhaustive arguments in his Response and the lack of clarity in the Complaint, the Court concludes that entering a second order to show cause would not be efficient in this matter.  Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Plaintiff **is GRANTED LEAVE** to file an amended complaint within **21 days** of the date of this order.  <u>**Plaintiff is expressly advised that if he declines to file an amended complaint by the Court's deadline, the Court will direct the Clerk of Court to terminate this case.**</u>

If Plaintiff chooses to file an amended pleading, he is expressly **ADVISED** of his obligation to comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain (1) a short and plain statement of the grounds for the Court's jurisdiction; (2) a short and plain statement of any claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8."  *Gravley v. Hunter*, No. 18-cv-00171-GPG, 2018 WL 10320585, at *1 (D. Colo. Apr. 6, 2018).  Rule 8 has been construed to require claimants to specifically delineate their claims for relief.  *See Polovino v. Int'l Bhd. of Elec. Workers, AFL-CIO*, No. 15-cv-023-JHP-PJC, 2015 WL 4716543, at *4 (N.D. Okla. Aug. 7, 2015) ("A complaint falls short of Rule 8's notice requirement when it fails to list or clearly articulate any causes of action.").  "Claims must be presented clearly and concisely in a manageable format that allows the

Court and Defendants to know what claims are being asserted and to be able to respond to those claims." *Moore v. Cosarrubias*, No. 18-cv-00259-GPG, 2018 WL 11145813, at *2 (D. Colo. Mar. 9, 2018). To meet the requirements of Rule 8, Mr. Shaver must provide more than "a bare averment that he wants relief and is entitled to seek it." *Noor v. Hickenlooper*, No. 13-cv-00692-REB-CBS, 2013 WL 1232201, at *1 (D. Colo. Mar. 26, 2013). In addition, Mr. Shaver must comply with Rule 10 and list all Defendants he wishes to sue in the caption of any amended pleading he chooses to file.

## III.  Recusal

Finally, Mr. Shaver suggests that the undersigned should recuse herself from this case. First, he contends that "[j]udges may face penalties for unduly burdening plaintiffs, i.e. with basic research, or failing to consider relevant case law." [Doc. 24 at 5]. He represents that he "believes this Judge's 'Order to Show Cause' has likely displayed impatience and some disregard, which may further qualify for Recusal in this case." [*Id.* at 6]. Mr. Shaver also references case law establishing that judges should recuse themselves where their impartiality might reasonably be questioned. [*Id.*].

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). But recusal is not warranted because of "unsubstantiated suggestions of personal bias or prejudice," *id.* at 659–60, and "a judge has as strong a duty to sit when there is no legitimate reason to recuse as [she] does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Where a party seeks recusal of a judicial

officer, there is a "substantial burden on the moving party to demonstrate that the judge is not impartial" by presenting facts that support the objective perception of potential bias. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

The Court respectfully disagrees that recusal is warranted here. As previously explained to Mr. Shaver, this Court is obligated to assure itself of its jurisdiction over every case and cannot proceed without satisfying itself of its jurisdiction. *Cunningham*, 427 F.3d at 1245. Mr. Shaver offers no basis as to why this Court's impartiality might reasonably be questioned based on its issuance of the Order to Show Cause, which all judges in this District issue on a regular basis, particularly to inquire about the Court's jurisdiction to proceed. In addition, while the Court is mindful that Plaintiff proceeds without an attorney and therefore, the Court interprets his filings liberally, Plaintiff must still comply with procedural rules and substantive law as is required of represented parties. *See Murray*, 312 F.3d at 1199 n.3 (observing that a party's pro se status does not relieve him of the obligation to comply with procedural rules) (citation omitted); *Dodson*, 878 F. Supp. 2d at 1236.

It is well settled that adverse rulings, or rulings that a party does not agree with, do not provide a sufficient basis for recusal. *See Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Accordingly, Mr. Shaver has not met the substantial burden of demonstrating why the undersigned's recusal is required in this case.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1)   The Order to Show Cause [Doc. 16] is **MADE ABSOLUTE**;

(2)   Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction;

15

(3)   Plaintiff is **GRANTED LEAVE** to file an amended complaint within **21 days** of the date of this Order;

(4)   Plaintiff is **ADVISED** that any amended pleading must comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure;

(5)   Plaintiff is **ADVISED** that **if he fails to file an amended pleading by the Court's deadline, this Court will direct the Clerk of Court to terminate this case without further warning from the Court**;

(6)   The pending Motions in this case [Doc. 2; Doc. 10; Doc. 11; Doc. 12; Doc. 14; Doc. 19] are **DENIED without prejudice as moot**; and

(7)   A copy of this Order shall be sent to:

>   David William Dacres Shaver
>   1750 30th Street
>   #A338
>   Boulder, CO 80301

DATED:  April 12, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge