| ☐ District Court ☐ Boulder County ☐ Boulder Municipal Court ■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | **FILED**<br>**UNITED STATES DISTRICT COURT**<br>**DENVER, COLORADO**<br>1:07 pm, May 03, 2023<br>**JEFFREY P. COLWELL, CLERK** |
|---|---|
| Plaintiff:         David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA,<br>                   (City of Boulder Sent Notice) | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address):<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com<br>**(Amended Original)** | Case Number:<br><br>**23-cv-00645-NYW** |

### BRIEF IN SUPPORT OF COMPLAINT FOR REPLEVIN+ / PRELIMINARY INJUNCTION

**Standards for judgement on this issue appear to include FRCP Rule 64,65, CRCP Rule 104 &| 365**

### STATEMENT OF FACTS:

Plaintiff believes that this Brief supports & relies upon the Verified Complaint, providing precedents, factual allegations & claims (along with other filings) demonstrating Plaintiff's entitlement to relief.

### INTRODUCTION TO ISSUES:

This brief seeks to demonstrate that Plaintiff is entitled to a replevin recovery of their possessions, from the fire-damaged condominium, and/or damages, as the actions of the Defendant(s) have unjustly prevented Plaintiff from accessing or repossessing personal property. Plaintiff intends to analyze provided supporting precedents and show how they support our arguments, including that the Defendant(s)' actions have violated Plaintiff's Rights under the U.S. Constitution.

---

[Historically, under English foundations of common law, a creditor was permitted to use self-help to recover possession of a 'chattel' that was wrongfully detained, provided this could be accomplished without breaching the peace.' <u>Blackstone's Commentaries on the Laws of England (Book 3, Chapter 1 (II))</u>: "Recaption or reprisal is another species of remedy by the mere act of the party injured. This happens when any one hath deprived another of his property in goods or chattels personal, . . . in which case the owner of the goods . . . may lawfully claim and retake them wherever he happens to find them, so it be not in a riotous manner, or attended with a breach of the peace."]

---

### [RULES]

**1)** Forcible Self-help was reportedly effectively the original recourse, before Glanville's "<u>Tractatus de legibus et consuetudinibus regni Anglie</u>" ~invented a more procedural approach to the law, including

'replevin' to recover one's property. Plaintiff's attempts at self-help repossession of his property have been repeatedly rebuffed; his suggestions of alternative methods (i.e. professional rope access technicians, or robotic recovery) met only with silence, his requests for statutory or legal basis ignored. What few excuses yet given, have largely had reference to insurance policies, rather than the letter or intent of any law. The situation as it stands appears clearly not to be what the founders of the English legal system intended. Even the 'Universal Commercial Code' of today (i.e. CRS 4-9-629,4-9-609(2)) shows clear basis for the intent of self-help retaking of one's own property, if you adopt the proper perspective (and some of Plaintiff's company (D'Acre Holdings llC of Colorado)'s property, which he effectively lent to himself!, is on premises!).

   2)   According to the United States' Constitution: The 5th Amendment holds that "no person shall be ... deprived of life, liberty, or property, without due process of law .... ", and the 14th Amendment (Civil Rights) says "no state shall ... deprive any person of life, liberty, or property, without due process of law .... ". Colorado's constitution also contains a due process provision. Section 25 of Article II reads: "Due process of law. No person shall be deprived of life, liberty or property, without due process of law". If the destruction of the property were allowed to occur before portions of this action were allowed to be decided on its merits, Plaintiff believes that would be a violation of due process.

   3)   Further: U.S. 4th Amendment rights. Under the 4th Amendment, seizures of property must be reasonable under the circumstances. In {Segura v. United States, 468 U.S. 796 (1984)}, the Supreme Court clarified the interpretation of the 4th Amendment, holding that the rights of owners to access their own property can only be delayed for the amount of time necessary to obtain any necessary warrant(s) for investigation. In {Chambers v Maroney, 39 U.S. 42 (1970)}, the Supreme Court held that the 4th Amendment's prohibition on unreasonable seizures applies to the seizure of property as well as to the seizure of persons. In {U.S. v. Place, 462 U.S. 696 (1983)}, the Supreme Court held that seizures may become unreasonable because of their duration. In {Nardone v United States, 308 U.S. 338 340 (1939)}, the Supreme Court held that indirectly enforcing a long-term illegal seizure of residents' property is "inconsistent with ethical standards and destructive of personal liberty." Other applicable prece-

dents appear to include: {United States v. Jacobsen, 466 U.S. 109 (1984)}: In this case, the Supreme Court held that the 4th Amendment's prohibition on unreasonable searches and seizures applies to the seizure of tangible property, such as packages. Also, {Soldal v. Cook County, 506 U.S. 56 (1992)}: In this case, the Supreme Court held that the 4th Amendment's prohibition on unreasonable seizures applies to the seizure of mobile homes, & that seizure of a mobile home must be reasonable under the circumstances.

    4)   Colorado Revised Statutes section (i.e. CRS § 24-10-103) lends support for a Cause of Action for Civil Rights violations. In this case, Plaintiff believes that his, and other residents, U.S. 4th Amendment rights their own property were infringed upon. His attempts to peacefully use self-help to recover personal possessions were even met with force. Federal law, i.e.: 18 U.S.C. 242 : +'deprivation of rights' indicates that Police are generally considered to be acting under color of state law in the performance of their duties. Here are some notable precedents, particularly for **'Color of' State Law**: {Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974)}: ...a private party is a state actor when there is a sufficiently close nexus between the government and the challenged action of the private party that the action of the private party is fairly treated as that of the government itself; Further the 'symbiotic relationship test', {Burton, 365 U.S. at 862}: a private party is a state actor when the government has so far insinuated itself into a position of interdependence with that party that the government must be recognized as a joint participant in the challenged activity. {Monroe v. Pape, 365 U.S. 167 (1961)}: In this landmark case, the Supreme Court held that 42 U.S.C. § 1983 provides a cause of action for individuals whose constitutional rights are violated by state officials, even if the state officials acted in violation of state law. {Estelle v. Gamble, 429 U.S. 97 (1976)}: This case expanded the scope of § 1983 actions by establishing that deliberate indifference to an inmate's serious medical needs can constitute cruel and unusual punishment under the Eighth Amendment, thus providing a basis for a § 1983 action. {Monell v. Dept of Soc. Servs., 436 U.S. 658, 701 (1978)} holding that cities/municipal corps may be named in Section 1983 lawsuits. {Owen v. City of Independence, 445 U.S. 622 (1980)}: further clarified that municipalities, as well as individuals,

could be held liable under § 1983 for constitutional violations, and that municipalities are not immune from liability for damages under § 1983. {Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)}: In this case, the Supreme Court established a two-part test for determining whether a private party's conduct could be considered state action for the purposes of § 1983. The Court held that the conduct must be fairly attributable to the state, and that the private party must have acted under the color of state law. {Richardson v. McKnight, 521 U.S. 399 (1997)}: private corporations are not immune.  Government actors don't necessarily have to be directly included as Defendant(s). {Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970)}: ... ~ private parties can be held liable via § 1983 for conspiring w/state officials to deprive someone of constitutional rights. **Applications including consideration of 'Color of' Federal law**: {Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)}.  This case established that individuals have a right to bring a federal Civil Rights action for damages against officials who have violated their 4th Amendment rights.  'Bivens' has also been applied against private companies acting under 'Color of' Federal law:  {Sarro v. Cornell Corrections, Inc., 248 F.Supp.2d 52,59 (D.R.I. 2003)} (which also held that held private companies can be held liable via Bivens, especially when there is no alternative remedy against them).  Plaintiff believes that these are in line with 'joint and several liability' concepts, and that parties should be able to join other Defendants if necessary or appropriate for fair distribution of responsibility.

5)   In further precedent such as {Levine v Katz 192 P 3d 1008 (2006)}(II) Colorado Court of Appeals considered it an error to 'dismiss for lack of subject matter jurisdiction', holding that Plaintiff must be provided a 'forum in which to obtain legal redress'.[DNPC#21PR30635:.07.30][Doc 24 p6]

6)   The argument in favor of a preliminary injunction is supported by C.R.C.P Rule 365, according to which injunctions may be granted in Colorado counties if after: "(c)(1) (a) it clearly appears from specific facts shown by affidavit or by the verified complaint or by testimony that immediate and irreparable injury, loss, or damage will result to the plaintiff before the adverse party or the party's attorney can be heard in opposition, and (b) the plaintiff or the plaintiff's attorney certifies to the court in writing or on the record the efforts, if any, which have been made to give notice and the reasons sup-

porting a claim that notice should not be required". Further, {Rathke v. MacFarlane (State of Colorado), 648 P.2d 648 (Supreme Court of Colorado, 1982)} established six factors for evaluation of injunctions in Colorado, which Plaintiff believes have been met <see below>.

7) Precedents that could potentially support the use of judicial inference in these filings: {Ashcroft v. Iqbal, 556 U.S. 662 (2009)}: This case established that a plaintiff can plead sufficient factual content that allows the court to draw a reasonable inference that the defendant may be held liable for the alleged misconduct. {United States v. Simpson, 813 F.3d 706 (8th Cir. 2016)}: Held that judicial inference may be used to draw reasonable inferences from circumstantial evidence, as long as those inferences aren't merely based on speculation or conjecture. Plaintiff believes that the evidence, and references to the Public Record, should thus receive Judicial Notice during evaluation (i.e. FRCP 201(b)).

8) Plaintiff believes that access to personal property should be supported by such laws as: easements (i.e. CRS Title 38) i.e. by prior use and/or estoppel {Lobato v. Taylor, 71 P.3d 938}: ... are implied or inferable, referring further to: (see also {Wright v. Horse Creek Ranches, 697 P.2d 384, 387-88 (Colo. 1985)} (noting that an easement may be established by "necessity; by preexisting use; by express or implied grant; or by prescription")); {Wagner v. Fairlamb, 151 Colo. 481, 484, 379 P.2d 165, 167 (1963)} (noting that implied easements are "not expressed by the parties in writing, but … arise out of the existence of certain facts implied from the transaction")}]. For a "An Overview of Colorado Easement Law" {Ref: https://cl.cobar.org/features/an-overview-of-colorado-easement-law/},

9) Plaintiff's research indicates that there also appears to be ample case precedent for amendation of complaints when additional damages or causes (which may have not been determinable at the start {Foman v. Davis, 371 U.S. 178 (1962)}: This Supreme Court case ruled that leave to amend a complaint should be "freely given when justice so requires," allowing for the possibility of adding additional claims or causes of action based on new information. {Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277 (10th Cir. 2013)}: This Tenth Circuit case dealt with pleading standards for patent infringement claims but has implications for amending complaints. The court held that "a plaintiff must provide some factual basis for its claims, but need not allege every supporting fact.".

{<u>Gray v. Phillips Petroleum Co., 971 F.2d 591 (10th Cir. 1992)</u>} - The 10th Circuit affirmed the district court's decision to allow the plaintiff to amend the complaint after the statute of limitations had run, based on the discovery of new information during the course of litigation.  {<u>Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537 (10th Cir. 1977)</u>} In this case, the court held that a party may amend their pleadings when justice so requires, even when new issues are introduced or when the opposing party may be prejudiced, as long as the prejudice is not undue.

10) NFPA 921 establishes standards for testing of substances which may have caused a fire (i.s. Chapter 4,16,<u>17.5.4</u>,18), indicating that Defendant(s) apparent refusals to test appear unwarranted. (i.e. Substances used supposed to comply with NFPA 101, Ch. 10: Exterior Wall Finish, and/or NFPA 5000, Chapter 8 Fire-Resistance-Rated Construction and/or Ch. 14: Exterior Walls, and/or Ch. 34: Egress). CERCLA, 42 U.S.C. § 9601 et seq establishes a broad framework for the identification, investigation, and cleanup of hazardous substances.  Under current U.S. Law, enforcement authority is granted to the **President of the U.S.A.,** who delegates this authority to the Environmental Protection Agency (EPA).

11) Plaintiff hasn't yet received results from requested investigations (or ~discovery requests there-of), into HOA ownership/agent changes*, or chemical analyses of building construction components.

12) In {<u>United States v. James Daniel Good Real Property, 510 U.S. 43 (1993)</u>}, the U.S. Supreme Court held that the government must provide an opportunity for a pre-seizure hearing for property that is ~ subject to forfeiture, to ensure that a resident's property rights are protected.

**[APPLICATION]**

Plaintiff is of the belief that: immediate and irreparable injury, loss, and/or damage of the sorts outlined in the complaint may result to the Plaintiff if Defendant(s) are allowed to continue in their course of action. Plaintiff has supplied a verified action for replevin, and evidence, which it believes should satisfy FRCP 65, and CRCP Rule 365's requirements for an injunction. Further that Plaintiff's complaint should succeed on the merits. Moreover, that the first four factors requested by the precedent of Rathke v. MacFarlane have been illustrated on the Motion for Preliminary Injunction; the fifth factor, that "the balance of the equities favors entering an injunction," can most

likely be shown to be met in this case by comparing the potential loss of Plaintiff's property to that of the cost of delay (none of which Plaintiff believes should have been necessary if the City or HOA had facilitated recovery earlier). The sixth Rathke factor, "that the injunction will preserve the status quo pending a trial on the merits," would clearly have been easily met if the City or HOA had allowed access to the property as requested, months ago. Plaintiff's personal property is in jeopardy (which property has received valuations in excess of the HOA's insurance limits alone), and assurances of full reimbursement , even of those items deemed 'replaceable' have not yet been satisfactorily provided by parties. Any samples for chemical testing of building materials should be acquired before demolition. Plaintiff believes that the apparent Civil Rights, and/or Unjust Takings violations should also provide a basis for injunctive relief, and that issues such as these, and others outlined in the complaint, provide clear evidence of injustice that should be addressed before demolition may be allowed; further, that Defendant(s) are clearly attempting to obstruct Plaintiff's rights under U.S. law, including to due process, in deciding these matters.

**[CONCLUSION]**

In conclusion, Plaintiff's believes to have demonstrated through analysis of relevant precedents that Plaintiff's civil rights have been violated by the Defendant(s)' actions, which have unlawfully prevented the Plaintiff from accessing possessions in the fire-damaged condominium, and that there is legal basis which supports his actions and requests. The policy implications of the Court's decision are critical, as a ruling in favor of Plaintiff would not only protect Plaintiff's rights but also serve as a deterrent against similar violations in the future. We hereby request that the Court should grant Plaintiff's complaint for replevin recovery and send a clear message that violations of Civil and/or Property Rights will not be tolerated, and any associated damages or other appropriate relief."

[Plaintiff believes that time is of the essence in at least the Replevin Action of this Complaint, and thus has provided this initial brief with the intention of amending later (Rule 15) or as allowed]

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)   Date:   5.03.2023

Address:  1750 30th St Suite A338, Boulder CO 80301                Phone:   303-351-4239