| | |
|---|---|
| ☐ District Court  ☐ Boulder County  ☐ Boulder Municipal Court<br>■ Federal Court<br>Address: 901 19th Street, Denver, CO 80294 | **FILED**<br>**UNITED STATES DISTRICT COURT**<br>**DENVER, COLORADO**<br>*1:09 pm, May 03, 2023*<br>**JEFFREY P. COLWELL, CLERK** |
| Plaintiff:             David William Dacres Shaver<br>Vs. Defendant(s):  Whittier Condominiums HOA,<br>                           (City of Boulder Sent Notice) | |
| | Δ COURT USE ONLY Δ |
| 'Pro Se' Party/Not member of Colorado Bar (Name and Address)<br><br>David William Dacres Shaver<br>1750 30th St Suite A338, Boulder CO 80301<br>Phone Number: 303-351-4239 eMail:davidwshaver@yahoo.com | Case Number:<br><br>**23-cv-00645-NYW** |

**Response and Motion to Stay/Extend Termination /Order of 4.12 pending Intended Appeal Outcome**

A) After review of this Court's Order of 4.12+, Plaintiff, and his advisors believe, with what they think is significant researched® basis for such belief, that all of this Court's positions against the original Complaint are arguable in the circumstances. Further, in particular, now having even involved an outside consultant (who, within hours, with a couple of extra pointers and precedents*, also appeared likely to be willing to provide a professional opinion to that effect, for ~1/3 of the fee Plaintiff paid to this Court for evaluation, if this court would care to remit such), all are still of the opinion and belief that subject matter jurisdiction should be logically and/or legally determinable from provided filings.

B) Plaintiff is submitting, along with this filing, an updated 'Brief in support of Complaint...' inclusive of said precedents*, in order that this Court may factor its findings into its own consideration. Further supplied are a few extra Exhibits which were not included with original filings, due to Plaintiff's concerns which had been raised by failures in prior court cases to provide for sealed or restricted information (even exposing exhibits in some cases [Jeffco Case#21C417] when I was assured the policy was that such be destroyed if not sealed as requested). It appears to this Plaintiff that, unless the exhibits he supplied are being provided with the level of security that he requested (which does not appear to comport with the reported 'restricted' access level said to have been applied), this court has likewise failed, and apparently is not ~worthy of being trusted with information that he personally gave others assurances to keep confidential. Plaintiff considers that certain information on the [Exh N] supplied to Corvel should be treated in accordance with confidentiality agreement section+terms of [Exh J].

C) Plaintiff also believes that: **1)** If after it may be determined that there may have been significant damages to his personal property, certain parties should be joined as Defendant(s), who are effectively in abrogation or Breach of Contract of Native American Treaties [Exh G p5] (which the Federal Court System would also cumulatively be considered to be in breach of, upon any unjust resolution).

**2)** Given that one of the 'Board' of the HOA is currently shown in publicly available records as having a Canadian address (though Defendant's attorney hasn't responded to recent explicit requests for related Discovery), this could potentially contribute to additional diversity jurisdiction basi(e)s.

D) However, said research® also indicates that this Court may likely not be in a position to do anything about certain rules or applications itself.  In particular, it appears that addressing some of these issues may require the involvement of Higher Courts under the circumstances of this case; in particular: **1)** The 'well pleaded complaint rule's interpretations vs. the actual letter & intents of the 1875 Act from which it reportedly claims its empowerment,  **2)** 'Artful pleading' doctrine's logical applicability. **3)** Contributions of jurisdictional basi(e)s from issues or Defendant(s) which should be necessarily raised or joined as a direct immediate consequence of personal property damage, or otherwise ~guaranteed events. **4)** The apparent lack of Rules preventing gender discrimination in judicial selection, in line with intents of Title VII of the Civil Rights Act of 1964.  **5)** Modifications of such tests as Grable/Gunn incorporating potential changes i.e. in such cases of ~ otherwise an apparently effective failure to consider a case, or provide a forum. **6)** The claimed necessity to add additional explicit causes for 'Civil Rights' up front, when entities clearly acting under 'Color of' state or federal law directly interfered. **7)** Reputedly 'Unsettled Jurisprudence' by the Supreme Court on Private legal invocations of Treaties. **8)** Apparent representations that entities can't be considered as acting under 'Color of' Federal law, in circumstances which require applications of federal environmental laws (i.e. those which claim their empowerment via the President of the United States). **9)** Request: all ~30 FRCP 20 joinders be joined?

**Plaintiff** hereby **Provides Notice** that he **Intends Appeal** of these or other ~**Order Issues**

**WHEREFORE**, It appears to Plaintiff via his research that evaluations &| adjustments of some of these issues may require the involvement of Higher Courts, potentially even unto the U.S. Supreme Court via certiorati review, and thus Plaintiff respectfully requests, God willing, that this Court, after consideration of the additional filings submitted along with, and reconsideration of case filings thereby, in support of these Motions, it should preferably Stay its Order i.e. terminating Plaintiff's case (&| provide for support for any 'Interlocutory Appeal'/certifications {i.e. via 28 U.S.C. § 1292(b)} which may be necessary or appropriate in such an instance), &| Extend deadlines for Amendment of Complaint or other Filings until or for determination of Appeal outcome(s), &| for any other necessary &| just &| appropriate relief.

Signature of 'Plaintiff': _/s/David W Shaver_   (PRO SE)   Date: ____5.03.2023____

Address: __1750 30th St Suite A338, Boulder CO 80301__          Phone: __303-351-4239__