**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00645-NYW

DAVID WILLIAM DACRES SHAVER,

    Plaintiff,

v.

WHITTIER CONDOMINIUMS HOA,

    Defendant.

---

## ORDER

---

This matter is before the Court on the Response and Motion to Stay/Extend Termination/Order of 4.12 Pending Intended Appeal Outcome (the "Motion" or "Motion for Interlocutory Appeal") filed on May 3, 2023 by Plaintiff David William Dacres Shaver ("Plaintiff" or "Mr. Shaver") [Doc. 32]. The Court has reviewed Plaintiff's Response, the entire docket, and the applicable case law. Because Plaintiff has not established that interlocutory review is appropriate in this matter, it is **ORDERED** that the Motion for Interlocutory Appeal is **DENIED**. And because Plaintiff has not filed an amended pleading by the Court's May 3, 2023 deadline, it is **ORDERED** that the Clerk of Court shall **TERMINATE** this case.

## BACKGROUND

This Court set out the factual and procedural background of this case in a prior Order, *see* [Doc. 27], and does so again here only as necessary for purposes of this Order. Mr. Shaver initiated this civil action on March 13, 2023 against Defendant Whittier Condominiums HOA ("Defendant"). *See* [Doc. 1]. The Complaint states that "[t]his is an action to recover possession

of personal property and/or damages." [*Id.* at 1]. On March 14, 2023, this Court entered an Order to Show Cause directing Plaintiff to show cause why his case should not be dismissed without prejudice for lack of subject matter jurisdiction. *See* [Doc. 16]. The Court noted that the Complaint does not clearly allege any violation of federal law or assert another basis for federal jurisdiction. [*Id.* at 2 n.2 (noting that Plaintiff did not invoke diversity jurisdiction), 3]. And while the Court acknowledged that other filings in this case suggested that Plaintiff believes his constitutional rights have been violated, *see, e.g.*, [Doc. 9 at 3], the Court noted that "Plaintiff does not allege that Defendant is a government actor, and it does not appear plainly on the face of the Complaint that it is." [Doc. 16 at 4].

Mr. Shaver responded to the Order to Show Cause on March 31, 2023, raising numerous purported bases for the Court's subject matter jurisdiction. *See* [Doc. 24]. The Court went through each asserted jurisdictional basis and explained why each was insufficient to establish the Court's subject matter jurisdiction. *See* [Doc. 27 at 6–13]. Because the Court lacked subject matter jurisdiction over the case, the Court dismissed Plaintiff's Complaint without prejudice, but *sua sponte* granted Plaintiff leave to file an amended pleading within 21 days of the Court's Order— or May 3, 2023. [*Id.* at 13]. In so doing, the Court explained to Plaintiff the pleading requirements set forth in Rule 8. [*Id.* at 13–14]. The Court also expressly advised Plaintiff that "**if he declines to file an amended complaint by the Court's deadline, the Court will direct the Clerk of Court to terminate this case.**" [*Id.* at 13 (emphasis in original)].

Mr. Shaver did not file an amended pleading by the Court's deadline; instead, he filed the Motion for Interlocutory Appeal. Therein, he asserts that "Plaintiff, and his advisors believe, with what they think is significant researched® [sic] basis for such belief, that all of this Court's positions against the original Complaint are arguable in the circumstances." [Doc. 32 at 1]. He

2

states that he is "still of the opinion and belief that subject matter jurisdiction should be logically and/or legally determinable from provided filings." [*Id.*]. And he posits that "it appears that addressing some of these issues may require the involvement of Higher Courts under the circumstances of this case." [*Id.* at 2]. Thus, Plaintiff "Provides Notice that he Intends [to] Appeal of these or other ~Order Issues [sic]." [*Id.* (emphasis omitted)]. Plaintiff requests that the Court

> Stay its Order i.e. terminating Plaintiff's case (&| provide for support for any 'Interlocutory Appeal'/certifications {i.e. via 28 U.S.C. § 1292(b)} which may be necessary or appropriate in such an instance), & Extend deadlines for Amendation [sic] of Complaint or other Filings until or for determination of Appeal outcome(s), &| for any other necessary &| just &| appropriate relief.

[*Id.*]. Accompanying the Motion is a Brief in Support of Complaint for Replevin +/ Preliminary Injunction, *see* [Doc. 31], which Plaintiff states is "inclusive of said precedents*, in order that this Court [sic] may factor its findings into its own consideration." [Doc. 32 at 1]. The Court construes the Motion as requesting certification of this case for interlocutory appeal and a corresponding extension of time to file an amended pleading.

## ANALYSIS

Under 28 U.S.C. § 1292, a district court may certify an issue for interlocutory appeal if three criteria are met: (1) the order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A district court has discretion in determining whether to certify an order for interlocutory appeal." *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, No. 09-cv-00858-WJM-MEH, 2011 WL 1882829, at *2 (D. Colo. May 17, 2011). However, interlocutory appeals are "traditionally disfavored." *Vandiver v. MG Billing Ltd.*, No. 21-cv-02960-CNS-MDB, 2023 WL 3247286, at *1 (D. Colo. May 4, 2023). This is because interlocutory appeals "are necessarily 'disruptive, time-consuming, and

3

expensive' for the parties and the courts." *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)); *see also Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010) (noting that an interlocutory appeal may "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions"). Thus, courts only certify issues for interlocutory appeal in exceptional circumstances. *Vandiver*, 2023 WL 3247286, at *1.

Mr. Shaver raises no substantive argument under § 1292(b) and does not explain why the statute's three criteria are met here. *See generally* [Doc. 32]. Although Mr. Shaver proceeds pro se and is entitled to a liberal construction of his filings, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), the Court cannot act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, the Court cannot raise arguments on behalf of Mr. Shaver that he does not raise himself. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself.").

In any event, the Court cannot conclude that this case presents the exceptional circumstances necessary to permit an interlocutory appeal. First, Mr. Shaver has not explained why this case involves a "substantial ground for difference of opinion," as required by § 1292(b). This Court explained to Plaintiff, in detail, why all of his asserted bases for subject matter jurisdiction are insufficient to establish the Court's jurisdiction over this case. [Doc. 27 at 6–13]. Specifically, the Court explained that many of the federal laws cited by Plaintiff in his Response to the Order to Show Cause are absent from his Complaint, *see* [*id.* at 8–9], and many of the federal-law doctrines cited by Plaintiff are not independent bases of federal jurisdiction. [*Id.* at 9–

4

11]. Furthermore, Plaintiff has not demonstrated that this state-law case involves a substantial question of federal law. [*Id.* at 11–13]. In reaching these conclusions, the Court relied on settled Tenth Circuit and Supreme Court precedent. *See* [*id.* at 6–13]. While Plaintiff states that he and "his advisors" disagree with the Court's conclusions, *see* [Doc. 32 at 1], mere disagreement with the Court's decision is insufficient to demonstrate a substantial ground for difference of opinion. *See Diaz v. King*, No. CV 14-1086 KG/SCY, 2016 WL 8925344, at *3 (D.N.M. Jan. 13, 2016) ("Plaintiff's mere disagreement with the Court's Order of Partial Dismissal does not constitute a substantial ground for difference of opinion."); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (explaining that a "substantial ground for difference of opinion" may exist where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." (quotation omitted)). This case does not involve an unsettled question of law, but instead the simple question of whether Plaintiff has demonstrated a basis for this Court's subject matter jurisdiction over a replevin action asserted under state law. Mr. Shaver has not demonstrated a substantial ground for difference of opinion warranting an interlocutory appeal.

Furthermore, the Court does not believe that an interlocutory appeal would materially advance the outcome of this litigation. It is clear to the Court that despite this Court's dismissal of Plaintiff's Complaint and *sua sponte* grant of leave to file an amended pleading, Mr. Shaver does not intend to file an amended complaint to cure the jurisdictional defects identified by the Court, and instead seeks review of the Court's Order by a higher court. It would not be in the interest of judicial economy to certify the case for interlocutory appeal, which would effectively

stay this case pending the outcome of the appeal, leaving a dormant case—over which this Court has concluded it lacks subject matter jurisdiction—on this Court's docket. *See Gometz v. Knox*, No. 07-cv-01734-BNB, 2007 WL 2986165, at *1 (D. Colo. Oct. 9, 2007) (denying request for interlocutory appeal where the plaintiff "assert[ed] that he ha[d] no intention of complying with Magistrate Judge Shaffer's order to cure the deficiencies" in his complaint and instead sought an interlocutory appeal). The more appropriate option, which was expressly communicated to Plaintiff in the Court's prior Order, is to direct the Clerk of Court to terminate this case, given the dismissal of Plaintiff's Complaint, the Court's lack of subject matter jurisdiction over this case, and Mr. Shaver's failure to file an amended pleading by the Court's deadline. Should Mr. Shaver seek to appeal the Court's dismissal, he is free to file a notice of appeal. *See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001) ("Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of the case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable."); *cf. Interstate Med. Licensure Compact Comm'n v. Bowling*, No. 20-cv-02942-CMA-NRN, 2023 WL 2018902, at *4 (D. Colo. Feb. 15, 2023) ("Ms. Bowling is certainly entitled to appeal the final decision in this case, but the Court will not go against Congress's will by allowing an interlocutory appeal solely because a party intends to file an appeal in the future."). Stated differently, because an order closing the case would lead to the same result—an appeal of the Court's Order—as an order certifying the issue for interlocutory appeal, certification would not "materially advance" the resolution of this litigation, as required under § 1292(b).

Finally, insofar as Mr. Shaver requests an extension of time to file an amended pleading, the basis for this request is solely to permit him to file an interlocutory appeal of this Court's Order

dismissing his Complaint without prejudice. *See* [Doc. 32 at 2 (requesting that the Court "Extend deadlines for Amendation [sic] of Complaint or other Filings until or for determination of Appeal outcome(s)")]. Because the Court finds no basis to permit an interlocutory appeal, and because Mr. Shaver has made clear that he does not intend to file an amended pleading prior to appellate review of this Court's dismissal of the Complaint, the Court declines to grant an extension of Mr. Shaver's deadline to file an amended pleading.

Accordingly, the Court will **DENY** the Motion for Interlocutory Appeal. Because this Court has already dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction, and because Mr. Shaver has not filed an amended pleading by the Court's deadline, it is further **ORDERED** that the Clerk of Court shall **TERMINATE** this case.

## CONCLUSION

For the reasons set forth herein, it is hereby **ORDERED** that:

(1) The Response and Motion to Stay/Extend Termination/Order of 4.12 Pending Intended Appeal Outcome [Doc. 32] is **DENIED**; and

(2) Because Plaintiff's Complaint has been dismissed without prejudice for lack of subject matter jurisdiction, and because Plaintiff has not filed an amended pleading by the Court's deadline, the Clerk of Court is **DIRECTED** to **TERMINATE** this case; and

(3) A copy of this Order shall be sent to:

David William Dacres Shaver
1750 30th Street
#A338
Boulder, CO 80301

DATED: May 9, 2023                         BY THE COURT:

_____
Nina Y. Wang
United States District Judge

8