FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

January 2, 2024

Christopher M. Wolpert
Clerk of Court

_____

DAVID WILLIAM DACRES SHAVER,

    Plaintiff - Appellant,

v.

WHITTIER CONDOMINIUMS HOA,

    Defendant - Appellee.

No. 23-1197
(D.C. No. 1:23-CV-00645-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

David William Dacres Shaver, proceeding pro se, appeals the district court's sua sponte dismissal of his lawsuit for lack of subject-matter jurisdiction. He also challenges certain procedural orders. Exercising jurisdiction under 28 U.S.C. § 1291,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we affirm except we remand for further proceedings on Mr. Shaver's motion to seal certain materials.[1]

## I. BACKGROUND

This case concerns the aftermath of a fire at the Whittier Condominiums where Mr. Shaver lived in the City of Boulder. In his complaint, Mr. Shavers alleged that a police officer ordered him to evacuate immediately, he left behind personal property, the City has prevented him and other residents from returning to collect their property, and the City planned to tear down the damaged buildings.

Mr. Shaver's complaint attempted to assert a replevin claim against the Whittier Condominiums HOA. For federal jurisdiction, he invoked Federal Rule of Civil Procedure 64 (governing seizure of persons or property to secure a potential judgment) and Colorado Revised Statutes § 13-6-104(1) (governing Colorado county court jurisdiction). He also stated that "the issues involve interpretations of the U.S. Constitution's 4th, 5th and 14th amendments (pursuant to 28 U.S.C. § 1331)." R. at 5.[2]

The district court ordered Mr. Shaver to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. In response, he pointed to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545

---

[1] Because Mr. Shaver appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] Mr. Shaver did not sue the City of Boulder, though he sent the City a notice of claim.

U.S. 308 (2005), which described when "federal-question jurisdiction will lie over state-law claims [between nondiverse parties] that implicate significant federal issues," *id.* at 310, 312.  He said the significant federal issues would be "[t]he interpretation and application of the 4th, 5th, and 14th Amendments in cases involving the wrongful detention of property [which] implicate the balance between individual rights and the interests of property owners."  ROA at 33.  He also asserted that because his allegations demonstrated the HOA was acting under color of state law, 42 U.S.C. § 1983 could provide jurisdiction.  He further invoked the Declaratory Judgment Act, 28 U.S.C. § 2201.

The district court rejected these arguments.  It found no likelihood under *Grable* that federal constitutional issues would arise in a property dispute between two private actors and that the case would otherwise be too fact-bound to create a significant federal issue.  The court said his allegations did not show the HOA had acted under color of state law and concluded that "he cannot rely on section 1983 as a basis for federal jurisdiction."  ROA at 47.  Finally, following case law, it said the Declaratory Judgment Act is not a basis for jurisdiction.

The district court thus held it did not have subject-matter jurisdiction and dismissed the complaint without prejudice, allowing Mr. Shaver three weeks to file an amended complaint.  It warned that failure to file a timely amended complaint would end the case.

Instead of filing an amended complaint, Mr. Shaver moved for authorization to file an interlocutory appeal. The district court denied his motion and entered final judgment.[3] This appeal followed.

## II. DISCUSSION

Mr. Shaver challenges the district court's dismissal of his complaint for lack of jurisdiction. He also raises several other issues. We address only those arguments that Mr. Shaver makes in his appellate briefing.[4]

### A. *Subject-Matter Jurisdiction*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). We review such a dismissal de novo. *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1115 (10th Cir. 2023).

1. **Section 1983**

The district court said § 1983 could not support jurisdiction because Mr. Shaver had failed to allege the HOA was a state actor or was otherwise acting

---

[3] The HOA had not made an appearance by this point.

[4] In his brief, Mr. Shaver attempts to incorporate arguments made in the district court. *See, e.g.*, Aplt. Br. at 6 ("Overall, this appeal seeks to cover the majority of appealable points raised in [a particular district court filing], the others appearing inferrable [sic] hereby."); *id.* at 7 ("The District Court Judge's objections against Appellant's filings generally appear . . . refuted by subsequent filings[] [and] supplied precedents . . . ."). Merely referring to district court filings does not adequately present a claim of error on appeal. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998).

under color of law.  We prefer to affirm on a more direct ground, namely, Mr. Shaver never pled a § 1983 cause of action.  In his brief, Mr. Shaver says the civil cover sheet filed with his complaint "clearly states 'violations of 42 U.S.C. 1983,'" Aplt. Br. at 6, but it did not.  In the box requiring the plaintiff to cite the statutory basis of the claim, Mr. Shaver wrote, "Common Law:  Replevin (FRCP Rule 64 and/or 65), potentially with Preliminary Injunction (CRCP Rule 104 and/or 3."[5]  ECF No. 1-1 § VI.[6]  And in the box requiring a brief description of the claim, he wrote, "Initial Cause of Action is Replevin of ~Seized Property in Unit."  *Id.*  Nowhere did he reference § 1983 on the cover sheet or in the complaint.

Although Mr. Shavers briefly referred to § 1983 in his response to the order to show cause, § 1983 was absent from his complaint, and he failed to amend.  Thus, § 1983 does not provide subject-matter jurisdiction.  We affirm on this alternate ground.[7]

---

[5] He seems to have run out of space in the fillable form field.

[6] We grant Mr. Shaver's motion to supplement the record as to ECF No. 1-1, ECF No. 2, and ECF No. 25.  The Clerk of Court shall create a supplemental record, volume II, containing these documents.  We otherwise deny the motion to supplement.

[7] "[W]e may affirm on any basis supported by the record, even if it requires ruling on arguments not reached by the district court or even presented to us on appeal." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011).

2. *Grable*

Mr. Shaver alleged that his case implicated various federal constitution provisions. He argued to the district court and argues here that *Grable* thus supports jurisdiction. We disagree.

*Grable* cases comprise a "special and small category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). For jurisdiction, they generally require an important, unresolved issue of federal law that will inevitably arise, and once resolved, will govern numerous later cases. *Id.* at 700. Mr. Shaver never explains how his suit against the HOA would raise such an issue. We thus affirm the district court's conclusion that *Grable* does not support subject-matter jurisdiction.

3. **Declaratory Judgment**

As to the Declaratory Judgment Act, the district court correctly held that the "Act does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).

\* \* \* \*

We affirm the district court's sua sponte dismissal of Mr. Shaver's complaint for lack of subject-matter jurisdiction.[8]

---

[8] We do not reach Mr. Shaver's argument about whether he properly served the HOA with process. Because the district court lacked jurisdiction, the matter is moot.

B. *Other Issues*

1. **Recusal**

In his response to the district court's order to show cause, Mr. Shaver claimed the court was "unduly burdening [him] . . . with basic research" and had "displayed impatience" by issuing the order, ROA at 36, 37, and then asked the district judge to recuse herself. She denied this request, noting the court had an affirmative duty to determine whether it had subject-matter jurisdiction.

"We review the denial of a motion to recuse for an abuse of discretion." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). The district court properly raised and addressed whether it had jurisdiction. We discern no abuse of discretion and affirm.[9]

2. **Motion to Seal**

Mr. Shaver filed several exhibits in support of his complaint, some of them under seal. He also filed a motion to seal. One sealed exhibit, "Exhibit J," was too big to upload, so he mailed a flash drive to the district court clerk's office, which accepted the flash drive and stored it in a filing cabinet.

When the district court dismissed Mr. Shaver's complaint, it denied pending motions "as moot," including the motion to seal. ROA at 54. Mr. Shaver now argues the court left his sealed information "unprotected." Aplt. Br. at 13.

---

[9] On recusal, Mr. Shaver also mentions the district judge's gender and ethnic background. He never raised these matters below and his arguments are wholly without merit.

Apart from Exhibit J, the district court docket shows the materials remain sealed despite the district court's denial of the motion to seal. The docket entry does not say whether Exhibit J is sealed.

The sealed status of these materials needs clarification. We vacate the denial of the motion to seal and remand for further proceedings on this issue.[10]

3. **State-Court Lawsuits**

Shaver apparently has two ongoing lawsuits in Colorado state court having to do with the property of his late father. In his brief, he asks this court to create a single, consolidated proceeding in which all issues from his state and federal lawsuits may be resolved. We are not aware of any authority permitting such relief, so we reject this request.

4. **Objections to Refusal to Consolidate**

While this appeal was pending, Mr. Shaver received a federal jury summons, which he perceived as harassment or retaliation for bringing this appeal. He filed a mandamus petition to quash the jury summons, which became No. 23-1258. He then filed a motion to consolidate this appeal (No. 23-1197) with the mandamus proceeding. The Clerk of Court denied the motion to consolidate, and the mandamus proceeding has since been dismissed for lack of prosecution.

---

[10] Mr. Shaver also points out documents he filed in the district court that he marked "Intended Sealed," *see, e.g.*, Suppl. ROA, Vol. I at 5, and says these also should be sealed. Because he did not file a motion to seal them, we do not discuss them.

Mr. Shaver has filed two "objections" to the Clerk's order denying his motion to consolidate. We construe them as motions to reconsider and deny them as moot in light of our affirmance of the dismissal for lack of subject matter jurisdiction.

## III. **CONCLUSION**

We (1) affirm the district court's dismissal for lack of subject matter jurisdiction, (2) affirm the district court's denial of Mr. Shaver's recusal motion, (3) vacate its denial of Mr. Shaver's motion to seal and remand for further consideration consistent with this opinion, (4) reject Mr. Shaver's request to consolidate his state-court lawsuits with this appeal, and (5) deny as moot Mr. Shaver's two "objections" to the Clerk of Court's order denying his motion to consolidate.

                Entered for the Court

                Scott M. Matheson, Jr.
                Circuit Judge