## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00645-NYW

DAVID WILLIAM DACRES SHAVER,

    Plaintiff,

v.

WHITTIER CONDOMINIUMS HOA,

    Defendant.

## MINUTE ORDER

Entered by Judge Nina Y. Wang

    This matter is before the Court pursuant to the partial remand and Mandate of the United States Court of Appeals for the Tenth Circuit [Doc. 43; Doc. 44] on the "Unsealed Motion for Suppressing or Sealing" and the "(Intended) Sealed Memorandum in Support of Sealing" (collectively, the "Motion" or "Motion to Restrict") filed by Plaintiff David William Dacres Shaver ("Plaintiff" or "Mr. Shaver"). [Doc. 2; Doc. 3]. Mr. Shaver moves this Court for "an Order to allow documents to be filed with suppressed or sealed status." [Doc. 2 at 1].

    "Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute." *JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs of Cnty. of Montrose*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the Court "weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*,

616 F.2d 458, 461 (10th Cir. 1980)).  The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process."  *JetAway*, 754 F.3d at 826 (quotation and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617 F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required).  "[A] generalized allusion to confidential information" is insufficient, as is the bare reliance on the existence of a protective order pursuant to which the documents were filed.  *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction).  But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); private or personally identifiable information, Fed. R. Civ. P. 5.2; or information that otherwise invades privacy interests, *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2.  Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing.  The party must:  (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate.  D.C.COLO.LCivR 7.2(c)(1)–(4).

In the Motion to Restrict, Plaintiff seeks docket restriction of (1) an affidavit wherein Plaintiff details his experiences with a particular law firm, [Doc. 4]; (2) a list of Plaintiff's withheld property, [Doc. 5], some of which Plaintiff contends "[is] of a sensitive nature, to which not all citizens would agree," [Doc. 3 at 1]; (3) a "Recovery Map" that appears to detail Plaintiff's condo and the property therein, [Doc. 6], which Plaintiff says "might be considered sensitive, until recovery," [Doc. 3 at 1]; and (4) a screenshot of an article in The New York Times dated March 21, 2000 discussing a software company's purchase of another software company, [Doc. 7].

In addition, Plaintiff references an "Astrobyte–Extensis 'AGREEMENT AND PLAN OF MERGER,'" which he states "contains a number of references indicating that portions thereof are considered confidential or privileged." [Doc. 3 at 1].  The Court observes that Plaintiff is referencing a conventionally submitted flash drive marked as Exhibit J.  *See* [Doc. 26].  The Court notes that, when Parties obtain restriction over conventionally submitted materials, the District of Colorado's Clerk's Office places the conventionally submitted materials in a sealed room.

While not readily apparent, with respect to the affidavit, the property list, the recovery map, and Exhibit J, the Court will give Plaintiff the benefit of the doubt that these

documents contain information that is sensitive in nature given that Mr. Shaver refers to express confidentiality agreements with third parties.  *See* [Doc. 2 at 1].  Accordingly, the Motion to Restrict is **GRANTED** with respect to these documents.  The Clerk of Court is directed to maintain Level 1 Restriction of [Doc. 4; Doc. 5; and Doc. 6], and place [Doc. 26] in the sealed room.

However, the Court cannot conclude thar restriction is appropriate for the article from *The New York Times*, which is a publicly accessible newspaper article that has seemingly been available to the public for nearly 24 years.  *See* Dow Jones, *Company News; Imagex.com to buy creativepro.com, software rival*, N.Y. Times, Mar. 21, 2000, https://www.nytimes.com/2000/03/21/business/company-news-imagexcom-to-buy-creativeprocom-software-rival.html.  "Matters already made public will not be sealed after the fact absent extraordinary circumstances." *Deschenes Consulting LLC v. Nu Life Mkt. LLC*, No. 19-cv-03465-RM-SKC, 2020 WL 2747702, at *4 (D. Colo. May 27, 2020), and Plaintiff raises no argument clearly explaining why this public newspaper article should be restricted on the Court's docket, *see* [Doc. 2; Doc. 3].  Indeed, "however confidential it may have been beforehand, subsequent to publication it was confidential no longer." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004).  The Court "simply do[es] not have the power . . . to make what has thus become public private again." *Id.* Accordingly, the Motion to Restrict is **DENIED** to the extent it seeks restriction of the news article, and the Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 7].

Accordingly, **IT IS ORDERED** that:

(1) The "Unsealed Motion for Suppressing or Sealing" [Doc. 2] is **GRANTED in part** and **DENIED in part**;

(2) The Clerk of Court is directed to maintain Level 1 Restriction over [Doc. 3; Doc. 4; Doc. 5; and Doc. 6], and place [Doc. 26] in the sealed room;

(3) The Clerk of Court is **DIRECTED** to **UNRESTRICT** [Doc. 7];

(4) Because the claims in this matter have been dismissed and the Court has complied with the directive of the Tenth Circuit's Order, [Doc. 43], the Clerk of Court is directed to **CLOSE** this case;

(5) A copy of this Minute Order shall be sent to:

David William Dacres Shaver
1750 30th Street
#A338
Boulder, CO 80301

DATED:  January 30, 2024